UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BUERGOFOL GMBH,<br><br>Plaintiff,<br>vs.<br><br>OMEGA LINER COMPANY, INC.,<br><br>Defendant. | 4:22-CV-04112-KES<br><br>ORDER DENYING MOTION TO COMPEL |

Plaintiff, Buergofol GmbH, alleges that defendant, Omega Liner Company, Inc., has infringed two of its patents. Docket 1. Buergofol moves to compel responses to five interrogatories and seven requests for production. Dockets 42, 43. Omega opposes the motion on the merits and because it argues Buergofol failed to meet and confer in good faith prior to filing the motion to compel, as required by Federal Rule of Civil Procedure 37(a)(1) and Civil Local Rule of Practice 37.1. Docket 59. Because the court finds that Buergofol did not meet and confer in good faith, the motion to compel is denied.

**BACKGROUND**

On November 21, 2022, Buergofol served Omega with its first set of interrogatories and its first set of requests for production. Docket 45 ¶¶ 3, 4; Docket 45-2 at 5. Responses to each were due on December 21, 2022. Docket 45-1 at 1; Docket 45-2 at 1. The interrogatories sought various information about: (1) the different versions of ultraviolet cured-in-place pipe (UV CIPP)

liners Omega has made or sold; (2) the volume of and revenue-generated by those sales; (3) who bought liners from Omega; (4) the different types of inner foil delivered to Omega; and (5) the different types of outer foil delivered to Omega. Docket 45-1 at 4-6. The requests for production sought: (1) physical samples of each type of inner foil; (2) physical samples of each type of outer foil; (3) invoices for each sale of an Omega liner; (4) Omega's order for each item of inner foil; (5) an invoice from the supplier for each order of inner film; (6) Omega's order for each item of outer foil; and (7) an invoice from the supplier for each order of outer film. Docket 45-2 at 4-5.

On December 21, 2022, Omega served Buergofol with its responses and objections to Buergofol's first set of interrogatories and first set of requests for production. Docket 45 ¶¶ 5, 7. The next day, Buergofol left Omega a "detailed" voicemail regarding the issues they "need[ed] to discuss at the meet and confer." Docket 45-7 at 7. Buergofol then sent Omega an email explaining why it found Omega's objections to Interrogatory One "meritless." *Id.* The email also explained that Buergofol disagreed with Omega's position that "Omega does not have to supply any sample of inner foil made or sold before August 15, 2022." *Id.* at 7-8. In this email, Buergofol asked that Omega "respond with a day and time for a meet and confer[,]" and "insist[ed] that it not be postponed until next year." *Id.* at 8.

The next day, on December 23, Omega sent Buergofol nine samples of inner foil, six samples of outer foil, and one sample of inner film made by

Buergofol that Omega had in inventory. Docket 61 ¶ 4; Docket 61-3 at 2. Buergofol received these samples on December 28, 2022. Docket 61 ¶ 4.

On December 27, 2022, Omega responded to Buergofol's email with explanations of Omega's position as to Buergofol's Interrogatory One and Request for Production One. Docket 45-7 at 4-5. Omega requested that Buergofol "provide [Omega] with a written detailed listing of <u>all</u> issues you would like to discuss" so as "to ensure an efficient meet and confer[.]" *Id.* at 6. In this email, Omega also explained the ways in which Omega viewed Buergofol's responses to Omega's Interrogatory Four as deficient. *Id.* at 5-6.

Later that same day, Buergofol sent Omega an email detailing its responses to Omega's objections to Interrogatories One and Four and Request for Production One. *Id.* at 3-4. In this email, Buergofol also posed the following questions:

> Do I correctly interpret your [previous] email . . . as refusing to meet and confer this year regarding just Buergofol's discovery requests? Does your response . . . indicate your refusal to schedule a meet-and-confer telephone call this year regarding Omega's failure to respond to Buergofol's [discovery requests] unless we agree to confer with you in the same telephone call regarding Omega's discovery requests that were served after Buergofol's?

*Id.* at 2-3. The email continued:

> If you will not schedule a call regarding just Omega's failure to respond to Buergofol's discovery requests, then at least indicate whether Omega will belatedly remedy its failure to comply with Buergofol's discovery requests . . . . In that way, fewer issues will have to be resolved through Buergofol's motion to compel production.

*Id.* at 3.

The next day, December 28, Omega responded via email with times it was available to meet and confer on January 3, 4, and 5, 2023. *Id.* at 2. Omega expressed its intention that this meet and confer address Buergofol's and Omega's discovery issues. *Id.* Later that day, Buergofol responded via email: "Please confirm that you are not willing to meet and confer about Buergofol's discovery concerns without distracting the discussions with Omega's issues relating to later served discovery requests." *Id.* Buergofol never informed Omega whether it was available to meet and confer at any of Omega's proposed times. *See* Docket 61 ¶ 6.

On December 30, 2022, Omega served Buergofol with Omega's supplemental responses and objections to Buergofol's interrogatories. Docket 45 ¶ 6; Docket 61 ¶ 7. Omega updated its response to Interrogatory One by including an additional diameter of liner in its list of liners that it had sold and a chart of the film samples it had sent to Buergofol. Docket 45-3 at 9. Omega also added a sentence indicating that the inner film of each pipe liner it had sold had 3 layers. Docket 45-4 at 9. Specifying the number of layers in the inner film addressed one of Buergofol's objections to Omega's initial response to Interrogatory One. *See* Docket 45-7 at 3. Buergofol never responded to Omega's supplemental response. Docket 61 ¶ 7.

On January 3, 2023, one of the days on which Omega offered to meet and confer, Buergofol's counsel referenced the discovery dispute in a separate email thread discussing a protective order. Docket 45-6 at 2; *see* Docket 45-7 at 2. Buergofol's counsel accused Omega of using the protective order dispute

4

"as a pretext to avoid the granting of a general protective order in this case, which [Omega is] using as an excuse to avoid responding to Buergofol's outstanding discovery requests." Docket 45-6 at 2. Buergofol's counsel labeled this as "unethical behavior" on the part of Omega's counsel. *Id.* Buergofol never offered additional dates to meet and confer. Docket 61 ¶ 6. On January 13, 2023, Buergofol filed this motion to compel. Docket 42.

## LEGAL STANDARD

Federal Rule of Civil Procedure 37(a)(1) requires that a party moving to compel discovery responses "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Likewise, South Dakota Civil Local Rule of Procedure 37.1 requires "[a] party filing a motion concerning a discovery dispute" to "file a separate certification describing the good faith efforts of the parties to resolve the dispute." A court may deny a motion to compel for failure to comply with the meet-and-confer requirement. *See Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006).

The meet-and-confer requirement is not an empty formality. *Pierce v. Fremar, LLC*, No. CIV. 09-4066-KES, 2010 WL 3420169, at *1 (D.S.D. Aug. 27, 2010) (citation omitted). " 'Good faith' requires that the parties ma[ke] a genuine attempt to resolve the discovery dispute without involving the court[,]" and that they "meaningfully discuss each contested discovery dispute." *Jim Hawk Truck-Trailers of Sioux Falls, Inc. v. Crossroads Trailer Sales & Serv., Inc.*, 4:20-CV-04058-KES, 2023 WL 326121, at *3 (D.S.D. Jan. 23, 2023) (citing

*Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 170-71 (D. Nev. 1996). "In determining whether a party has complied with its meet-and-confer obligations, the court 'looks to all surrounding circumstances to determine whether the movant's efforts were reasonable.' " *LoganTree LP v. Garmin Int'l, Inc.*, 339 F.R.D. 171, 178 (Aug. 2021) (quoting *Ross v. Pentair Flow Techs., LLC*, 2020 WL 4039062, at *1 (D. Kan. July 17, 2020)).

The quality of parties' contacts in attempting to resolve the dispute is more important than the quantity of their contacts. *See id.; Benavidez v. Sandia Nat'l Lab'ys*, 319 F.R.D. 696, 723 (D.N.M. 2017) (finding that Rule 37(a)(1) requires more than "exchanging cursory and perfunctory emails or letters which simply restate each other's positions on the items of discovery"). In evaluating good faith, courts "frown[] upon the movant's setting of an arbitrary deadline . . . ." *Jim Hawk*, 2023 WL 326121, at *4 (citing *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999)); *see also Navient Mktg. Sols., Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 186 (3d Cir. 2003) (demanding more complete answers by the end of the week was not conferring in good faith). Being antagonistic with opposing counsel is not conferring in good faith. *See Navient Mktg. Sols., Inc.*, 339 F.3d at 186-87 (not good faith where counsel's approach was "shoot first and find out later," and "counsel's responses were not always commensurate with defendant's violations" (cleaned up)).

Here, Buergofol seeks to compel responses to five interrogatories and seven requests for production. *See* Docket 43. Buergofol's correspondence with

6

Omega, however, only addresses Interrogatories One and Four and Requests for Production One. Docket 45-7 at 2-4, 7-8. Buergofol did not, then, "meaningfully discuss each contested discovery dispute" with Omega prior to moving to compel. *See Jim Hawk*, 2023 WL 326121, at *3. For no apparent reason, Buergofol "insist[ed]" that the parties meet and confer within a week of receiving Omega's responses, never mind that this week included major religious holidays and the New Year holiday. *See* Docket 45-7 at 2, 8. Omega offered dates to meet just after the holidays—on January 3, 4, and 5, 2023— but Buergofol never indicated whether it was available at those times. *Id.* at 2; Docket 61 ¶ 6. Instead, Buergofol unreasonably refused to meet and confer with Omega at all unless the conversation could focus only on Buergofol's issues with Omega's discovery responses, and not at all on Omega's issues with Buergofol's discovery responses. *See* Docket 45-7 at 2. Just five days after Buergofol's first communication to Omega about these discovery requests, Buergofol was already issuing an ultimatum to Omega: agree to a phone call that addresses only Buergofol's issues with Omega's responses, or Buergofol will file a motion to compel. *See id.* at 3.

Buergofol's counsel also took on an unnecessarily oppositional attitude with Omega's counsel. The first time Buergofol indicated that it wanted to limit the scope of the meet-and-confer came in the form of antagonistic questioning in the opening of an email:

> Do I correctly interpret your email . . . as refusing to meet and confer this year regarding just Buergofol's discovery requests? Does your response . . . indicate your refusal to schedule a meet-and-confer

> telephone call this year regarding Omega's failure to respond . . . unless we agree to confer with you in the same telephone call regarding Omega's discovery requests . . . ?

*Id.* at 2-3. When Omega offered dates to meet and confer, Buergofol ignored the offered dates and responded only: "Please confirm that you are not willing to meet and confer about Buergofol's discovery concerns without distracting the discussions with Omega's issues relating to later served discovery requests." *Id.* at 2.

Buergofol also accused Omega of "intentionally misinterpret[ing]" Interrogatory One "to request the number of inner films in a liner as opposed to the number of inner film layers." *Id.* at 3. The fourth column of the exemplary table in Interrogatory One was labeled "Number of Layers *of* Inner Tubular Film." Docket 45-1 at 4 (emphasis added). Given this phrasing, the court finds it was not unreasonable that Omega interpreted this question to be asking how many layers *of* inner film were in its liner, as opposed to how many layers were *in* the inner film of its liners. Once Omega understood Buergofol's meaning, Omega supplemented its response to Interrogatory One. *See* Docket 45-7 at 5; Docket 45-4 at 9. Buergofol never acknowledged this supplementation. Docket 61 ¶ 7.

Less than two weeks after Buergofol's first email to Omega about this dispute, and without ever responding to Omega's proposed times to meet and confer or offering additional times, Buergofol's counsel accused Omega's counsel of acting unethically by not responding to discovery. *See* Docket 45-6 at 2; Docket 45-7 at 8; Docket 61 ¶ 6. And barely more than three weeks after

Buergofol's initial email to Omega about this dispute, Buergofol filed this motion to compel without ever meaningfully conferring with Omega. *See* Docket 42; Docket 45-7 at 8. Thus, the court denies Buergofol's motion to compel because it failed to comply with the meet-and-confer requirements of Federal Rule of Civil Procedure 37(a)(1) and Civil Local Rule of Procedure 37.1.

## CONCLUSION

For the foregoing reasons, it is

ORDERED that the motion to compel (Docket 42) is denied.

Dated June 22, 2023.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE