UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| Buergofol GmbH,<br><br>        Plaintiff,<br><br>vs.<br><br>Omega Liner Company, Inc.,<br><br>        Defendant. | Case No. 4:22-cv-04112<br><br>**DECLARATION OF MICHAEL NEUSTEL IN SUPPORT OF OMEGA'S MOTION TO COMPEL BUERGOFOL'S DOCUMENT PRODUCTION AND RESPONSE TO INTERROGATORY** |

I, Michael Neustel, hereby declare as follows:

1.      I am one of the attorneys of record for Defendant Omega Liner Company, Inc. ("Omega"), have direct knowledge of the facts stated herein, and submit this declaration in support of Omega's Motion to Compel Buergofol's Document Production and Response to Interrogatory.

2.      Attached hereto as **Exhibit A** is a true and correct copy of my March 27, 2023, correspondence to counsel for Plaintiff Buergofol GmbH ("Buergofol") regarding Buergofol's prior art sales of inner tubular film and Buergofol's criminal threats to Dr. Stark.

3.      On April 27, 2023, Omega had a telephonic meet-and-confer telephonic call with Buergofol's counsel regarding Omega's Request for Production Nos. 44, 45, 70 and 72. Buergofol's counsel indicated they would not search for any documents responsive to Request No. 70, even specific documents Omega identifies. For example, Buergofol's counsel stated they had not asked Loparex (the company from whom Buergofol purchased the '269 Patent five-days before the lawsuit) for copies of any of the file histories for foreign applications related to the '269 Patent. When I requested Buergofol's counsel to request copies of the foreign file histories relating to the '269 Patent from Loparex, Buergofol's counsel stated that they would not do so and further stated they had no duty to get them since the foreign file histories were not under Buergofol's control. Omega's counsel disagreed because Buergofol purchased the '269 Patent from Loparex, and Loparex has agreed to assist Buergofol with the litigation relating to the '269 Patent as indicated by at least the publicly available assignment agreement between Buergofol and Loparex, which states "[Loparex] agrees to execute all instruments and documents required … for litigation

regarding the Letters Patents, or for the purpose of protecting title to the Letters Patent." (Ex. Y attached hereto.)

4. I followed the April 27, 2023, meet-and-confer call with numerous correspondence to Buergofol's counsel, continuing to seek to resolve discovery disputes. Attached hereto as **Exhibit B** is a true and correct copy of my May 5, 2023, correspondence to Buergofol's counsel regarding Buergofol's cancellation proceeding filed on April 19, 2012, against German Patent No. DE202010016048U1, which is the German counterpart to U.S. Patent No. 8,794,269 ("the '269 Patent"), and Buergofol's opposition proceeding filed on January 30, 2015, against European Application No. EP11730556A, which is the European counterpart to the '269 Patent. In my May 5, 2023 letter, I also specifically pointed out Buergofol's evidence submitted to the European Patent Office regarding Buergofol's prior art sales to Saertex and Brandenburger Liner.

5. Attached hereto as **Exhibit C** is a true and correct copy of my May 8, 2023, correspondence to counsel for Buergofol regarding Buergofol's document and data retention polices.

6. Attached hereto as **Exhibit D** is a true and correct copy of my May 10, 2023, correspondence to counsel for Buergofol regarding Buergofol's prior art sales to Saertex and Brandenburger Liner along with Buergofol's prior art website offer for sale of five-layer sequence film having a layer sequence of "PA/TIE/PA/TIE/PE."

7. On May 11, 2023, Omega's counsel had another telephonic meet-and-confer discussion with Buergofol's counsel, which is summarized in the May 12, 2023, letter attached hereto as **Exhibit E**. Exhibit E is a true and correct copy of my May 12, 2023, email correspondence to Buergofol's counsel summarizing the meet-and-confer discussion held on May 11, 2023.

8. Attached hereto as **Exhibit F** is a true and correct copy of my May 16, 2023, correspondence to counsel for Buergofol regarding Buergofol's sales of inner tubular film with EBS wax to Saertex before the March 11, 2012, critical date of U.S. Patent No. 9,657,882.

9. On May 22, 2023, Omega's counsel had a telephonic meet-and-confer discussion with Buergofol's counsel, which is summarized in the May 23, 2023, letter attached hereto as **Exhibit G.**

10. Attached hereto as **Exhibit H** is a true and correct copy of my May 30, 2023, correspondence to counsel for Buergofol regarding Buergofol's knowledge of the 2012 prior art

Sudpack film having EBS wax, the second BASF analysis of the 2012 prior art Sudpack film, and Buergofol's email production, which is missing email attachments and portions of email threads.

11.     Attached hereto as **Exhibit I** is a true and correct copy of a June 2, 2023, email from Darien Wallace, Buergofol's counsel, regarding the various discovery disputes being discussed between the parties.

12.     Attached hereto as **Exhibit J** is a true and correct copy of my June 25, 2023, email correspondence to Buergofol's counsel regarding discovery disputes involving the 2012 prior art Sudpack film, truncated email threads, and missing emails.

13.     Attached hereto as **Exhibit K** is a true and correct copy of my July 2, 2023, email correspondence to Buergofol's counsel regarding the discovery issues to be discussed in a meet-and-confer telephone call scheduled for July 6, 2023.

14.     On July 6, 2023, Omega's counsel had a meet-and-confer telephone call with Buergofol's counsel regarding the discovery issues identified in the July 2, 2023, email to Buergofol attached hereto as Exhibit K. During that conference call, the following topics were discussed, in pertinent part:

    a.  **Buergofol's Counsel's *Ad Hominem* Attacks and Interruptions During Meet-and-Confer.**  Buergofol's counsel repeatedly interrupted Omega's attempts to meaningfully discuss Omega's large number of discovery issues. For example, Lester Wallace made statements such as "*[S]top asking dumb questions*" and "*It is always a waste of my time talking to you [Michael Neustel]*." Lester Wallace repeatedly stated that Omega's discovery issues were a "*waste of time*." Lester Wallace's *ad hominem* attacks and repeated interruptions did nothing but hinder the parties' ability to have a meaningful meet-and-confer discussion.  Once Lester Wallace departed from the meet-and-confer discussion early at approximately 12:19 p.m. CT, the parties were able to efficiently discuss the remaining discovery issues without significant interruptions.

    b.  **Request for Production No. 22 (Buergofol's Data and Document Retention Policies).**  When we asked if Buergofol had searched for any data and document retention policies, Buergofol's refused to respond to this question other than to repeat their canned response that Buergofol has produced all responsive documents.  When we asked if any documents were being withheld based in response to Request for Production No. 22, based on objections asserted by

Buergofol, Buergofol's counsel refused to respond.  At one point, Buergofol's counsel unnecessarily stated, "*You don't even know what a document retention policy is*." When we reminded Buergofol's counsel that Request for Production No. 22 is not limited to a formal "policy" and asked that Buergofol confirm that it searched for communications sufficient to describe all of Buergofol's data and document retention policies, Buergofol's counsel then unnecessary stated, "*Stop asking dumb questions*." When asked again if Buergofol searched for communications sufficient to describe all of Buergofol's data and document retention policies, Buergofol's counsel refused to respond. Buergofol also refused to identify any documents that have been produced that could be considered responsive to Request for Production No. 22.

c. **Missing Emails, Truncated Email Threads and Edited Emails.** When Omega requested that Buergofol produce missing emails and complete email threads, Buergofol refused. When we asked for verification that the emails identified in the July 2, 2023, email were complete (as they appear to have been edited in a word processor), Buergofol's counsel refused that request also. When asked by Omega's counsel that Buergofol produce the original emails in their native electronic file format, Buergofol's counsel refused that request as well.

d. **Interrogatory No. 6 (Invention Conception).**  Buergofol's counsel stated that Buergofol would be supplementing Interrogatory No. 6 only to clarify one sentence in a couple of weeks, but that no further information would be produced relating to the conception of the inventions or reduction to practice of the inventions.

e. **Interrogatory No. 8 (Licenses and License Offers).** Discussing Interrogatory No. 8, Buergofol's counsel refused to answer whether Buergofol made an offer to license back the '269 Patent to Loparex or whether the parties otherwise had discussion (even if not a formal offer) to license Loparex. Buergofol's counsel refused to hear Omega's explanation that Interrogatory No. 8 was not limited just to formal offers. When we asked to supplement the response to Interrogatory No. 8 regarding Buergofol's purchase of the '269 Patent from Loparex and/or Buergofol's offer to license back to Loparex, Buergofol's counsel refused to supplement.  Buergofol's counsel also refused

to supplement their document production relating to Request for Production No. 29, 30, 41, 85, 93 and 94.

f. **2012 Sudpack Film Sample (Request for Production Nos. 13 and 68).** When we asked for a sample of the 2012 prior art Sudpack film that Buergofol tested, Buergofol's counsel stated Omega's request was a "waste of time" and repeated the now Court-rejected position that the term "prior art" is too broad. When Omega sought to clarify whether Buergofol still had the 2012 Sudpack film sample (which Buergofol tested just in 2020), Buergofol's counsel refused to respond and stated, "*This meet and confer is a waste of time.*" Omega never received a response as to whether Buergofol or BASF still has the 2012 Sudpack film sample.

g. **Second BASF Analysis of 2012 Sudpack Film.** When I asked if Buergofol would produce the second BASF analysis of the 2012 Sudpack film requested by Dr. Stark in the email produce as Bates No. BF2601, Buergofol's counsel refused to respond. When I asked if Buergofol still has in its possession, custody, or control the second analysis of the 2012 Sudpack film, Buergofol's counsel stated, "*[W]e do not have to respond to that question.*"

h. **Prior Art Sales and Shipments.** When we discussed Omega's Interrogatory Nos. 11 and 12 and Request for Production Nos. 64, 65, 67, 98-102, 105 and 107, Buergofol's counsel stated that Omega's discovery requests were "defective," and that there was nothing to update. Omega's counsel then sought to clarify, at least, whether the documents exist, and Buergofol refused to respond to that inquiry.

i. **Question if Buergofol Searched Its Data Systems.** Omega's counsel asked if Buergofol had searched Buergofol's data systems and the binders in Buergofol's possession for documents and things relating to the LightStream and Saertex sales of inner film. Buergofol's counsel refused to respond.

j. **Buergofol's Oppositions to German and EPO Counterparts to '269 Patent.** When discussing Request for Production Nos. 45, 57, 64, 65, 67, 68, 70, 72, 73, 88 relating to Buergofol's opposition of the '269 German counterpart application and Buergofol's opposition of the '269 European counterpart application, Buergofol's counsel stated that he spoke with Thomas Schlief (Buergofol's German counsel), and that Buergofol only produced what was in Mr. Schlief's file. Omega informed

Buergofol's counsel that Omega's German attorney requested all of the German cancellation documents, but the German Patent Office would not give Omega the following documents, possibly because some were possibly considered "confidential" and only the filing party could request the documents:

- D4 – Auszug aus Buch "*Kunststoff Folien*" – excerpt of a book
- D13 – Nachweis zu Vorbenutzung ~ evidence of prior use
- N4 – Rechnung von „Die Agentur" – Invoice
- N5 – Auszug aus Buch „*Verpackungslexikon*" – excerpt of a book
- D33 – Handelsregisterauszug – excerpt of the commercial register
- D34 - blackended
- D35- eRecht24 – www.e-recht24.de/artikel/ecommerce/177.html
- D36 – Lexikon Kunstoffprüfung „*Vicat-Erweichungstemperatur*" - lexicon

When Omega sought to clarify whether Buergofol sought the confidential documents in the foreign patent office's file and requested that Buergofol's U.S. counsel ask Dr. Schlief to request such information from the German Patent Office, Buergofol's counsel responded only, "I will think about it," but would not provide a more definite response, including regarding timing. As of this declaration I have not been informed whether Buergofol's counsel has made the request of Dr. Schlief.

k. **Buergofol's Refusal to Participate in a Meaningful Meet-and-Confer.** Buergofol's counsel was repeatedly questioned about the absence of certain documents, such as the 2012 Sudpack film sample Buergofol tested in 2020. (*See* Ex. J, attached hereto.) However, the response remained consistently inexplicable, merely stating that "*Buergofol has produced all responsive non-privileged/non-WP/non-trade secret documents*." (*See* Ex. I, attached hereto.) Buergofol's counsel consistently refused to respond to any questions regarding (a) what sources of information were searched, (b) whether specific documents existed or were destroyed, or (3) if any responsive documents were being withheld based on any objections made.

15.    Attached hereto as **Exhibit L** is a true and correct copy of a July 6, 2023, email I received from Lester Wallace, Buergofol's counsel, after our July 6, 2023 meet-and-confer discussion.

16.     Attached hereto as **Exhibit M** is a true and correct copy of my July 17, 2023, correspondence to counsel for Buergofol regarding Omega's discovery issues and requesting Buergofol's counsel to reconsider their positions in view of the Court's July 14, 2023, Order (Dkt. 164).  Buergofol never responded to my July 17, 2023, letter.

17.     Attached hereto as **Exhibit N** is a true and correct copy of Omega's Request for Production of Documents and Things to Buergofol (Set One) (Nos. 1-14).

18.     Attached hereto as **Exhibit O** is a true and correct copy of Buergofol's Responses to Omega's Request for Production of Documents and Things to Buergofol (Set One) (Nos. 1-14).

19.     Attached hereto as **Exhibit P** is a true and correct copy of Omega's Request for Production of Documents and Things to Buergofol (Set Two) (Nos. 15-97).

20.     Attached hereto as **Exhibit Q** is a true and correct copy of Buergofol's Responses to Omega's Request for Production of Documents and Things to Buergofol (Set Two) (Nos. 15-97).

21.     Attached hereto as **Exhibit R** is a true and correct copy of Omega's Request for Production of Documents and Things to Buergofol (Set Three) (Nos. 98-108).

22.     Attached hereto as **Exhibit S** is a true and correct copy of Buergofol's Responses to Omega's Request for Production of Documents and Things to Buergofol (Set Three) (Nos. 98-108).

23.     Attached hereto as **Exhibit T** is a true and correct copy of Omega's Request for Production of Documents and Things to Buergofol (Set Four) (Nos. 109-112).

24.     Attached hereto as **Exhibit U** is a true and correct copy of Buergofol's Responses to Omega's Request for Production of Documents and Things to Buergofol (Set Four) (Nos. 109-112).

25.     Attached hereto as **Exhibit V** is a true and correct copy of Buergofol's Responses to Omega's Interrogatories to Buergofol (Set One) (Nos. 1-5).

26.     Attached hereto as **Exhibit W** is a true and correct copy of Buergofol's Responses to Omega's Interrogatories to Buergofol (Set Two) (Nos. 6-13).

27.     Attached hereto as **Exhibit X** is a true and correct copy of Buergofol's Responses to Omega's Interrogatories to Buergofol (Set Four) (Nos. 15-16).

28.     Attached hereto as **Exhibit Y** is a true and correct copy of the August 10, 2022, patent assignment agreement between Buergofol and Loparex Germany GmbH & Co. KG

regarding U.S. Patent No. 8,794,269 including the Patent Assignment Cover Sheet that was downloaded from the U.S. Patent & Trademark Office's website.

I hereby declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated this 26th day of July, 2023.

Michael S. Neustel