UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BUERGOFOL GMBH,<br><br>      Plaintiff,<br>vs.<br><br>OMEGA LINER COMPANY, INC.,<br><br>      Defendant. | 4:22-CV-04112-KES<br><br>ORDER ON MOTION FOR CLARIFICATION |

  Plaintiff, Buergofol GmbH, moves under Federal Rule of Civil Procedure 60(b)(1) for clarification of the court's order granting defendant Omega Liner Company, Inc.'s motion to compel responses to Interrogatory Four and Request for Production Thirteen. Docket 165 at 1; *see* Docket 164. To the extent Buergofol's motion seeks a modification or narrowing of the court's order, Omega opposes the motion. *See* Docket 166 at 5.

**DISCUSSION**

**I. Legal Standard**

  Rule 60(b)(1) provides that the court may relieve a party from an order for, among other reasons, "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). A mistake under this Rule includes errors made by the judge, *Kemp v. United States*, 142 S. Ct. 1856, 1861-62 (2022), and the Rule "can be appropriately used to resolve a state of confusion" caused by a court's order, *see Knox v. Lichtenstein*, 654 F.2d 19, 21 (8th Cir. 1981).

But Rule 60(b) motions do not allow for movants to simply relitigate issues a district court has already ruled on. *See In re SDDS, Inc.*, 225 F.3d 970, 972 (8th Cir. 2000); *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999) ("[Rule 60(b)] is not a vehicle for simple reargument on the merits."). "A district court has wide discretion in ruling on a Rule 60(b) motion . . . ." *Jones v. Swanson*, 512 F.3d 1045, 1049 (8th Cir. 2008). In bringing a Rule 60 motion, the movant has the burden of proof. *See Broadway*, 193 F.3d at 989-90.

## II.    The Court Will Clarify, But Not Modify or Narrow Its Order

Buergofol claims that if the court's order "is not clarified, it is likely that disputes between the parties about the meaning of the Order will immediately ensue[]" because "[t]he Order does not clearly state that Omega's January 18 definition of PRIOR ART is implicitly limited to anticipatory prior art." Docket 165 at 1. According to Buergofol, the court indirectly acknowledged that "the limitation of being anticipatory art 'was *implicitly incorporated into Omega's definition* of prior art.' " *See id.* at 2 (quoting Docket 164 at 11).

Buergofol misreads the court's order. The "limitation" the court found to be incorporated into Omega's definition of prior art was the consistent holding of federal courts that "[t]o anticipate a claim, a prior art reference must disclose every limitation of the claimed invention, either explicitly or inherently." Docket 164 at 11 (quoting In re Schreiber, 128 F.3d 1473, 1477 (Fed. Cir. 1997)). The court was merely pointing out that Buergofol's claims about the breadth of the prior art definition as applied to anticipatory art were exaggerated because Omega's definition of prior art has always included the clause "and

interpretations thereof provided by the federal judiciary." *Id.*; *see* Docket 64-1 ¶ G; Docket 64-2 ¶ I.

Buergofol asks that the court clarify that "the only analogous prior art covered by [Interrogatory] 4 and [Request for Production] 13 is analogous, anticipatory prior art." Docket 165 at 3. As support, Buergofol points to the court's decision that resolved the motion to compel by using the definition of prior art in Omega's January 18 email, which Buergofol insists "does not cover two distinct areas, such as anticipatory prior art and analogous prior art." *Id.* Buergofol quotes the definition provided in the January 18 email, but it omits the first sentence of that definition. *Compare id., with* Docket 69-1 at 4. The sentence Buergofol omitted states: " ' PRIOR ART' means all documents, information, acts, or things that qualify as prior art under any subsection of 35 U.S.C. §§ 102 and 103, including all systems, methods, apparatus, publications, patents, or uses." Docket 69-1 at 4. The references to §§ 102 and 103 are a clear indication that the definition is referring to "two distinct areas, such as anticipatory prior art and analogous prior art."[1] *See* Docket 165 at 3;

---

[1] Buergofol claims that because 35 U.S.C. § 102 defines only "prior art," "Omega's reference to '*anticipatory* prior art under 35 U.S.C. § 102 and *analogous* prior art under 35 U.S.C. § 103' is a legal fiction." Docket 167 at 4. But Omega also specified that prior art "was defined in accordance with . . . interpretations . . . provided by the federal judiciary." Docket 64-1 ¶ G; Docket 64-2 ¶ I. And federal court opinions frequently use the terms "anticipatory prior art" and "analogous prior art," and the connections between those terms of art and §§ 102 and 103, respectively, are surely known to Buergofol's counsel. *See, e.g., Verizon Servs. Corp. v. Cox Fibernet Va., Inc.*, 602 F.3d 1325, 1337 (Fed. Cir. 2010) ("It is well-settled that utility or efficacy need not be demonstrated for a reference to serve as anticipatory prior art under section 102."); *Comaper Corp. v. Antec, Inc.*, 596 F.3d 1343, 1351 (Fed. Cir. 2010) ("Analogous art is that which is relevant to a consideration of

*see* Docket 164 at 11-12 ("If an item does not meet the requirements to be anticipatory prior art, it can still be considered analogous prior art . . . .").

Next, Buergofol seeks to clarify that the definition of prior art "is limited to 'references' and does not include information relating to public use and on-sale activity." Docket 165 at 3. "References" refers to "issued patents, published patent applications, and printed publications." *Id.* at 3-4. Buergofol appears to rely on its truncated definition of prior art from Omega's January 18 email to argue that the definition is limited to references. *See id.* But again, the sentence that Buergofol omitted indicates that the definition is not limited to "issued patents, published patent applications, and printed publications." *See* Docket 69-1 at 4 (" ' PRIOR ART' means all documents, information, acts, or things that qualify as prior art under any subsection of 35 U.S.C. §§ 102 and 103, including all systems, methods, apparatus, publications, patents, or uses."). Thus, the definition is not limited to "references."

In conclusion, Buergofol asks for the court's clarification that the court is ordering it to respond to Interrogatory Four and Request for Production Thirteen with anticipatory art, but not with analogous prior art. *See* Docket 165 at 4. But this is incorrect – the definition of prior art applicable to Interrogatory 4 and Request for Production Thirteen is inclusive of both anticipatory prior art and analogous prior art. The definition is not limited to anticipatory prior art, and it is not limited to "references." Buergofol's argument

---

obviousness under [35 U.S.C. § 103]." (alteration in original) (quoting *Wang Lab'ys, Inc. v. Toshiba Corp.*, 993 F.2d 858, 864 (Fed. Cir. 1993))).

that such an interpretation renders the requests overly broad and unduly burdensome is unavailing. *See id.*; Docket 167 at 1-2. Buergofol had an opportunity to demonstrate to the court that the requests were overly broad and unduly burdensome. It failed to do so. *See* Docket 164 at 9-14. A Rule 60(b) motion is not an appropriate vehicle to relitigate an issue the court has already decided on the merits. *See In re SDDS, Inc.*, 225 F.3d at 972; *Broadway*, 193 F.3d at 990.

## CONCLUSION

Because Buergofol did not argue in its motion for clarification that anticipatory prior art was excluded from the definition of prior art, Buergofol must respond to Interrogatory Four and Request for Production Thirteen as they relate to anticipatory prior art within 21 days of the court's order at Docket 164. The court will allow an additional 7 days for Buergofol to respond to Interrogatory Four and Request for Production Thirteen as they relate to analogous prior art. Thus, it is

ORDERED that the definition of prior art applicable to Interrogatory 4 and Request for Production Thirteen is inclusive of both anticipatory prior art and analogous prior art. The definition is not limited to anticipatory prior art, and it is not limited to "references."

IT IS FURTHER ORDERED that Buergofol must respond to Interrogatory Four and Request for Production Thirteen with responsive anticipatory prior art within 21 days of the court's order at Docket 164.

IT IS FURTHER ORDERED that Buergofol must respond to Interrogatory Four and Request for Production Thirteen with responsive analogous prior art within 28 days of the court's order at Docket 164.

Dated August 3, 2023.

                                            BY THE COURT:

                                            /s/ *Karen E. Schreier*
                                            KAREN E. SCHREIER
                                            UNITED STATES DISTRICT JUDGE