# Exhibit A

*January 30, 2023 Letter from Darien Wallace*



# IMPERIUM PATENT WORKS

P.O. Box 607
Pleasanton, California 94566
Tel: (925) 862-9972
Fax: (925) 835-5804

Darien K. Wallace
direct line: (925) 550-5067
e-mail: Darien@ImperiumPW.com

January 30, 2023

Michael S. Neustel
Michelle Breit
Neustel Law Offices, LTD
2534 South University Drive, Suite 4
Fargo, North Dakota 58103

*via email only (michael@neustel.com; michelle@neustel.com)*

**Re: Tortious interference with contractual relations and German business secrets criminal law**

Dear Michael and Michelle:

Buergofol has informed Dr. Kurt Stark in the attached email correspondence that he could be subject to criminal liability for speaking with you and thereby violating his duty to maintain absolute secrecy of all information acquired while he was an employee of Buergofol (since 2011). Any information that you obtain from Dr. Stark for the benefit of Omega is a covered business secret under the German Business Secrets Law (Gesetz zum Schutz von Geschäftsgeheimnissen GeschGehG). Protected business secrets under German law are broader than just privileged or confidential information under U.S. law. Any attempt by you to elicit information from Dr. Stark is also punishable under the Business Secrets Law. For your better understanding of the gravity of the situation, I attach English (machine) translations of the email correspondence to Dr. Stark and Section 23 of the Business Secrets Law. Buergofol intends to request under Section 23(8) that you be prosecuted if you attempt to obtain Buergofol's business secrets from Dr. Stark.

In addition, do not tortiously interfere with Buergofol's contractual relations with Dr. Stark established through his employment contract dated August 25, 2011. As stated in Buergofol's recent motion papers (Dkt. 20, p. 8), Sections 9.1 and 9.2 of Dr. Stark's employment contract require him to maintain the secrecy of all business secrets, as defined under German law and which encompass more than just privileged and confidential information. More particularly, do not induce Dr. Stark voluntarily to disclose information to you that would constitute a breach of Dr. Stark's employment contract under German law. Buergofol informs you now that if Buergofol learns that you have tortiously interfered with Buergofol's

- 2 -

contractual relations with Dr. Stark, Buergofol will take legal action against you as appropriate to protect Buergofol's interests.

Sincerely,

*Darien K. Wallace*

Darien K. Wallace

<u>Attach</u>.

# Section 4 Penal provisions

### § 23 Violation of trade secrets

(1) A penalty of up to three years' imprisonment or a fine shall be imposed on anyone who, in order to promote his own or another's competition, acts out of self-interest, for the benefit of a third party or with the intention of causing damage to the owner of an enterprise,
1. obtains a trade secret in contravention of Section 4 (1) No. 1,
2. uses or discloses a trade secret contrary to § 4 paragraph 2 number 1 letter a or
3. contrary to Section 4 (2) No. 3, as a person employed by a company, discloses a trade secret which has been entrusted to him or has become accessible to him within the scope of the employment relationship during the period of validity of the employment relationship.

(2) Likewise, anyone who, in order to promote his own or another's competition, for his own benefit, for the benefit of a third party or with the intention of causing damage to the owner of an enterprise, uses or discloses a trade secret which he has obtained through an act of another in accordance with paragraph 1 number 2 or number 3 shall be punished.

(3) A penalty of up to two years' imprisonment or a fine shall be imposed on anyone who, in order to promote his own or another person's competition or for personal gain, uses or discloses a trade secret which is a secret document or rule of a technical nature entrusted to him in the course of business, contrary to Section 4 (2) No. 2 or No. 3.

(4) A custodial sentence not exceeding five years or a monetary penalty shall be imposed on anyone who
1. acts in a professional capacity in the cases referred to in paragraph 1 or paragraph 2,
2. in the cases referred to in paragraph 1 number 2 or number 3 or paragraph 2, knows at the time of disclosure that the trade secret is to be used abroad, or
3. in the cases of paragraph 1 number 2 or paragraph 2 uses the trade secret abroad.

(5) The attempt is punishable.

(6) Aiding and abetting acts of a person referred to in Section 53 (1), first sentence, number 5 of the Code of Criminal Procedure shall not be unlawful if they are limited to receiving, evaluating or publishing the trade secret.

(7) § Section 5 number 7 of the Criminal Code shall apply mutatis mutandis. Sections 30 and 31 of the Criminal Code shall apply mutatis mutandis if the perpetrator acts to promote his own or another's competition or for his own benefit.

(8) The offense shall be prosecuted only upon request, unless the prosecuting authority deems it necessary to intervene ex officio due to the special public interest in prosecution.

# Abschnitt 4
# Strafvorschriften

### § 23 Verletzung von Geschäftsgeheimnissen

(1) Mit Freiheitsstrafe bis zu drei Jahren oder mit Geldstrafe wird bestraft, wer zur Förderung des eigenen oder fremden Wettbewerbs, aus Eigennutz, zugunsten eines Dritten oder in der Absicht, dem Inhaber eines Unternehmens Schaden zuzufügen,
1.  entgegen § 4 Absatz 1 Nummer 1 ein Geschäftsgeheimnis erlangt,
2.  entgegen § 4 Absatz 2 Nummer 1 Buchstabe a ein Geschäftsgeheimnis nutzt oder offenlegt oder
3.  entgegen § 4 Absatz 2 Nummer 3 als eine bei einem Unternehmen beschäftigte Person ein Geschäftsgeheimnis, das ihr im Rahmen des Beschäftigungsverhältnisses anvertraut worden oder zugänglich geworden ist, während der Geltungsdauer des Beschäftigungsverhältnisses offenlegt.

(2) Ebenso wird bestraft, wer zur Förderung des eigenen oder fremden Wettbewerbs, aus Eigennutz, zugunsten eines Dritten oder in der Absicht, dem Inhaber eines Unternehmens Schaden zuzufügen, ein Geschäftsgeheimnis nutzt oder offenlegt, das er durch eine fremde Handlung nach Absatz 1 Nummer 2 oder Nummer 3 erlangt hat.

(3) Mit Freiheitsstrafe bis zu zwei Jahren oder mit Geldstrafe wird bestraft, wer zur Förderung des eigenen oder fremden Wettbewerbs oder aus Eigennutz entgegen § 4 Absatz 2 Nummer 2 oder Nummer 3 ein Geschäftsgeheimnis, das eine ihm im geschäftlichen Verkehr anvertraute geheime Vorlage oder Vorschrift technischer Art ist, nutzt oder offenlegt.

(4) Mit Freiheitsstrafe bis zu fünf Jahren oder mit Geldstrafe wird bestraft, wer
1.  in den Fällen des Absatzes 1 oder des Absatzes 2 gewerbsmäßig handelt,
2.  in den Fällen des Absatzes 1 Nummer 2 oder Nummer 3 oder des Absatzes 2 bei der Offenlegung weiß, dass das Geschäftsgeheimnis im Ausland genutzt werden soll, oder
3.  in den Fällen des Absatzes 1 Nummer 2 oder des Absatzes 2 das Geschäftsgeheimnis im Ausland nutzt.

(5) Der Versuch ist strafbar.

(6) Beihilfehandlungen einer in § 53 Absatz 1 Satz 1 Nummer 5 der Strafprozessordnung genannten Person sind nicht rechtswidrig, wenn sie sich auf die Entgegennahme, Auswertung oder Veröffentlichung des Geschäftsgeheimnisses beschränken.

(7) § 5 Nummer 7 des Strafgesetzbuches gilt entsprechend. Die §§ 30 und 31 des Strafgesetzbuches gelten entsprechend, wenn der Täter zur Förderung des eigenen oder fremden Wettbewerbs oder aus Eigennutz handelt.

(8) Die Tat wird nur auf Antrag verfolgt, es sei denn, dass die Strafverfolgungsbehörde wegen des besonderen öffentlichen Interesses an der Strafverfolgung ein Einschreiten von Amts wegen für geboten hält.