# Exhibit B

*March 23, 2023 Letter from Michael Neustel*



March 23, 2023

Elizabeth S. Hertz
Davenport, Evans, Hurwitz & Smith, LLP
PO Box 1030
206 West 14th Street
Sioux Falls, SD 57101-1030
Email: *ehertz@dehs.com*

Darien K. Wallace
T. Lester Wallace
Imperium Patent Works LLP
PO Box 607
315 Ray Street
Pleasanton, CA 94556
Email: *darien@imperiumpw.com* and *lester@imperiumpw.com*

  Re: ***Buergofol GmbH v. Omega Liner Company, Inc***, Case No. 4:22-cv-04112; Defendant's Request for a Protective Order to Protect Third Party Witnesses, Omega and Its Counsel

Dear Ms. Hertz and Messrs. Wallace,

Before the initiation of the above-referenced suit, Buergofol GmbH ("Buergofol") and its attorneys engaged in discovery efforts employing improper and abusive tactics, including extrajudicial contact with persons and entities having an ongoing business relationship with Omega Liner Company, Inc. ("Omega"). In addition, Buergofol's attorneys have made threats of criminal prosecution against Omega's counsel and a third-party witness--Dr. Kurt Stark. More recently, Buergofol used formal discovery, *i.e.,* third-party subpoenas, to obtain information from Omega's customer, Subsurface, Inc., which Buergofol could seek from Omega and/or which is not relevant to the litigation. Buergofol's use of subpoenas in that way is harassment of Omega's customers.

In light of the foregoing, Omega intends to seek entry of a protective order from the Court to prohibit similar conduct by Buergofol in the future and to correct the undue prejudice Buergofol's actions have caused to Omega. Please review the summary below, which provides the factual basis for and the scope of the protection Omega seeks. Also, please let us know whether Buergofol will stipulate to a protective order as described below, rather than requiring Omega to submit a motion.

  A. **Contact With Omega's Customers and Contract Employees.**

Before filing suit against Omega, you and your client sought out and contacted one of Omega's contract employees, Mr. John Williamson, and you convinced him to provide information and products belonging to Omega to Buergofol for pay, including an "up front" payment of $5,000.00. Mr. Williamson was bound by a "Confidentiality and Non-


Telephone: 701-281-8822
Fax: 701-237-0544
Website: www.neustel.com


Neustel Law Offices, LTD
2534 South University Drive, Suite 4
Fargo, North Dakota 58103


Michael S. Neustel
U.S. Patent Attorney
michael@neustel.com

Circumvention Agreement" ("CNA") with Omega, which is still in effect today, and he did not have any rights to the information and things he provided to you.

After suit was filed, Buergofol's attorneys also engaged in the extrajudicial contact of one of Omega's customers, HK Solutions Group ("HKS"), seeking information about Omega. You threatened HKS that it would incur significant attorney's fees and suffer great burden if it failed to cooperate and accede to your demands.

More recently, you issued subpoenas to Subsurface, Inc., an Omega customer, seeking information about Omega, which should have been directed to Omega rather than its customer. In addition, the subpoenas seek information that is irrelevant and immaterial to the claims and defenses in this action, thus having an even greater harassing effect on Omega's customer.

The efforts to obtain information from Omega's customers and employees are causing undue harm to Omega's business relationships, are premature, and constitute improper and abusive discovery. Omega's customers should not be contacted by Buergofol or its attorneys, and discovery should not be sought from them until efforts to obtain the information from Omega are exhausted. *See, e.g., Joy Technologies, Inc. v. Flakt, Inc.*, 772 F. Supp. 842, 849 (D. Del. 1991) ("...preventing [the plaintiff] from seeking discovery from any customers or potential customers of [the defendant], until [the plaintiff] makes a showing that the information it seeks is necessary and relevant to this action, and that the information cannot be obtained from any other source, particularly [the defendant]"); *see also Haworth, Inc. v. Herman Miller, Inc.,* 998 F.2d 975, 978 (Fed. Cir. 1993).

To address your untimely and misdirected discovery efforts, Omega requests your agreement to the entry of a protective order: (1) preventing Buergofol and its attorneys from directly contacting Omega's contract employees and directing all formal discovery to Omega; (2) preventing Buergofol and its attorneys from contacting or subpoenaing Omega's customers until it has demonstrated the discovery sought is relevant and efforts to obtain it from Omega have been exhausted; and (3) requiring Buergofol to withdraw the already-issued subpoena to Subsurface, Inc. and seek any information that is necessary and relevant to this case from Omega in the first instance.

B.    **Threats of Criminal Prosecution Against Counsel for Omega and Dr. Kurt Stark.**

On January 30, 2023, you sent a letter to Omega's counsel threatening us with criminal prosecution if we sought to obtain "any information" from Dr. Stark, one of the inventors listed on one of the patents-in-suit. You, Buergofol, and its German counsel claim that Dr. Stark is bound to "absolute secrecy" and is precluded from providing any information to Omega under his confidentiality agreement and German law, citing to "German Business Secrets Law" and "Employee Invention Act." *See* your letter dated January 30, 2023 and attached email from attorney von Stumm.

Your statements regarding the scope and breadth of the cited laws are untrue and misleading, and your reliance on the laws is misplaced. First, information sought from Dr. Stark as an inventor relates directly to the issues common to every patent case, such as the application

2

process, patent scope, infringement, and validity of the patents-in-suit, and is not a trade secret. Due to the unique knowledge possessed by inventors regarding these issues, they are key witnesses in patent litigation. *See e.g. Uniloc 2017 LLC v. Apple Inc.*, No. 6-19-CV-00532-ADA, 2020 WL 3415880, at *6 (W.D. Tex. June 19, 2020).

Second, neither of the cited German laws preclude the disclosure of "trade secret" information in civil proceedings as long as sufficient protections are in place. *See, e.g.*, https://preubohlig.de/german-act-on-the-protection-of-trade-secrets-part-iii/?lang=en (discussing Section 16 of the Act (protection of trade secrets in an infringement action). The parties have agreed to a general protective order, with the exception of a couple terms. Such an order renders moot any objections Buergofol has to disclosing its alleged trade secret or proprietary information.

Third, the information Buergofol seeks to protect belongs to Buergofol. As the party who initiated this suit, Buergofol may not use German law to thwart discovery of its own information that is relevant to this case. *See, e.g.*, *Odone v. Croda Int'l PLC*, 950 F. Supp. 10, 14 (D. D.C. 1997).

Finally, your unwarranted and unjustified threats of criminal prosecution constitute witness intimidation and abuse of process. *See* 42 U.S.C. 1985(2); *see also Hayes v. Acuity*, CIV. 17-5015-JLV, 2020 WL 1322269, at *11 (D. S.D. Mar. 20, 2020).

Corrective action must be taken by Buergofol and its attorneys so that Omega can freely and fully prepare its defenses to Buergofol's claims; otherwise, Omega will be severely and irreparably prejudiced. To address your improper threats of criminal prosecution, Omega requests your agreement to the entry of a protective order: (1) precluding Buergofol and its attorneys from making any further threats of criminal prosecution against Dr. Stark and Omega's counsel; and (2) compelling Buergofol and its attorneys to withdraw the threats already made and inform Dr. Stark that, without fear of criminal prosecution, he can discuss with Omega's counsel and testify at deposition or at trial regarding all matters relevant to the patents-in-suit.

Please respond to this letter no later than March 28, 2023. If Buergofol is unwilling to stipulate to a protective order based on the foregoing, we will make ourselves available to meet and confer at a mutually agreeable time. Further, given that Omega will be seeking the withdrawal of the entire subpoena served on Subsurface as part of its motion for a protective order, any meet and confer regarding the Subsurface subpoena should be conducted only between Buergofol and Omega, and should not include Subsurface.

Sincerely,

Michael Neustel