# Exhibit D

*March 31, 2023 Email from Michael Neustel*

| | |
|---|---|
| **From:** | Michael Neustel |
| **To:** | Lester@imperiumpw.com; darien@imperiumpw.com; ehertz@dehs.com |
| **Cc:** | Meghann Joyce; meghann@denevanfalon.com; Michelle Breit; Monte Bond |
| **Bcc:** | Michael Neustel |
| **Subject:** | Professionalism and Omega"s Rule 11 Motion |
| **Date:** | Friday, March 31, 2023 6:38:00 PM |
| **Attachments:** | 2023-03-27 Letter re Buergofol"s Concealed Light Stream Prior Art Sales etc.pdf |

Dear Lester,

I recognize that litigation can be contentious, but it remains important for attorneys to exhibit respect and professionalism towards one another. Regrettably, I have not found this to be the case in our recent interactions, as detailed in my email on March 29, 2023. For example, the voicemail you left on my cellphone on March 27, 2023, at 2:49 pm CT contained the unprofessional remark, "*I don't think you are well versed in the law.*" Furthermore, during our meet and confer today, you unprofessionally referred to me as a "*fool.*" It appears that you have not taken my concerns seriously and are unwilling to improve your conduct in this case.

Based on my experience with California patent litigators, your behavior is a personal choice and is not a reflection of the California patent bar. Throughout my 25-year career, I have worked with many California patent attorneys who have displayed both respect and professionalism, even in contentious cases. A notable example is my representation of the University of North Dakota in a protracted patent case, where the opposing party, James Hardie, was represented by John Holcomb, a distinguished California patent litigator now serving as a federal judge for the Central District of California. Judge Holcomb consistently demonstrated respect in our communications, despite the challenging nature of the case.

I am aware that you are familiar with Judge Holcomb, who is currently presiding over the high-profile *Cap Export* case. In that instance, the court vacated a $1.1 million stipulated judgment in your client's favor under Rule 60(b)(3) due to the failure to disclose prior art sales to the opposing party (*Cap Export, LLC v Zinus, Inc.*, 2020 WL 5823567 (C.D. Cal. July 17, 2020), aff'd, 996 F.3d 1332 (Fed. Cir. 2021). The opposing party is now seeking $2 million in attorneys' fees from you and your client for failing to disclose prior art that has a hearing scheduled on May 12, 2023 at 11:00 a.m. (*Cap Export, LLC v Zinus, Inc.*, No. 2:16-cv-00371 (C.D. Cal. Dec. 22, 2022), ECF No. 424.

Similar to *Cap Export*, Buergofol is intentionally withholding prior art (e.g., 2009-2011 prior art sales to Light Stream) from Omega. This situation is particularly troubling given the apparent pattern of withholding highly relevant prior art information during patent litigation. Even more concerning is all of the improper tactics being taken in this case to prevent the disclosure of prior art that Buergofol knows about.

You now claim for the first time in your email below that Buergofol's counsel *did conduct a reasonable pre-suit investigation* into the validity and enforceability of the '882 patent. If true, this raises bigger concerns because you would have then known about the 2009-2011 prior art sales of inner film to Light Stream before filing the lawsuit against Omega. Regardless, you are now aware of the 2009-2011 prior art sales to Light Stream (see attached March 27, 2023 letter) yet you are still vexatiously pursuing the baseless lawsuit

against Omega.

Once I complete the Rule 11 motion, I will serve it upon you, after which you will have 21 days to withdraw at least the '882 patent from the lawsuit. This correspondence is without limitation, waiver, or prejudice to any of the rights or remedies of Omega Liner Company, Inc.

Regards,

Michael Neustel

Neustel Law Offices, LTD | 2534 South University Drive, Suite 4 | Fargo, ND 58103
Telephone: 701-281-8822 | Website: www.neustel.com | Email: michael@neustel.com

---

**From:** lester imperiumpw.com <lester@imperiumpw.com>
**Sent:** Friday, March 31, 2023 3:05 PM
**To:** Michael Neustel <michael@neustel.com>
**Cc:** Michelle Breit <michelle@neustel.com>; ehertz@dehs.com; meghann@redstonelawfirm.com; darien imperiumpw.com <darien@imperiumpw.com>
**Subject:** False Rule 11 Violation Accusations - Stop it

Mr. Neustel and other counsel for Omega,

I am sick of garbage accusations coming from you, against me personally. That has to stop.

In the meet and confer we just had, you repeated allegations against me, personally, for violating Rule 11, and you just stated "We know you did not do a pre-suit investigation." That was Mr. Neustel's statement. That is a false statement. I know for a fact, beyond question, that the statement is false. You do not know what I did, or did not do. Your repeated threatened Rule 11 motion against me is silly and unprofessional. The pre-suit investigation in a patent infringement action is work product, so Buergofol is not going to waive work product immunity as to the pre-suit investigation unless there is a Rule 11 motion actually made. At that point it is probably the decision of the client, Buergofol, whether they want to defend against the Rule 11 accusation with evidence of a pre-suit investigation.

I want to take this matter to the court. Michael Neustel says a lot of accusatory things that are just not true, and one of them is that Omega is going to bring a Rule 11 motion. You have no basis to do such an absurd thing. If Omega will actually bring a Rule 11 motion, and indicates so in writing in response to this email, then I agree to meet and confer immediately on the topic of that Rule 11 motion. I am available 24/7. And if after that meet and confer you back down, and fail to make the Rule 11 motion, then I will seek to have you and whoever else is engaging in these false accusations against me disciplined. I think it would be discovery abuse, and failure to engage in a meet and confer in good faith, for Mr. Neustel and any other Omega lawyer to be alleging that I, Lester Wallace, personally violated Rule 11, and then to fail to bring

the threatened Rule 11 motion. That would indicate that you knew all along that there was no evidence of a Rule 11 violation by me.

Michael, are you are serious and represent that you will bring a Rule 11 motion? Please advise.

This goes for Michelle Breit, and Monte Bond, and any other lawyer who is making baseless Rule 11 violation accusations against me, personally.

I take this personally, as I should.

Lester

T. Lester Wallace
**Imperium Patent Works LLP**
315 Ray Street
Pleasanton, CA 94566
(925) 862-9972