# Exhibit E

*August 1, 2023 Letter from Michael Neustel*



THE EVOLUTION OF PATENT LAW

August 1, 2023

*Via Email Only*

Darien K. Wallace
T. Lester Wallace
Imperium Patent Works LLP
PO Box 607
315 Ray Street
Pleasanton, CA 94556
*darien@imperiumpw.com*
*lester@imperiumpw.com*

Elizabeth S. Hertz
Davenport, Evans, Hurwitz & Smith, LLP
PO Box 1030
206 West 14th Street
Sioux Falls, SD 57101-1030
Email: *ehertz@dehs.com*

**Case:** *Buergofol GmbH v. Omega Liner Company, Inc.*, Case No. 4:22-cv-04112

**Re:**   Summary of Meet-and-Confer on August 1, 2023 at 12 pm CT

Dear Messrs. Wallace and Ms. Hertz,

This letter summarizes our telephonic meet and confer discussions today regarding Omega's responses to Buergofol's Interrogatory Nos. 7 and 8, along with other discovery matters.

**A.**   **Concerns Regarding Lester Wallace's Conduct During Meet/Confers.**
Before delving into the summary of our call today, I would like to first address the inappropriate conduct again displayed by Lester Wallace during our meet-and-confer today. Lester unprofessionally called Omega's counsel and its objections "*stupid*" and then reinforcing the Lester's unprofessional conduct Darien Wallace called the Omega's objections "*stupid*." This is similar to Lester's personal attacks during the July 6, 2023 meet-and-confer when he said "*stop asking dumb questions*" and "*It is always a waste of my time talking to you*."

Such inappropriate behavior undermines the purpose of a meaningful meet-and-confer and needs to stop.

**B.**   **Darien's Decision Regarding Patent Prosecution Bar.**
Omega renewed its request that Darien inform Omega as to whether he intends to continue prosecuting Buergofol's patents within the scope prohibited by the Court's patent prosecution bar or continue to represent Buergofol in this litigation. Omega's counsel restated that it requires that information before producing information that will trigger the prosecution bar. Of course, receipt of that information will eliminate the necessity for additional briefing on Omega's pending motion filed on July 20, 2023 (Dkt. 168).

During our call today, Darien stated that he had made a decision but stated that he continues to refuse to provide it to Omega.




Telephone: 701-281-8822
Fax: 701-237-0544
Website: www.neustel.com


Neustel Law Offices, LTD
2534 South University Drive, Suite 4
Fargo, North Dakota 58103

Michael S. Neustel
U.S. Patent Attorney
michael@neustel.com

**C.**   **Interrogatory No. 7.**

As indicated in my July 31, 2023 email, and reiterated in our call today, Omega will supplement its response to Interrogatory No. 7. During the meet and confer call, however, Buergofol did not raise any issue regarding Omega's continuing objection to producing its customer names or other identifying customer information, which was fully addressed in previous meet and confer discussions. Omega stands by that objection.

During the meet and confer call today, Omega's counsel made clear that it is no longer maintaining its objection to producing information regarding its products and sales prior to the filing date of the complaint (August 15, 2022) due to Buergofol's recent filing of its First Amended Complaint which included allegations regarding the marking requirements of 35 U.S.C. §287(a). Although Omega continues to maintain that the information is not relevant because Buergofol and/or its predecessor(s) in interest in the '269 patent did not comply with the marking requirements, in its supplemental response to Interrogatory No. 7, Omega will not withhold any information based on that objection.

To be clear, in supplementing its response to Interrogatory No. 7, Omega will be producing (and will <u>not</u> be withholding based on any objection), the following information relating to the liners requested by Interrogatory No. 7 to the extent the same is in Omega's possession, custody and/or control:

>    (a) any identifier YOU used to identify the individual OMEGA LINER such as, for example, the liner serial number that YOU assigned to the OMEGA LINER;
>    (b) the name of the supplier from whom YOU obtained the outer film (outer foil) that you used to make the OMEGA LINER;
>    (c) the diameter of the inner film (inner foil) of the OMEGA LINER;
>    (d) the purchase order number of the Omega purchase order YOU used to purchase the film that you then used as the inner film (inner foil) of the OMEGA LINER;
>    (e) the date YOU made the OMEGA LINER;
>    (f) the date of sale;
>    (g) the revenue YOU received for selling the OMEGA LINER.

**D.**   **Interrogatory No. 8.**

Omega has agreed to supplement its response to Interrogatory No. 8.

During the meet and confer discussion, the parties addressed Omega's relevancy objection. Omega asked Buergofol's counsel to explain how the information requested in sub-part (e) of Interrogatory No. 8 (asking for the percentages of different brands of polyamides used in the outer polyamide layer) was relevant to any of Buergofol's claims or the claims in the patents-in-suit. Buergofol responded by pointing to Omega's reply brief (Dkt. 117) in a different pending motion. When we asked for you to clarify where Omega's reply brief states that the *percentages* of different brands of polyamides was relevant, Buergofol could only contend that the portion of Buergofol's extrusion sheet table copied/pasted in the middle of page 14 of the brief (Dkt. 117) somehow showed percentages. When we pointed out that the table does not show percentages, that in its reply brief Omega only highlighted the *brands* of polyamides used in the table, and the reply brief included no argument regarding *percentages* of

polyamides, you refused to provide any additional explanation as to the relevance of the *percentages* of different brands of polyamides to the litigation or the patents-in-suit.

Omega continues to maintain that the *percentages* of different polyamide brands used for the outer polyamide layer are not relevant. In supplementing its response to Interrogatory No. 8, Omega will clarify that its relevancy objection pertains to that issue.

On a related point, Omega expects that Buergofol will also produce the brand names and product numbers of the polyamide(s) used in in its films' outer polyamide layer, as repeatedly requested by Omega, in light of the fact that Buergofol maintains, including in today's meet and confer, that such information is relevant to the claims and defenses in this litigation.

Also, during our phone call today, Darien raised an issue for the first time regarding Omega's designation of Attachment A as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and requested that Omega redesignate as only "CONFIDENTIAL." Upon consideration of the request, Omega will remove its AEO designation, and redesignate specific information in its supplemental response as "CONFIDENTIAL," rather than AEO. Please note, however, that Omega considers the information requested in subparts (d) and (e) of Interrogatory No. 8 to be HIGHLY CONFIDNETIAL – ATTORNEYS' EYES ONLY. Omega will apply that designation at the time that it supplements its response to Interrogatory No. 8 to include information requested in subparts (d) and (e) (which is now being withheld pending the Court's ruling regarding the patent prosecution bar).

We would also note that during the discussions regarding the AEO designation, Buergofol's counsel referred generally to an opinion or opinions of Judge Schierer of which they are aware which could affect the manner in which Omega designates confidential information. Despite our request that you provide us with the case citation(s), you refused. Such gamesmanship is unprofessional and unproductive – and certainly does not demonstrate a sincere effort by Buergofol to resolve disputes without Court involvement. Ironically and hypocritically, almost immediately afterward refusing to provide the case citation(s), you then demanded that Omega provide any case law of which it is aware that supports its confidentiality designation. Again, we are hopeful that Buergofol's counsel will cease its gamesmanship and unprofessional conduct.

As stated in my July 31, 2023 email, Omega has not yet responded to sub-parts (d) and (e) of Interrogatory No. 8 because, as set out in Omega's pending motion filed on July 20, 2023 (Dkt. 168), Omega requests that before it produces information triggering the patent prosecution bar, it knows of Darien's decision whether to continue to represent Buergofol in this litigation or continue to prosecute patents for Buergofol within the scope identified by the Court's Protective Order. Because Darien continues to refuse to inform Omega of his decision, once the Court issues an order regarding Omega's motion and the issue is fully resolved, Omega will  respond to sub-parts (d) and (e) of Interrogatory No. 8 to the extent such information is its possession, custody and/or control.

Buergofol also raised concerns that Omega did not expressly state in response to Interrogatory No. 8 that it conducted a reasonable search or where it searched.  When we mentioned that

Buergofol has not provided this information in response to any of Omega's discovery requests, Lester stated that Buergofol was currently working on updating its responses to Omega's discovery requests accordingly. We look forward to receiving Buergofol's supplemental discovery responses. Omega will also include in its supplemental response confirmation that it performed a reasonable search for information responsive to Interrogatory No. 8.

Finally, Buergofol requested that Omega update the serial numbers to be more reflective of the example in Buergofol's table. Please note that the format in Omega's original response reflects valid serial numbers as they were tracked by Omega in the ordinary course of business. We will, however, update the serial numbers to reflect the format provided by Buergofol, to the extent available and accurate.

**E.**     **Conclusion.**

I believe I have addressed all the issues raised in our meet-and-confer today, but if I have missed any issues that you believe I should have addressed please let me know immediately.

Sincerely,

Michael Neustel