# Exhibit F

*August 2, 2023 Letter from Darien Wallace*



# IMPERIUM PATENT WORKS

P.O. Box 607
Pleasanton, California 94566
Tel: (925) 862-9972
Fax: (925) 835-5804

Darien K. Wallace
direct line: (925) 550-5067
e-mail: Darien@ImperiumPW.com

August 2, 2023

Michael S. Neustel
Neustel Law Offices, LTD
2534 S. University Dr., Ste 4
Fargo, North Dakota 58103
michael@neustel.com
michelle@neustel.com
monte@neustel.com

Meghann M. Joyce
Denevan Falon Joyce
100 S. Dakota Ave., Second Floor
Sioux Falls, South Dakota 57104
meghann@denevanfalon.com

<u>VIA EMAIL ONLY</u>

Case: *Buergofol GmbH v. Omega Liner Company, Inc.*, No. 4:22-cv-04112-KES

Re: Mischaracterization of the Meet and Confer on 8/1/23 at 12 PM CT –
    Litigation Misconduct of Michael Neustel

Dear Michael:

    I write to complain about your unprofessional behavior at the meet and confer yesterday and your continued unethical litigation conduct in this case. I also object to your typical attempt to send a long letter afterwards that mischaracterizes the meeting as though you were not the aggressor with your bullying style of bossing me around. Michael, you are not the judge, you cannot give me orders, and you do not decide legal questions in this case.

    Your unilateral refusal in this case to produce samples of Omega's potentially infringing products (and many other requested items and documents) just because you think Omega has a marking defense or an implied licensing defense amounts to bad faith litigation conduct. Those defenses have not been ruled to be meritorious. You represent the infringer in a patent infringement case. As such, your refusal to produce requested evidence of infringement preceding the date of the filing of the complaint based on a flimsy pleading technicality, which you knew was remedied as a right with just a few lines added to the complaint, constitutes litigation misconduct. It was a deliberate ploy to delay discovery by six months. Not only did you delay discovery by six months, but you also drove up litigation costs in this case tremendously by injection specious and therefore frivolous arguments and process into most discovery requests in this case. All the lawyers in the case knew that your marking and implied license defenses that you trot out over and over again were not going to

- 2 -

prevent discovery by the patent owner into infringing acts by the defendant infringer. To deny Buergofol discovery into infringement would be unprecedented, a miscarriage of justice, and reversible error. As such, your conduct must be recognized for what it is, simple obstruction of discovery and bad faith litigation misconduct.

At the meet and confer, I used the innocuous term "stupid" to describe your latest attempted use of your marking objection. The complaint has been amended and yet we are still wasting our client's money arguing with you about how Omega can refuse to produce due to your same old marking argument. I now realize that I should have called your objection what it really is: an unethical, specious, legally unsupportable, bad faith smokescreen for obstructing discovery. Just calling your objection "stupid" was gracious.

The marking objection that you made in Omega's verified supplemental answer to Buergofol's ROG No. 7 has no basis in law. Your verified answer demands that Buergofol "<u>prove</u> compliance with the patent marking requirements of 35 USC 287(a)" before Omega will produce any responsive discovery prior to the filing date of the complaint. In many instances, a party cannot "prove" something until trial, so your tactic to shirk Omega's discovery obligations is made in bad faith. And I did not misunderstand your baseless and unethical objection considering that you doubled down and expanded on it in your email (7/31/23 9:10 PM) sent the night before the meet and confer. In your email, you assert that Buergofol's amending of the complaint to "plead" compliance with the marking statute was insufficient to overcome your baseless objection. Instead, you emphasized that Buergofol must first "<u>comply</u> with the marking requirements of 35 USC 287(a)" before Omega will produce responsive discovery prior to the date of the complaint. And you, acting as the judge in this case, have unilaterally decided that Buergofol has not proven that it complied with the marking statute to your satisfaction, so you decree that Buergofol will be denied the discovery required to prove infringement prior to the date of the complaint. This constitutes litigation misconduct in a patent case according to *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 572 U.S. 545 (2014).

The original date on which Buergofol's infringement contentions were due was July 21, 2023. Buergofol could not prepare its infringement contentions by that deadline because of your bad faith refusal to provide any samples of Omega's liner or film prior to the date of the complaint. Buergofol's infringement contentions are now due in October, but we need the liner and film samples now in order to test them. We need the names of the customers to whom Omega sold infringing liner (who are themselves infringers when they use the liner) so that we can obtain evidence of infringement from them when Omega inevitably claims not to have retained samples of <u>all</u> of the liners that Omega made, used, sold and offered for sale between 2017 and the date of the complaint. All of your tactics and strategery in this case have been to delay producing discovery that is damaging to Omega. In the meet and confer, you stated that you were "going to supplement" and that you were "hoping within the next two weeks" to produce responsive discovery that was due months ago. I anticipate that your strategy is to produce some (but not all) responsive discovery over time in an attempt to

- 3 -

argue that Buergofol may not file a motion to compel Omega to produce all responsive items in a timely manner.

It was especially revealing that at the meet and confer you stated that you were now willing to produce some liner and film because you had now determined that it could not damage Omega's case. Your conduct is unethical and in bad faith. You may not preselect which responsive items you choose to produce and the speed at which you choose to produce them based on whether you believe that they are damaging to your case. In your brief (Dkt. 159, 2:18) you wrote that it is "highly inaccurate and offensive" for Buergofol to contend that Omega has refused to cooperate with the discovery process. Buergofol's contention was not inaccurate, and it is your litigation behavior that is offensive.

Please stop sending your incessant letters that distort the circumstances in this case and the substance of our meet and confer conferences. We do not wish to be baited into responding to false statements and accusations in your letters just to defend ourselves or to set the record straight. Your biased letters are, after all, directed to Judge Schreier as opposed to Buergofol's counsel. Buergofol's attorneys have no need to receive a letter from you full of distortion and half-truths about a meet and confer that Buergofol's attorneys themselves attended. Such letters from you will not resolve any discovery disputes because of the untenable positions that you take. Stop trying to litigate through accusatorial letters which are based on unsupportable assertions of fact (as well as on plain old misrepresentations). You will note that we have not stooped to your level, and have not been responding to your numerous letters. Please stop sending us argumentative letters.

Importantly, Buergofol is not required to wait indefinitely for Omega to produce all of the requested discovery (including the names of the infringing purchasers of Omega's liner) before Buergofol files its motion to compel complete production. The clock is ticking. Buergofol's infringement contentions are due in October. We need and must have the discovery now.

Very truly yours,

Darien K. Wallace