# Exhibit G

*August 4, 2023 Letter from Michael Neustel*



THE EVOLUTION OF PATENT LAW

August 4, 2023

*Via Email Only*

Darien K. Wallace                           Elizabeth S. Hertz
T. Lester Wallace                           Davenport, Evans, Hurwitz & Smith, LLP
Imperium Patent Works LLP                   PO Box 1030
PO Box 607                                  206 West 14th Street
315 Ray Street                              Sioux Falls, SD 57101-1030
Pleasanton, CA 94556                        Email: *ehertz@dehs.com*
*darien@imperiumpw.com*
*lester@imperiumpw.com*

**Case:  *Buergofol GmbH v. Omega Liner Company, Inc.*, Case No. 4:22-cv-04112**

**Re:    Darien Wallace's August 2, 2023 Letter**

Dear Darien Wallace,

I am in receipt of your letter dated August 2, 2023, in which you levied accusations of
"bullying" and "unethical" conduct against me. I am forced to address at least some of the
many inaccuracies and inappropriate claims presented in your correspondence.

To begin, you assert that I engaged in "bullying" during the August 1, 2023 meet-and-confer,
yet you fail to provide any examples to substantiate this allegation. Contrarily, it was you and
Lester Wallace who resorted to using derogatory language by calling me "stupid," prompting
my co-counsel to intervene and halt the abusive behavior. Your attempts on page 2 of your
letter to rationalize such disparaging remarks only serve to highlight the actual source of
abusive conduct.

Furthermore, your repeated accusations that I am somehow "unethical" for raising well-
founded objections and "obstructed" discovery are entirely baseless. (*See e.g.*, Dkt. 59, pp.
21-23 setting forth Buergofol's failure to plead compliance with the marking requirements.)
Buergofol's failure to plead marking is not a mere "flimsy pleading technicality" as you state
but a *pleading requirement* that Buergofol chose not to address until recently for reasons only
known to you. Therefore, any delay in discovery was because of Buergofol's own inaction in
amending its complaint. Your unwarranted labeling merely reflects the pattern of abusive
behavior that we have observed from your side throughout this litigation.

Next, you falsely accuse me of refusing to produce samples of Omega's products and that
Buergofol is somehow unable to prepare its infringement contentions. However, your letter
fails to specify any specific items or information that you purportedly require but have not
received. While Buergofol has refused to produce any prior art for the past 8 months, *Omega
produced 16 samples of the film on December 23, 2022 (7 months ago)* used by Omega in its
liner products. (Bates Nos. OMEG-00001-OMEG-00016.) Moreover, on February 16, 2023,
you extensively argued to the Court that you had already tested 9 of Omega's inner film


Telephone: 701-281-8822
Fax: 701-237-0544
Website: www.neustel.com


Neustel Law Offices, LTD
2534 South University Drive, Suite 4
Fargo, North Dakota 58103

Michael S. Neustel
U.S. Patent Attorney
michael@neustel.com



samples and that you detected a "migrating compound" which you claim satisfies claim 1 of the '882 patent for infringement. (Dkt. 66, pp. 9-12.) Buergofol even claims the inner film it sold to Omega somehow infringes both patents-in-suit. You fail to explain what additional information Buergofol needs from Omega for its infringement contentions.

Lastly, your attempt to misrepresent a statement I made during our meet-and-confer on page 3 of your letter is entirely inappropriate and unprofessional. As you are well aware, your accusation during the meet-and-confer, suggesting that I intentionally withheld information detrimental to Omega's case, was baseless. My response to your baseless accusation merely expressed that I wanted to expedite Omega's supplemental production to Buergofol to demonstrate that there is no such alleged harmful information being withheld. Your deliberate mischaracterization of my statement reflects a lack of professionalism and integrity.

In conclusion, I strongly urge you to refrain from making false allegations and engaging in unprofessional behavior moving forward. As officers of the court, it is our duty to uphold the highest standards of integrity and professionalism in our interactions. Let us remain focused on resolving the issues at hand in a respectful and forthright manner.

Sincerely,

Michael Neustel

2