UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| BUERGOFOL GMBH,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>OMEGA LINER COMPANY, INC.,<br><br>　　　　　Defendant. | Civil Action No.: 22-cv-04112-KES<br><br>**BUERGOFOL'S SECOND SUPPLEMENTAL RESPONSES TO OMEGA'S REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO BUERGOFOL (SET ONE) (No. 13 of Nos. 1-14)** |

PROPOUNDING PARTY:　　OMEGA LINER COMPANY, INC.

RESPONDING PARTY:　　　BUERGOFOL GMBH

SET NUMBER:　　　　　　ONE (1)

To OMEGA and its attorneys of record:

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff BUERGOFOL GMBH ("Buergofol") hereby serves a second supplemental response to Request for Production No. 13 of Defendant OMEGA LINER COMPANY, INC.'s ("Omega") Set One (Nos. 1-14) of Requests for Production of Documents and Things as follows:

## GENERAL OBJECTIONS AND RESERVATIONS

Discovery in this case has just begun, and Buergofol and its counsel have, of course, not completed discovery or preparation for trial. The following responses, therefore, are based on Buergofol's present state of recollection, knowledge and belief. They are at all times subject to additional or different information that discovery may disclose, and, while based on the present state of recollection, are subject to such

1

refreshing of recollection, and such knowledge or facts, as may result from further investigation by Buergofol or it's attorneys. Buergofol will rely on documents not produced in this response to the extent those documents become known or available during the course of Buergofol's further investigation.

1. Buergofol's responses and objections are made without in any way waiving or intending to waive, but on the contrary, intending to preserve and preserving:

   a. All questions as to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose of the responses or subject matter thereof, in any subsequent proceeding in or at the trial of this or any other action, and the production of documents pursuant to these requests is, similarly, not to be deemed an admission as to the competency, relevancy, materiality, admissibility as evidence, or lack of privilege for any purpose in the above-entitled case;

   b. The right to object on any ground to the use of said responses, or the subject matter thereof, in any subsequent proceeding in the trial of this or any other action; and

   c. The right to object on any ground at any time to other requests for production, interrogatories, or other discovery procedures involving or relating to the subject matter of these requests.

2. Buergofol objects to each and every request, definition and instruction to the extent that it purports to impose any requirement or discovery obligation upon Buergofol other than as set forth in the Federal Rules of Civil Procedure, any applicable local rules of this Court, and the final Joint Rule 26(f) Report to be agreed upon by Omega to by Cap Export. (Dkt. 27) Buergofol is producing responsive, non-privileged documents, if any exist, subject to the objections set forth herein and pursuant to Federal Rule of Civil Procedure 34.

3. Buergofol objects to each and every request, definition and instruction to the extent that it seeks information that is not relevant to the subject matter of the present action or is not proportional to the needs of the case.

4. Buergofol objects to each and every request, definition and instruction to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable restriction upon discovery.

5. Buergofol objects to each and every request, definition and instruction to the extent that it purports to require Buergofol to disclose any information received from a third party under a nondisclosure agreement or the content of any part of any agreement between Buergofol and a third party which by its terms may not be disclosed by the Buergofol.

6. Buergofol objects to the definitions of "BUERGOFOL", "YOU" and "YOUR" to the extent that these definitions purport to include any company, individual, or entity other than Buergofol GmbH, a German limited liability company.  Buergofol will respond only to discovery that seeks discoverable information concerning plaintiff Buergofol GmbH.  Otherwise, the definitions are overbroad, burdensome and are inclusive of irrelevant subject matter.

7. Buergofol objects to the definition of "DOCUMENT" to the extent that this definition refers to an oral exchange of information and purports to require Buergofol to produce a recording where the oral exchange of information was not documented.

8. Without waiving the above general objections applicable to all of the requests, Buergofol will respond to these requests to the extent that:

    a. Information is presently known and available as a result of a reasonable search and inquiry by Buergofol;

    b. Information is not subject to the attorney-client privilege or the attorney work-product doctrine, and

    c. Buergofol has not further objected to particular requests.

The foregoing general objections shall be deemed continuous throughout the responses to specific document requests which follow, even though not specifically referred to in such responses. Buergofol will produce non-privileged, responsive documents, if any exist, subject to the objections set forth herein.

**PRODUCTION REQUESTS, OBJECTIONS AND RESPONSES**

REQUEST FOR PRODUCTION NO. 13:

All documents and things in the possession, custody or control of BUERGOFOL that could qualify as PRIOR ART to either of the PATENTS-IN-SUIT.

RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

Buergofol objects to Request No. 13 as being absurdly overbroad and therefore failing to warrant a response. It is impossible reasonably to limit the scope of "prior art to a patent." As used in 35 U.S.C. §102, "prior art" is an all-encompassing term that includes all subject matter that existed before the priority date in the form of one of the categories of disclosures enumerated in 35 U.S.C. §102. *Helsinn Healthcare S.A. v. Teva Pharm. USA, Inc.*, 586 U.S. ___, 139 S. Ct. 628, 129 U.S.P.Q.2d 1189 (2019) ("Disclosures described in §102(a)(1) are often referred to as 'prior art.'"). "Prior art" is not limited by subject matter, such as only subject matter that is analogous to a claimed invention. Consequently, the term "prior art" as used in §102 is not limited to subject matter for which any particular person (such as a USPTO examiner) has made an argument that some particular prior art discloses at least one claim limitation. And certainly the term "prior art" as used in §102 is not limited to anticipatory prior art, such as a patent document or printed publication that discloses each and every limitation of a particular claim.

Thus, Request No. 13 asks Buergofol to produce all insertion tubes, support or carrier material, resin, thermoplastic films, polyamide films, films with adhesive-

4

promoter layers, and documents refering to these things that are in the possession, custody or control of any of Buergofol's agents, employees, partners, contractors, salesmen, promoters, representatives, distributors, managers, secretaries, attorneys, accountants, family members, investigators, or any other person acting on behalf of, at the direction of, or under the control of Buergofol.  For example, the undersigned is an agent of Buergofol who is aware of prior art in the form of thermoplastic films that the undersigned has used to wrap food after a meal for keeping in a refrigerator.  The undersigned is also aware of prior art in the form of support or carrier material that is pink fiberglass used for home insulation.  The fact that a USPTO examiner probably would not use such thermoplastic food wrap, pink fiberglass insulation, or documents refering to these things in combination with other prior art to make an obviousness rejection under 35 U.S.C. §103 against a particular claim of one of the PATENTS-IN-SUIT does not exclude such things or documents from being prior art as that term is used in 35 U.S.C. §102.

   Thus, the amount of "prior art" responsive to Request No. 13 is overbroad, and it is unduly burdensome to attempt to assemble and produce all of the vast amount of documents and things that would qualify as PRIOR ART to either of the PATENTS-IN-SUIT.  The burden and expense of collecting and producing the requested documents and things outweighs the likely benefit.  Request No. 13 is unduly burdensome because the vast majority of the responsive documents and things is neither relevant to any party's claims or defenses, nor proportional to the needs of the case because the requested documents and things are not related to the claimed subject matter.  Buergofol is under no obligation to assist Omega by rewriting Request No. 13 into a proper prior-art production request for this patent case and then responding to the rewritten request.

   Further to the response above, the Court on July 13, 2023 issued an Order (Dkt. 164) stating that Omega's original definition of the term PRIOR ART as it appears in overbroad Request No. 13 was narrowed to anticipatory prior art by an implicit

incorporation of narrowing clarifications of "prior art" taken from (1) a first email from Omega's counsel dated December 27, 2022 referring to 35 U.S.C. §§ 102 and 103, and (2) a second email from Omega's counsel dated January 18, 2023 stating that "PRIOR ART includes any references that . . .." The Court found that PRIOR ART (for purposes of responding to "Interrogatory Four" and "Request for Production Thirteen") is limited to anticipatory prior art references, as explained by the Court in the excerpt below:

> ". . .'[t]o anticipate a claim, a ***prior art reference*** must disclose every limitation of the claimed invention, either explicitly or inherently. [citation omitted] Because this limitation was ***implicitly incorporated*** into Omega's definition of prior art, the broad categories in § 102 do not render Interrogatory Four or Request for Production Thirteen overbroad."

(Dkt. 164, 11:8-10) (emphasis added). That statement in the Order states that the term "prior art" is being "implicitly" limited to "anticipatory prior art." The Court then ordered that Buergofol respond to Request for Production No. 13 "as clarified in this order" within 21 days. (Dkt. 164, 17:6-7) Buergofol complies and supplements its response to Request for Production No. 13 "as clarified in this order" as follows: Buergofol does not have any anticipatory prior art to either of the patents-in-suit in its possession, custody or control.

Further to the response above, the Court on August 3, 2023 issued an Order (Dkt. 181) stating that Omega's original definition of the term PRIOR ART as it appears in overbroad Interrogatory Four was narrowed to anticipatory prior art as well as analogous prior art. Buergofol complies and makes a second supplemental response to Request for Production No. 13 as follows:

The attempted defining of "analogous prior art" in Dkt. 181 is legally erroneous to the extent that the Order implies that "analogous prior art" is defined by 35 U.S.C. § 103, as Omega incorrectly asserted. Section 103 does not define "analogous prior art" or any prior art. For purposes of this second supplemental response, Buergofol will apply the concept of "analogous prior art" as provided by the federal judiciary in caselaw,

6

beginning with *In re Winslow*, 365 F.2d 1017, 1020 (Cust. & Pat. App. 1966). "Analogous prior art" includes both (1) prior art that is from the ***same field of endeavor*** as the claimed invention, and (2) prior art that is reasonably ***pertinent to the particular problem*** with which the inventor is involved even if it is not in the same field of endeavor. *In re Bigio*, 381 F.3d 1320, 1325 (Fed. Cir. 2004). An item of "analogous prior art" need not necessarily disclose even a single claim element of the claimed invention. Most of the near limitless items of analogous prior art could not be used under Section 103 to invalidate any claim of the patents-in-suit. However, "analogous prior art" is a subset of "prior art" as defined by 35 U.S.C. § 102, and no documents or things that could not qualify as "prior art" under 35 U.S.C. § 102 can qualify as "analogous prior art."

       Analogous prior art is hardly ever, if ever, identified as a closed set of items of prior art. Typically, the concept of "analogous prior art" is considered only with respect to a particular item of prior art as used in a particular § 103 combination. The item of prior art may not be used in a § 103 combination if it is not "analogous prior art." In order to disqualify an item of prior art from being used in a § 103 combination, the involved analysis of whether that item is "analogous" can be concentrated on a single item of prior art. All of the arguments as to why a particular item of prior art is not "analogous" will become apparent only after an extensive analysis and comparison of the particular item of prior art is performed. Therefore, Buergofol's second supplemental response to overbroad Request for Production No. 13 is not a representation or admission that all of the many items of prior art produced in response to the request would be "analogous prior art" in any particular § 103 combination. Buergofol reserves the right to argue that any particular item of prior art produced in response to overbroad Request for Production No. 13 is, in fact, <u>not</u> "analogous prior art."

       Buergofol responds to clarified RFP 13 as follows:

Pursuant to Rule 34(b)(2)(C), Buergofol states that it is not withholding any responsive materials on the basis of any objection. However, to the extent that compliance with the clarified RFP 13 pursuant to Order 181 requires Buergofol's attorneys to interview all of Buergofol's approximately 300 employees in three separate cities in Germany to determine whether any of those employees is in possession of a responsive document or thing, Buergofol's attorneys have not been able to conduct more than a few interviews during the week since Order 181 was issued on August 3, 2023. Most of the employees are shift workers in the factories who do not have offices or company telephones and cannot be interviewed by making a telephone call. However, the probability is low that any of the shift workers would be in the possession, custody or control of any document or thing that could qualify as analogous prior art because the sale or use of anything in Germany does not qualify as prior art to either of the patents-in-suit. The most likely thing that could qualify as analogous prior art is printed publications published more than a decade ago in the applicable fields of endeavor. Buergofol's attorneys are producing or identifying tens of thousands of analogous prior art printed publications. So the only additional responsive documents that shift workers might have are printed publications from their personal lives that are over a decade old and that relate to common items, such as re-sealable sandwich bags, sticky notes, or septic system renovations of their homes. Proprietary Buergofol documents in the possession of Buergofol's employees are not analogous prior art because they are not printed publications as that term is used in 35 U.S.C. § 102, and foreign sales and foreign public use are not prior art.

Buergofol responds to clarified Request for Production No. 13 by producing BF12000-BF13529, which contain or list responsive documents or things.

8

Dated this 10th day of August, 2023

                              **IMPERIUM PATENT WORKS LLP**

                By  /s/ Darien K. Wallace
                     Darien K. Wallace *(Pro Hac Vice)*
                     P.O. Box 607
                     315 Ray Street
                     Pleasanton, CA 94566
                     Phone (925) 550-5067
                     Fax (925) 835-5804
                     Email darien@imperiumpw.com

                     Attorney for Plaintiff Buergofol

## CERTIFICATE OF SERVICE

The undersigned certifies that, on the date indicated above, a true and correct copy of the foregoing document was served electronically using the CM/ECF system or email:

- Meghann M. Joyce (meghann@denevanfalon.com), *Attorney for Defendant*
- Michael Neustel (michael@neustel.com), *Attorney for Defendant*
- Michelle G. Breit (michelle@neustel.com), *Attorney for Defendant*
- Monte M. Bond (monte@neustel.com), *Attorney for Defendant*

/s/ Darien K. Wallace
Darien K. Wallace *(Pro Hac Vice)*
P.O. Box 607
315 Ray Street
Pleasanton, CA 94566
Phone (925) 550-5067
Fax (925) 835-5804
Email darien@imperiumpw.com