UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| Buergofol GmbH,<br><br>        Plaintiff,<br><br>vs.<br><br>Omega Liner Company, Inc.,<br><br>        Defendant. | Case No. 4:22-cv-04112<br><br>**OMEGA'S SUBMISSION REGARDING THE CONTINUING ISSUES WITH BUERGOFOL'S THIRD REVISED PRIVILEGE LOG PURSUANT TO MAGISTRATE JUDGE DUFFY'S ORDERS RESULTING FROM THE SEPTEMBER 18, 2023 HEARING (DKT. 229, 238)** |

**A.    Introduction.**

On September 18, 2023, the Court heard Omega's Motion to Compel Buergofol to Produce a Complete Privilege Log. (Dkt. 127.) During the hearing, the Court ruled from the bench granting Omega's motion ordering that:

(a)    Omega was to identify the deficient log entries in Buergofol's Second Revised Privilege Log dated August 14, 2023 by September 21, 2023 at 9:00 a.m.;

(b)    Buergofol was to provide an updated privilege log within 30 days of receiving Omega's identified deficiencies that satisfies the seven elements in Section V(11) of the parties' Joint Rule 26(f) Report (Dkt. 27, 8:7-16); and

(c)    Omega was to notify the Court of any continuing problems with Buergofol's updated privilege log within five business days of receiving the updated privilege log. (Dkt. 238, 77:7 – 79:22; Dkt. 229, Text Order.)

1

On September 20, 2023, Omega served a highlighted version of Buergofol's privilege log identifying the entries for which Omega was unable to evaluate Buergofol's claim of privilege, which is attached hereto as Exhibit A. On November 22, 2023, Buergofol served a revised privilege log, which is attached hereto as Exhibit B.

### B. Required Seven Elements of Privilege Log – Joint Rule 26(f) Report.

The Court ordered Buergofol to update its privilege log to satisfy the seven elements in Section V(11) of the parties' Joint Rule 26(f) Report. (Dkt. 238, 77:7-14, 78:2-5.) The seven elements in Section V(11) of the Joint Rule 26(f) Report are stated below:

> 11. The parties agree to log their privileged and/or work product documents through use of a privilege log listing certain information about each withheld document. The privilege log shall specify the following for each document being withheld: (1) name and job title or capacity of document author; (2) name and job title or capacity of each document recipient; (3) date document prepared and, if different, date shared with persons other than author; (4) **title and description of document**; (5) **subject matter addressed in document**; (6) **purpose(s) for which document was prepared/created**; and **(7) specific basis for privilege claimed**.

(Dkt. 27, 8:7-16 (emphasis added).)

Buergofol's privilege log updated November 22, 2023, remains deficient. Omega attaches hereto as Exhibit C a highlighted version of Buergofol's November 22, 2023, updated privilege log with a column inserted showing Buergofol's August 14, 2023 "Subject matter and purpose for privilege" column for comparison purposes. (Ex. C.) The contested entries are highlighted in yellow. (Ex. C, at entry numbers 28, 30-32, 35-40, 42, 45, 54, 56, 58, 65-67, 71, 72, 75, 76, 78, 92, 94, 97, 98, 103, 106, 117, 136-140, 159, 160, 163, 170, 171, 173-177, 180, 181, 183, 186, 187, 189, 195, 196, 200, 207-213, 218, 222, 229, 232, 234, 246, 248, 251-255, 259, 261-270, 273-287.)

### C. No Entries Include "Title and Description of Document."

First, none of the entries in Buergofol's updated privilege log include the "title and description of document" as required. (Exs. B and C.) There is a "Document type" field in Buergofol's updated privilege log, but there is no title or description of the document in this field.

### D. Buergofol's Updated Privilege Log Fails to Address Prior Deficiencies.

Second, Buergofol's updated privilege log does not address the deficiencies already found by the Court, precluding the assessment of the application of a privilege or work-product protection that were identified by Omega and discussed at the hearing. (Dkt. 238, pp. 62-72.) This is especially true for the claims of work product, particularly those involving third parties. (*See, e.g.*, Exs. B and C, at entries 30-32, 42, 65, 72, 75, 76, 78, 92, 97, 159, 160, 163, 173, 174, 176, 177, 180, 181, 183, 186, 187, 195, 196, 200, 208, 210, 211, 218, 232, 234, 251-55, 259, 261-64, 268, 269, and 273-87.)

None of the entries involving third parties contain the full and complete information for one or more of the following items from the Joint Rule 26(f) Report: ". . . (4) title and description of document; (5) subject matter addressed in document; (6) purpose(s) for which document was prepared/created; and (7) specific basis for privilege claimed." (Dkt. 27, 8:7-16.)

### E. Entries for Dr. Rolf Gruetzner (Third-Party).

For instance, the entries involving information provided by Dr. Rolf Gruetzner of BASF merely make vague and general references to information or a "report" obtained for litigation. (*See, e.g.*, Ex. C, at entries 30-32, 173, 174, 187, 200, 208, 210, and 211.) Yet there is no title of the report or subject line of the email disclosed, description of the subject matter of any report or the nature or type of information obtained, or identification of the anticipated litigation. And the general claim of work product is not supported by the required factual basis.

Complicating matters is that Buergofol recently submitted the declaration of Dr. Gruetzner in support of its response to Omega's motion for sanctions. (Dkt. 283.) As the Court is aware, the information regarding testing performed by BASF, at least some of which involved Dr. Gruetzner, is the subject of the Court's order (Dkt. 233) and Omega's Motion for Sanctions. (*See* Dkt. 262.) In order to obtain further information from Dr. Gruetzner and BASF, Omega sought his deposition, but Buergofol refused, claiming he is a "disinterested" third-party fact witness and a foreign national not retained by Buergofol. (Ex. D, p. 1.)

While Buergofol claims Dr. Gruetzner is only a "disinterested" fact witness (Ex. D, p. 1), there are several log entries in which Buergofol claims it obtained information from Dr. Gruetzner under Fed. R. Civ. P 26(b)(3). This rule addresses limitations on discovery regarding "Trial Preparation: Materials" "prepared by or for another party" and is merely a "formal rule on work product." *In re Turk. Antitrust Litig.*, 2022 WL 797180318, at *7 (N.D. Ill. Mar. 16, 2022) (citing the Advisory Committee Notes). Indeed, the Rule highlights the qualified nature of a claim of work product and allows for the production of the information regardless of a claim of work product under certain circumstances. Thus, referring to this Rule merely repeats a claim of work product and does not provide the requisite "basis" supporting the claim as required by the Joint Rule 26(f) Report. (Dkt. 27, 8:7-16.)

If Dr. Gruetzner is merely a "disinterested" third-party fact witness as Buergofol states, then the information obtained from him is not privileged or protectible work product. If Dr. Gruetzner is Buergofol's expert providing a "report," then he is subject to the disclosure requirements of Fed. R. Civ. P. 26, and any information he relied on or provided is not protectible. In the end, there simply is not enough information provided to assess his status and the claims of work product.

### F. Entries for Hendrik Schnur (Third-Party).

The entries for another third-party witness, Hendrik Schnur, who is the Technical Sales Manager of Henkel AG & Co. KG, suffer from the same deficiencies as for Dr. Gruetzner and were also little changed from the original entries. (*See, e.g.*, Exs. B and C, at entries 170, 171, 175, 180, 181, 183, 186.) As with Dr. Gruetzner, Buergofol claims it obtained a "report" from Mr. Schnur regarding its claims. Fed. R. Civ. P. 26(b)(3). As with the entries of Dr. Gruetzner, there is no title of the report or subject line of the email disclosed, description of the subject matter of any report or the nature or type of information obtained, or identification of the anticipated litigation. And the general claim of work product is not supported by the required factual basis. And as with Dr. Gruetzner, the factual information obtained from him is not privileged or protectible work product. If he is an expert providing a "report," then he is subject to the disclosure requirements of Fed. R. Civ. P. 26, and any information he relied on or provided is likewise not protectible.

### G. Entries for Rene Quitter (Third-Party).

The entries involving the third-party witness Rene Quitter, of the Monte Vista Group, are also deficient. These entries merely state Buergofol obtained information in support of its claims for anticipated litigation or obtaining patent rights. (*See, e.g.*, Exs. B and C, at entries 71, 72, 75, 97, 163, 218, 273-87.) There is no title of the documents (e.g., subject line of the email) or description of the subject matter or the nature or type of information obtained, or identification of the anticipated litigation. And the general claim of work product is not supported by the required factual basis. Again, as a third-party witness, the information obtained from him is not privileged or protectible work product. And to the extent he was involved with obtaining patents for or on behalf of Buergofol, that information is not privileged or protectible work product.

5

### H. Entries for Loparex (Third-Party).

As the Court is aware, Buergofol purchased the '269 Patent – one of the patents-in-suit – from Loparex – a third party – prior to filing suit. There are several entries on the log involving Loparex. (*See, e.g.*, Ex. C, at entries 92, 159, 160, 176, 177, 195, 196, 232, 234, 251-55, 259, 262-64. 268, 269.) These entries merely state that Buergofol obtained information and patent rights but fail to identify the nature or type of information obtained, or otherwise demonstrate how information received from a third party resulting from an arms-length transaction to purchase a patent is work product. Additionally, as the Court is aware, Buergofol was ordered to contact Loparex to obtain file histories for the '269 Patent. (Dkt. 233.) But Buergofol also made sure Loparex understood it was not required to cooperate, further thwarting Omega's efforts to obtain information relevant to its claims and defenses. (*See* correspondence attached as Exhibit F.)

### I. Entries for Buergofol's Employees.

There are several entries involving only Buergofol employees that are deficient as well. (*See, e.g.*, Exs. B and C, at entries 106, 137-40, 163, 189, 207, 209, 212, 213, 222, 229, 232, 246, 248, 251, 265-67.) Many of these entries reference a "report," but there is no title of the report or subject line of the email disclosed, description of the subject matter of any report or the nature or type of information obtained, or identification of the anticipated litigation. And the general claim of work product is not supported by the required factual basis. (*See, e.g.*, Ex. C, at entries 137-39; 207, 209, 212, 213, 229.) Some entries appear to reference factual information, some of which appear to be obtained from others. *Id.* But there is no description of the subject matter or the nature or type of information obtained, or identification of the anticipated litigation or a factual basis supporting a claim of work product.

**J.      Conclusion.**

Omega respectfully requests that the documents identified in each entry highlighted by Omega in Exhibit C be produced to the Court for in camera inspection to determine if a valid basis for the claim of privilege or work product exists. And, in particular, Omega further requests that for those documents claimed to be work product, the Court identify whether such documents include factual information as opposed to purely "mental impressions, conclusions, opinions or legal theories" of counsel which can be redacted. *See e.g.*, Fed. R. Civ. P 26(b)(3)(B).

Dated this 30th day of November, 2023.

DENEVAN FALON JOYCE PROF. LLC

/s/ *Meghann M. Joyce*
BY:  Shannon R. Falon
    Meghann M. Joyce
    100 S. Dakota Ave, Second Floor
    Sioux Falls, SD 57104
    Telephone: 605.219.9465
    Email: shannon@denevanfalon.com
           meghann@denevanfalon.com

Michael S. Neustel *(admitted pro hac vice)*
Michelle G. Breit *(admitted pro hac vice)*
Monte M. Bond *(admitted pro hac vice)*
NEUSTEL LAW OFFICES, LTD
2534 South University Drive, Suite 4
Fargo, ND 58103
Telephone: 701.281.8822
Email: michael@neustel.com
       michelle@neustel.com
       monte@neustel.com

*Attorneys for Defendant Omega Liner Company, Inc.*