

# IMPERIUM PATENT WORKS

P.O. Box 607
Pleasanton, California 94566
Tel: (925) 862-9972
Fax: (925) 835-5804

Darien K. Wallace
direct line: (925) 550-5067
e-mail: Darien@ImperiumPW.com

November 16, 2023

Michael S. Neustel
Neustel Law Offices, LTD
2534 S. University Dr., Ste 4
Fargo, North Dakota 58103
michael@neustel.com
michelle@neustel.com
monte@neustel.com

Meghann M. Joyce
Denevan Falon Joyce
100 S. Dakota Ave., Second Floor
Sioux Falls, South Dakota 57104
meghann@denevanfalon.com
shannon@denevanfalon.com

<u>VIA EMAIL ONLY</u>

Case: *Buergofol GmbH v. Omega Liner Company, Inc.*, No. 4:22-cv-04112-KES

**Re: Depositions of Dr. Gruetzner and Dr. Boutrid requested by Michael Neustel to be used in Omega's reply brief for its motion for sanctions (Dkt. 261)**

Dear Michael:

    We are in receipt of your letter dated November 14, 2023 in which you request that Buergofol make available for depositions in Sioux Falls by December 5, 2023, the two German residents Dr. Rolf-Egbert Gruetzner and Dr. Abdel-Kader Boutrid. You state that you plan to use their deposition testimony to support Omega's reply for its motion for sanctions (Dkt. 261), which relates to the fabricated "second BASF analysis of the 2012 Sudpack film." Therefore, you demand that the depositions occur on an expedited schedule before Omega's reply brief is due.

    With regard to Dr. Gruetzner, who is a disinterested third-party individual living in Germany who is neither an employee nor agent of Buergofol, Buergofol has no power to "make Dr. Gruetzner available for deposition" as you say. Dr. Gruetzner does not answer to Buergofol. Dr. Gruetzner is not a retained expert in this case. Dr. Gruetzner is not a treating physician. The case law you cite as purported authority for demanding that Buergofol produce Dr. Gruetzner, *Murphy v. Kmart Corporation*, 07-cv-5080-KES, 2009 WL 1617477, at *5 n.2 (D.S.D. June 9, 2009), is in fact not authority that would require Buergofol to make Dr. Gruetzner available for a deposition. *Murphy v. Kmart* involved a motion to designate a treating physician as an expert after the expiration of the deadline for designating experts. There are at least three reasons why *Murphy v. Kmart* provides no basis for compelling Buergofol to designate Dr. Gruetzner as

**OMEGA EXHIBIT D**

- 2 -

an expert witness and then to produce him for a deposition.  First, the deadline for designating expert witnesses has not yet arrived.  Second, Buergofol has not filed a motion seeking to designate Dr. Gruetzner as an expert, as Mr. Murphy sought to designate Dr. Ertz in *Murphy v. Kmart*.  Third, Dr. Gruetzner did not provide any expert opinion in his declaration—he just stated facts.

  Buergofol obtained Dr. Gruetzner's declaration statements and presented them to the Court in this case in order to rebut the fabrications you made that Dr. Gruetzner prepared a "second BASF analysis of the 2012 Sudpack film" and that Dr. Gruetzner stated that all Ultramid polyamide versions contain EBS wax (emphasis by you).  Dr. Gruetzner's factual statements were obtained in response to Omega's motion for sanctions, which is based on the fictitious "second BASF analysis" that you misled the Court into believing occurred.  Dr. Gruetzner's declaration, which pertains to facts, does not present expert opinion testimony.  Dr. Gruetzner is merely a third party residing in Germany who happens to be a fact witness.  Buergofol will not, at this time, be formally supplementing Buergofol's Rule 26(a) disclosures to list Dr. Gruetzner as a fact witness because pursuant to Rule 26(e)(1)(A) Dr. Gruetzner's identity has been made known to Omega in writing in his declaration (Dkt. 283), in this letter, and on BF2581-82.

  With regard to the deposition of Dr. Boutrid, you served an objectionable notice of deposition without first conferring with Buergofol about a convenient time and place for the deposition.  That was unprofessional.  The deposition notice is especially troubling considering that you provided only 21 days notice during the holiday period to an overseas witness who is supposed to travel to Sioux Falls for the deposition.

  More troubling is your purported reason for rushing Dr. Boutrid's deposition.  You admit that you would like to use Dr. Boutrid's testimony in Omega's reply to Buergofol's opposition (Dkt. 284) to Omega's motion for sanctions (Dkt. 261) relating to the fictitious "second BASF analysis" and the false statement that Dr. Gruetzner told Dr. Boutrid that all Ultramid versions contain EBS wax.  Omega's reply was due on November 24, 2023, and you obtained a 2-week extension purportedly because November 24 falls during Thanksgiving week.  Yet you do not offer the same extended timetable for Dr. Boutrid's deposition, which must also be prepared and arranged during the same holiday period.  It is apparent that your efforts to extend the time to file your reply but to rush the scheduling of Dr. Boutrid's deposition amount to gamesmanship.

  Buergofol will not play along and agree to a rushed and burdensome deposition of Dr. Boutrid, especially considering that your reply is for your motion to sanction Buergofol based on your fabrications about what BASF, Dr. Gruetzner and Dr. Boutrid said and did.  Buergofol will produce Dr. Boutrid for deposition, but not on the unworkable dates of December 5-6.  Dr. Boutrid has demands on his time.  Under the circumstances, considering extra days of international travel, jet lag, and time away from work, forcing Dr. Boutrid to travel from Germany to Sioux Falls and back to Germany in order to have his deposition taken would subject Dr. Boutrid to undue and unwarranted burden.  Buergofol requests that any deposition of Dr. Boutrid be taken by remote means.  For example, Buergofol

OMEGA EXHIBIT D

- 3 -

proposes that you arrange to take the deposition remotely on December 11-12, 2023 using a worldwide court reporting company, such as Planet Depos. Of course, this would require some coordination with me, especially if you would like an in-person video in addition to the recording of the Zoom videoconference. The deposition of Dr. Boutrid would require a translator, which Planet Depos could arrange, and would be limited to 14 hours pursuant to the Scheduling Order (Dkt. 136, ¶4). Accordingly, Buergofol requests that the objectionable notice of Dr. Boutrid's deposition be withdrawn. If the notice of deposition is not withdrawn, Buergofol may be forced to move for an appropriate protective order in order to protect the witness and Buergofol from unwarranted and undue burden.

      In your reply brief, you will probably have to justify your fabrications based on the facts that you had when you wrote Omega's briefs and your personal letters containing those fabrications. You will not be able to use deposition testimony from either Dr. Gruetzner or Dr. Boutrid to justify statements and accusations that you made without factual basis in Omega's motion to compel (Dkt. 175) and motion for sanctions (Dkt. 261).

Very truly yours,

Darien K. Wallace

**OMEGA EXHIBIT D**