UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BUERGOFOL GMBH,<br><br>Plaintiff,<br><br>vs.<br><br>OMEGA LINER COMPANY, INC.,<br><br>Defendant. | 4:22-CV-04112-KES<br><br>ORDER AS TO DEFENDANT OMEGA LINER COMPANY, INC.'S MOTION FOR SANCTIONS<br><br>Docket No. 261 |

**INTRODUCTION**

This matter is pending in the district court on Buergofol GMBH's ("Buergofol") first amended complaint alleging defendant Omega Liner Company, Inc. ("Omega") violated two patents held by Buergofol. Docket No. 163. Omega has counterclaimed alleging various independent claims and asserting that Buergofol's patents are invalid and, even if they are valid, that Omega did not infringe upon them. Docket No. 179 at pp. 47-70.

Previously, nine discovery motions were referred to this magistrate judge for decision. At a hearing held September 18, 2023, this court ruled on the issues in those motions. See Docket Nos. 226—234. Omega now brings a motion for sanctions (also referred to this magistrate judge for determination), alleging Buergofol has not complied with various rulings this court issued at

Docket Nos. 233 and 234, which resolved motions to compel filed by Omega at Docket Nos. 92 and 175.

## DISCUSSION

**A.    Request for Production No. 103**

Omega served request for production number 103 on Buergofol, asking for production of "All documents constituting or related to any communications regarding EBS wax within an outer layer of film."

Omega moved for an order compelling Buergofol to produce documents pursuant to this request.  Docket No. 175.  Buergofol had produced documents indicating that BASF had conducted initial testing of film for EBS wax in 2020.  Docket No. 178 at p. 16.  Other documents produced by Buergofol led Omega to believe that BASF had conducted a second testing of Sudpack film after the first test in 2020.  Id.  Buergofol denied that there were any documents regarding a second testing.

At the hearing in this matter, Buergofol represented to the court that, in fact, no documents existed that were responsive to this request.  Buergofol stated that BASF *did* conduct testing of Sudpack Film in 2020, but stated that that testing was of contemporaneous film; it was not testing of film from 2012.  Buergofol maintained that there was no second BASF analysis.  Docket No. 262-1 at p. 187-88.

Because the court believed that Buergofol's original response to request for production number 103 did not make clear that there were no responsive documents, the court ordered Buergofol to "file an amended response to the

request making unequivocally clear that BASF conducted no second analysis of *any* Sudpack film." Docket No. 233 (emphasis supplied).

After the hearing, Buergofol filed a revised response to request for production 103 stating "No such second BASF analysis of the *2012* Sudpack Film ever existed, so . . . [it] cannot be produced. Buergofol is not in the possession, custody or control of any second BASF analysis of the *2012* Sudpack film." Docket No. 262-2 at p. 4 (emphasis supplied).

As Omega correctly points out, the court's order to Buergofol was not to make clear that it did not possess any BASF analysis of a *2012* Sudpack film. Docket No. 262-1 at pp. 186-89. Rather, in keeping with the language used in request number 103 ("*all* documents . . ."), the court ordered Buergofol to file a response clearly indicating it had no documents pertaining to testing of *any* Sudpack film by BASF in 2020. Id. at p. 188. Buergofol's amended response does not comply with the court's order because the answer is limited to stating only that Buergofol has no documents pertaining to the *2012* film. That is not what the discovery request asked for and it is not what this court ordered.

Buergofol throws up numerous objections to this conclusion. First, it objects that this court forced Buergofol's attorney to be a fact witness about these facts. The court rejects this characterization. The hearing on Omega's motion to compel was held on September 18, 2023. By that time, Omega's motion to compel documents pursuant to request for production number 103 had been pending for approximately two months. The court entertained oral argument on the motion to allow both sides to present their facts and

3

argument in support of and in opposition to the motion to compel. Yes, the court expected that Buergofol's attorney, Darien Wallace, would have spoken to his client and any fact witnesses in anticipation of the hearing and that he could accurately state the facts as he had learned them to be. Alternatively, Mr. Wallace could have called a fact witness at the hearing or filed an affidavit from a fact witness and summarized the facts asserted in oral argument at the hearing. This court set the hearing date on August 8, 2023, so Mr. Wallace had ample time to discover the facts pertaining to request 103.

Next, Buergofol attempts to relitigate the contest over request 103 by calling into question factual representations Omega's counsel made about the request in the original motion and providing new affidavits from third parties. It is far too late for that. This court is not going to go back and relitigate this matter. Buergofol was allowed to present its facts and argument at the September 18 hearing. That was the time to bring forward the facts Buergofol now wants the court to consider. Instead, at the hearing, Buergofol's attorney, Mr. Wallace, represented that in 2020 BASF did not conduct a second test of any Sudpack film. The court ordered Buergofol to file an amended response to request 103 simply stating that fact: no further documents exist because no second testing of a Sudpack film was performed by BASF in 2020. Buergofol has waffled on providing that response, in opposition to the court's order, limiting its response to whether a second testing of a *2012* Sudpack film was conducted by BASF.

Omega's request for sanctions is granted as to request 103. Furthermore, Buergofol is ordered to file an amended response to request for production number 103 stating whether there is a second BASF analysis of *any* Sudpack film in the year 2020.

**B.    Interrogatory Numbers 11 and 12 and Requests for Production 6 & 7**

Omega served Buergofol with interrogatory numbers 11 and 12 and requests for production of documents 6 and 7. Those interrogatories asked Buergofol to identify any shipments of a particular type of film that Buergofol would have shipped prior to June 15, 2009 (interrogatory no. 11), or prior to March 11, 2012 (interrogatory no. 12). Docket No. 176-23 at pp. 16, 19-20. Requests for production 6 and 7 asked Buergofol to produce documents related to layers of all inner foil made by or offered for sale by Buergofol prior to March 11, 2013. Docket No. 93-2 at pp. 7-9. Buergofol responded with multi-page responses asserting numerous objections. Docket No. 176-23 at pp. 16-19, 20-23; Docket No. 93-2 at pp. 7-9. At the end of its discovery responses, Buergofol asserted no persons or documents were identified that were responsive. Docket No. 176-23 at pp. 19, 22; Docket No. 93-2 at pp. 7-9.

At the hearing on Omega's motion to compel Buergofol to identify and produce the documents requested, Buergofol stated to the court that no production documents prior to 2018 exist and no commercial documents from prior to 2013 exit. Docket No. 262-1 at p. 152-53. Because Buergofol's written response, by asserting pages of objections and then stating no documents exist, created ambiguity as to whether any documents were being withheld by

5

Buergofol pursuant to an objection, the court ordered Buergofol to file revised written responses to interrogatory numbers 11 and 12 and requests for documents number 6 and 7.  Specifically, the court ordered Buergofol "to file revised responses to these discovery requests making unequivocally clear what documents are retained by it and that no documents or information responsive to these requests is available."  Docket No. 234.

Thereafter, in response to the court's order, Buergofol filed amended written responses to interrogatory numbers 11 and 12 and responses to requests for documents 6 and 7 stating it had searched for "reasonably accessible" documents and found none.  Docket No. 262-4 at pp. 6, 11; Docket No. 262-6 at pp. 5-7.  Omega objects to Buergofol's insertion of the phrase "reasonably accessible" and argues that Omega cannot know what documents Buergofol may consider to be "reasonably accessible" and such qualification was not contained in the court's order.

In its response in opposition to Omega's motion for sanctions, Buergofol states that it searched all paper documents and that the phrase "reasonably accessible" applies only to searches of electronically stored information (ESI). Buergofol argues that Federal Rule of Civil Procedure 26(b)(2)(B) does not require Buergofol to produce ESI from sources that are not reasonably accessible.

Buergofol's interpretation of Rule 26(b)(2)(B) is not accurate.  That rule provides:

> *Specific Limitations on Electronically Stored Information.*  A party need not provide discovery of electronically stored information from

6

>sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

See Fed. R. Civ. P. 26(b)(2)(B).

Buergofol's responses to interrogatory numbers 11 and 12 and requests for documents 6 and 7 were before the court on a motion to compel by Omega at the September 18 hearing. Docket No. 92. Therefore, it was incumbent upon Buergofol to make a showing *at that hearing* that there was ESI which was not reasonably accessible and to further demonstrate why searching that inaccessible ESI would pose an undue burden or cost on Buergofol. If Buergofol had made that showing at the September 18 hearing on Omega's motion to compel, the court could have nonetheless ordered discovery from such ESI if Omega had shown good cause. See Fed. R. Civ. P. 26(b)(2)(B).

But at the hearing on Omega's motion to compel, Buergofol never argued or represented that there was ESI that was reasonably inaccessible. Instead, Buergofol's attorney suggested that the documents had been deleted and no longer existed:

> So, technically, tax documents have to be—because it's a commercial document—have to be kept 10 years. The law changed. They don't have to be kept 10 years. Now, the documents have to be kept until you've been audited. In Germany, every company is audited every time. You don't get audited every year. The government gets to decide, and usually it's around every three years, could be four years. Once the company is audited, you can delete all of the information. And that's what Buergofol

7

> does. So there's no retention policy. It's whenever—for commercial documents. For invoices, for example, I don't know when the next tax audit is, but all the document will be—commercial documents will be deleted after that is completed; but certainly there are no documents from 2013 and before. They do not exist.
>
> As for the technical documents, that's an entirely separate thing. And as I said, there are none of the production documents before 2018. So really the only thing that we're talking about here are the contemporary recipes on how to make film, and they don't deal with the claim terms.

See Docket No. 262-1 at pp. 152-53 (statements of Darien Wallace, attorney for Buergofol).

The time for making an argument that documents were "reasonably inaccessible" under Rule 26(b)(2)(B) has passed. If that were the case, it was incumbent upon Buergofol to make this argument at the September 18 hearing on Omega's motion to compel. Had Buergofol made that argument, the court would have required Buergofol to make a showing that searching the reasonably inaccessible ESI would pose an undue burden or cost on Buergofol. Raising the argument now, in response to Omega's motion for sanctions, is just an attempt to relitigate the underlying motion to compel. As the court stated above, the court is not going to revisit the literally thousands of pages of pleadings and attachments that were submitted to the court in relation to the 9 discovery motions that were discussed and decided at the September 18 hearing.

Buergofol's responses to requests for production 6 and 7 and interrogatories 11 and 12 are not in compliance with the court's September 18 order. If the documents in fact no longer exist—as Mr. Wallace as an officer of

the court represented at the September 18 hearing—then Buergofol must file a response to these four discovery requests clearly and unequivocally stating that the documents do not exist.

If there is, instead, ESI which Buergofol believes to be reasonably inaccessible, it must file responses to the four discovery requests setting forth the following information: (1) what ESI exists that Buergofol believes is "reasonably inaccessible"; (2) describe why Buergofol believes the ESI is not reasonably accessible; and (3) state what the burden would be on Buergofol to search this ESI either in terms of hours of work or in terms of cost.

## CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Omega's motion for sanctions [Docket No. 261] is granted. Revised discovery responses to the above-discussed five discovery requests shall be served by Buergofol on Omega within 16 days of the date of this order. Omega may submit a request for attorney's fees for preparing the motion for sanctions and the court will consider it.

DATED this 13th day of December, 2023.

BY THE COURT:

*Veronica L. Duffy*

VERONICA L. DUFFY
United States Magistrate Judge