UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BUERGOFOL GMBH, <br><br> Plaintiff and <br><br> Counter Defendant, <br><br> vs. <br><br> OMEGA LINER COMPANY, INC., <br><br> Defendant and <br><br> Counter Claimant. | 4:22-CV-04112-KES <br><br><br> ORDER GRANTING IN PART AND DENYING IN PART OMEGA'S MOTION FOR ATTORNEY'S FEES <br><br> DOCKET NO. 312 |

**INTRODUCTION**

This matter is before the court on the first amended complaint of plaintiff Buergofol GMBH ("Buergofol") alleging that defendant Omega Liner Company, Inc. ("Omega") violated two patents owned by plaintiff regarding pipe liners. Docket No. 163.

Omega has counterclaimed seeking the court's declaration that the patents are invalid, unenforceable, and that Omega has not infringed them. Docket No. 179. Omega also asserts counterclaims for fraud, negligent misrepresentation, and breach of contract under the United Nations Convention on Contracts Article 42. Id. Jurisdiction is premised on the presence of a federal question. 28 U.S.C. § 1331.

Now pending is Omega's request for attorney's fees. Docket Nos. 312 & 338. The request was referred to this magistrate judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A). See Docket No. 317. Buergofol opposes the motion. Docket No. 334.

## FACTS

The facts underlying this matter were previously recounted in the court's order at Docket No. 303, which resolved Omega's motion at Docket No. 261. The court's prior opinion at Docket No. 303 is specifically incorporated by reference herein.

In general, Omega had previously served Buergofol with discovery requests. Buergofol's responses to those discovery requests included a litany of objections followed by a statement that there were no responsive documents or information. Omega filed two motions to compel concerning these matters. Docket Nos. 92 and 175.

A hearing was convened on September 18, 2023, to resolve these two motions to compel as well as seven other pending motions. At the hearing, Buergofol's attorney told the court that, in fact, there were no further documents or information to provide in regard to these discovery requests. The court found Buergofol's discovery responses to be ambiguous. Due to the assertion of a number of objections, it was not clear from the response whether Buergofol was withholding any documents or information pursuant to an objection. Accordingly, the court ordered Buergofol to file new responses to the discovery requests making abundantly clear that there were no responsive

2

documents and no documents or information was being withheld pursuant to any objection.

Buergofol did not obey the court's order in this regard. Omega was forced to file another motion to require compliance, which the court granted. The instant motion for sanctions concerns attorney's fees for Omega's post-hearing motion to enforce compliance with the court's September 18, 2023, order.

**DISCUSSION**

**A.   Lodestar Method**

This court has already determined that attorney's fees in favor of Omega are warranted in this case (Docket No. 303), so the only question before this court is the amount of the award. It is the party requesting an award of attorney's fees that bears the burden of establishing a factual basis for the award of fees. See Johnston v. Comerica Mortg. Corp., 83 F.3d 241, 246 (8th Cir. 1996).

The appropriate amount of attorney's fees is highly fact-specific to the case. There are two methods of determining attorney's fees: the lodestar method and the "percentage of the benefit" method. See H.J. Inc. v. Flygt Corp., 925 F.2d 257, 259-60 (8th Cir. 1991); Comerica Mortg. Corp., 83 F.3d at 246; Walitalo v. Iacocca, 968 F.2d 741, 747-48 (8th Cir. 1992). The court has discretion to decide which method of determining fees is appropriate. Comerica Mortg. Corp., 83 F.3d at 246. Omega addresses only the lodestar method. Docket No. 201. Because this matter concerns only an award of fees

in an intermediate matter rather than an end-of-case award to a prevailing party, the court chooses to apply the lodestar method.

The lodestar is figured by multiplying the number of hours reasonably expended by the reasonable hourly rates. Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005); Finley v. Hartford Life & Accident Ins. Co., 249 F.R.D. 329, 332-33 (N.D. Cal. Feb. 22, 2008); Tequila Centinela, S.A. de C.V. v. Bacardi & Co., Ltd., 248 F.R.D. 64, 68 (D.D.C. 2008); Creative Resources Group of New Jersey, Inc. v. Creative Resources Group, Inc., 212 F.R.D. 94, 103 (E.D.N.Y. 2002); Kayhill v. Unified Gov't. of Wyandotte County, 197 F.R.D. 454, 459 (D. Kan. 2000); and Trbovich v. Ritz-Carlton Hotel Co., 166 F.R.D. 30, 32 (E.D. Mo. 1996). The burden is on the moving party to prove that the request for attorneys' fees is reasonable. Tequila Centinela, S.A. de C.V., 248 F.R.D. at 68; Creative Resources Group, Inc., 212 F.R.D. at 103; Kayhill, 197 F.R.D. at 459.

Once the lodestar is calculated, there are twelve factors that are relevant in considering whether that figure should be adjusted up or down: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. See Hensley v. Eckerhart, 461 U.S.

424, 430 n.3, 434 (1983) (citing the Model Code of Professional Responsibility, DR 2-106(B) (Am. Bar Ass'n 1969), now Model Rules of Prof'l Conduct r. 1.5(a) (Am. Bar Ass'n 1983)). "[T]he most critical factor is the degree of success obtained." Id. at 436.

**B.     Reasonable Hourly Rate**

The reasonable hourly rate is usually the ordinary rate for similar work in the community where the case is being litigated—here, South Dakota. Tequila Centinela, S.A. de C.V., 248 F.R.D. at 68 (citing Laffy v. Northwest Airlines, Inc., 746 F.2d 4, 16 (D.C. Cir. 1984) (hourly rate must be sufficient to attract competent counsel, but not so excessive as to produce a windfall, and generally must be in line with rates charged by other attorneys of comparable skill, reputation, and ability within the community.)  Sometimes, however, out-of-state counsel will be entitled to a rate based on the prevailing standards in their community rather than the forum community.  Such a departure is sometimes recognized where the case requires specialized knowledge and expertise, and such knowledge and expertise cannot be found in the forum community or where the case is unpopular and local lawyers are unwilling to undertake representation in the case.  Hensley, 461 U.S. at 430 n.3.

In this case, Omega has submitted a request for an award of attorney's fees for their local lawyers, Meghann Joyce and Shannon Falon, and for Michael Neustel of Neustel Law Offices, LTD of Fargo, North Dakota.  Omega requests an hourly rate of $650 per hour for Mr. Neustel, $325 per hour for Ms. Joyce, and $400 per hour for Ms. Falan.  This court recently reviewed

these requested rates for Omega's attorneys Mr. Neustel and Ms. Joyce. See Docket No. 335. That opinion is incorporated by reference herein.

In short, the court found that an hourly rate of $500 was reasonable for Mr. Neustel given his education, specialty, and experience. Id. As to Ms. Joyce, one of Omega's local South Dakota counsel, the court found an hourly rate of $250 was reasonable. Id. The court reaches the same conclusions about those two lawyers' hourly rates once again in this opinion.

Omega seeks to revisit this court's earlier decision and once again requests higher hourly rates for its attorneys. Docket No. 338 at pp. 10-13. Specifically, Omega argues that the market for patent lawyers like Mr. Neustel is national and that his fee should be judged by national standards. Id. However, in the prior motion, Omega sought to justify Mr. Neutstel's hourly rate with reference to a survey of intellectual property (IP) lawyers nationwide, which includes patent lawyers. See Docket No. 202-2. That survey included a national average hourly rate of $577/hour as well as average rates regionally. Id. The court fully credited the survey information, choosing an hourly rate of $500 per hour for Mr. Neustel. Docket No. 335 at p. 8. That hourly rate was higher than the rate for non-urban centers in the central United States ($453/hour) and only slightly lower than the rate for such attorneys in Minneapolis, Minnesota ($530). Id.

The court's reasoning for picking a rate that was higher than the non-urban central United States was that the survey included hourly rates for attorneys who merely work in the area of trademark, copyright, and other IP

areas of law, while patent lawyers represent an even more specialized group of practitioners who could command higher hourly rates. Id. The court picked an hourly rate that was lower than the Minneapolis average because Mr. Neustel is based in Fargo, North Dakota, and this litigation is pending in Sioux Falls, South Dakota, both areas of which are substantially smaller urban areas than Minneapolis.

 Omega points to a decision by our sister district, the District of North Dakota, to argue in favor of a higher rate for Mr. Neustel. Although the District of North Dakota approved a higher hourly rate for lead counsel in a patent case pending there, that lawyer (Mr. F. Ross Boundy) was based in Seattle, Washington, not Fargo, and he was part of a national firm with 11 offices across the United States. Energy Heating, LLC v. Heat On-The-Fly, LLC, 4:13-CV-00010-RRE-ARS, 2020 WL 9848692 at *14-15 (D.N.D. Mar. 4, 2020); Davis Wright Tremaine LLP, https://dwt.com/offices (last visited Feb. 8, 2024). The court in that case also relied on the survey of IP lawyers' hourly rates to arrive at a reasonable fee in that case. Id. The other cases cited by Omega in its reply brief are similarly distinguishable.

 The court is unconvinced that its prior ruling and conclusion was wrong and it adopts the same reasonable hourly rate for Mr. Neustel—$500—in connection with this motion for sanctions.

 Omega also asks the court to grant a higher rate for local counsel Ms. Joyce, asking the court to take into account that she was a law clerk for the South Dakota Supreme Court for two years and is a partner and co-owner

7

of her law firm. But the court's prior decision regarding a reasonable hourly rate for Ms. Joyce was based, as required under the lodestar method, on other rates that have been found reasonable for other South Dakota lawyers with similar experience and credentials. Ms. Joyce cites the court to no new evidence in that vein. The court reaffirms its prior conclusion that $250 an hour is a reasonable hourly rate for Ms. Joyce's work.

No hours were billed by Ms. Falon in the court's prior decision, so the court has not had occasion to determine what would be a reasonable hourly rate for her. She has 20 years' experience as a lawyer handling a wide variety of litigation matters. She states that she customarily charges $400 per hour for her time in complex litigation matters. See Docket No. 314. No other evidence is offered that Ms. Falon's hourly rate is reasonable for this locality.

Omega does not attempt to inform the court what prevailing attorneys fee rates are for commercial litigation in South Dakota. However, the court may determine those rates based on its own knowledge of prevailing rates here. See Creative Resources Group, Inc., 212 F.R.D. at 103-104 (holding that "it is within the judge's discretion to determine reasonable fees based on his or her knowledge of prevailing community rates").

Experienced, partner-level trial counsel in this community have recently received awards of attorney's fees of $300.00 per hour where the attorneys had several decades of experience and one had specialty experience litigating First Amendment cases. Blue State Refugees v. Noem, 3:21-cv-03024-RAL, Docket No. 41 at pp. 5-6 (D.S.D. Apr. 4, 2022). An associate lawyer in the same case

with two years of experience and a former federal clerkship had their hourly fee reduced to $200 per hour.  Id.

In a case where out-of-state counsel were associated with local counsel, local South Dakota counsel were awarded $260 per hour for associate-level work and $350 per hour for partner-level work.  See E & I Glob. Energy Servs., Inc. v. Liberty Mut. Ins. Co., 4:20-cv-04033, Docket No. 134 at p. 6 (D.S.D. Dec. 20, 2023).  An hourly rate of $240 was approved for local counsel in an interpleader action where the local counsel was a partner at his law firm and had 22 years of litigation experience.  New York Life Ins. Co. v. Torrence, 4:21-cv-04079-RAL, Docket No. 47 at p. 13 (D.S.D. Mar. 22, 2022).

Here, Ms. Falon is local counsel with 20 years' experience.  Based upon the above awards of attorney's fees for similarly situated South Dakota lawyers, the court finds an hourly rate of $325 per hour is reasonable for Ms. Falon.

**D.    Reasonable Hours**

The "most critical factor" in determining what constitutes a reasonable award of attorney's fees is the degree of plaintiff's success.  El-Tabech v. Clarke, 616 F.3d 834, 843 (8th Cir. 2010) (quoting Warnock v. Archer, 397 F.3d 1024, 1026 (8th Cir. 2005)).  Courts are charged with excluding from awards of attorney's fees hours that were not "reasonably expended."  Hensley, 461 U.S. at 434.  "Cases may be overstaffed, and the skill and experience of lawyers vary widely."  Id.  In determining the reasonable hours expended by Omega's lawyers in this matter, the court turns to the itemized billing

9

statement provided by Omega in support of its motion for attorney's fees. See, e.g., Docket No. 203-3.

Omega seeks reimbursement for 33.9 hours of work on two briefs, 13.2 hours on the initial brief and 20.7 hours on the reply brief. Docket No. 313 at p. 8. Where three lawyers are representing a client, it is incumbent to allocate the work according to the skill sets of each lawyer. There were no technical issues involved in Omega's motion. Omega merely had to set forth what this court ordered Buergofol to do at the September 18, 2023, hearing; show the court what discovery responses Buergofol filed in response to the court's order; and demonstrate that Buergofol did not comply with this court's order. No specialized knowledge or research should have been required for such a motion and brief. It was extremely straight forward.

Given the issues presented, it was entirely appropriate that Ms. Joyce and Ms. Falon drafted the initial motion and brief, with only 0.6 hours billed by Mr. Neustel.[1] See Docket No. 314-1 at pp. 2-4. However, Mr. Neustel billed 18.2 of the 20.7 hours spent on the reply brief. The expertise of a patent lawyer with his most-expensive hourly rate of the three lawyers, is not justified on a motion of this kind, which required the explanation of factual circumstances (Buergofol's failure to follow the court's order), not legal matters.

---

[1] The billing statement includes 0.4 hours by a paralegal, A. Hudson. Omega includes A. Hudson's time in its fee request, but does not address whether this time is at a reasonable hourly rate or whether the time is reasonable. It is Omega's burden to demonstrate the fees it requests are reasonable, so because Omega does not address the paralegal time in any fashion, the court disregards that time.

Furthermore, the court notes that the initial brief consisted of 13 substantive pages (see Docket No. 262), and the reply brief consisted of 13 substantive pages (see Docket No. 299), for a total of only 26 pages of facts, law and analysis. Omega requests $19,283 for these two combined briefs. See Docket No. 314-1 at pp. 2-4. That works out to $742 in fees per page. That is simply not reasonable. Even if one kept the same hours billed and applied the reduced hourly rates the court arrived at in part B above, Omega's request would still be for $14,110 or $542 per page to produce.

Analyzing the hours spent instead of the cost-per-page further convinces the court that the time spent by Omega's lawyers on this motion to compel was unreasonable. The three lawyers spent a total of 33.9 hours on the initial and reply brief. At 26 substantive pages, that works out to 1.3 hours of combined attorney time to craft each page. That analysis also is indicative that the hours billed are not reasonable given the issues presented.

This court has previously found that a request for attorney's fees based on 1.8 hours of attorney time per page for briefs in support of a routine discovery motion was excessive. Hoffman v. MJC America, Ltd., 4:18-cv-04169-LLP-VLD, 2019 WL 6134886, at *2-3 (D.S.D. Nov. 19, 2019). And the motion associated with this fee request involves extremely simple fact issues: what did the court order and what did Buergofol do in response to that order?. Nearly 38 hours of attorney time was approved in the Jim Hawk Truck-Trailers of Sioux Falls, Inc. case, but there were six or seven discrete issues that were briefed in that motion to compel. Jim Hawk Truck-Trailers of Sioux Falls, Inc.

11

v. Crossroads Trailer Sales & Serv., Inc., 4:20-cv-04058-KES, 2023 WL 1825078, at *5-6 (D.S.D. Feb. 8, 2023).

In rendering decisions as to awards of attorney's fees for sanctions, the court reiterates what it wrote in its earlier decision: the purpose of sanctions is to punish Buergofol for maintaining unjustifiable positions in discovery, not to create profit centers whereby Omega can finance its continuing litigation in the matter. The court concludes that a reasonable attorney's fee award for Omega's motion to compel should be $8,000. By design, this amount is less than the sum awarded for Omega's prior motion to compel concerning discovery of "prior art." The prior motion involved a legal matter at the heart of patent law, while the present motion concerned a simple factual matter.

## CONCLUSION

Based on the foregoing facts, law and analysis, this magistrate judge hereby grants in part and denies in part Omega's request for attorney's fees [Docket No. 312]. Buergofol must pay Omega, on or before March 7, 2024, the sum of $8,000 in attorney's fees as sanctions pursuant to FED. R. CIV. P. 37 for Buergofol's refusal to obey the court's discovery orders.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CIV. P.

72(a); 28 U.S.C. § 636(b)(1)(A).  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Id.  Objections must be timely and specific in order to require review by the district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

      DATED this 8th day of February, 2024.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge