UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BUERGOFOL GMBH,<br><br>Plaintiff,<br><br>vs.<br><br>OMEGA LINER COMPANY, INC.,<br><br>Defendant. | 4:22-CV-04112-KES<br><br>ORDER DENYING<br>MOTION TO STAY |

On October 3, 2023, Omega made a motion to stay this action pending the United States Patent and Trademark Office (USPTO)'s decision on Omega's pending Inter Partes Reviews of U.S. Patent No. 9,657,882 ("the '882 Patent") and U.S. Patent No. 8,794,269 ("the '269 Patent"). *See* Dockets 246 and 247. On October 24, 2023, Buergofol responded to Omega's motion. *See* Docket 265. Though Buergofol did not directly oppose the imposition of a stay, it argued the stay should not be granted "until Buergofol has received [the Subsurface] samples" it had subpoenaed. *See id.* Omega filed a reply brief in support of its motion on October 27, 2023. Docket 270. Buergofol filed a sur-reply brief on November 6, 2023, again noting that it does not oppose a stay, but adding that it also requests the court order Omega to "retain a 6-inch sample of wet liner or dry liner of each liner Omega makes or sells during the stay" in addition to demanding the Subsurface samples. Docket 275 at 10. Omega filed a sur-

surreply[1] brief on November 9, 2023, in which it addressed Buergofol's requests, arguing they should be stricken because such requests constituted a motion to compel. Docket 282.

On March 25, 2024, Omega filed a notice informing the court of the USPTO's decision on its petition for inter partes review of U.S. Patent No. 9,657,882 and U.S. Patent No. 8,794,269. Docket 359. Omega's notice stated that on March 19, 2024, the USPTO granted institution of Inter Partes Review of the '882 Patent and, on March 20, 2024, the USPTO denied institution of inter partes review of the '269 Patent. *Id.* Omega stated it would be filing a request for rehearing in regard to the '269 Patent because it believed the USPTO's decision was based on misapprehended prior art and the testimony of Omega's expert. Docket 374 at 6.

The court ordered additional briefing as to the affect the USPTO's decision has on Omega's motion to stay. Docket 368. Omega's brief reiterated many of the same arguments it made in its original motion to stay, specifically highlighting that the '882 Patent is central to this case and also significantly overlaps with the '269 Patent. Docket 374 at 7-10. Omega also used the opportunity to argue that Buergofol's pending objections to Magistrate Judge Duffy's decision regarding the Subsurface samples, *see* Docket 341; Docket 352, should not be cause for denying the stay and that it should not be

---

[1] To the extent Omega argues Buergofol's surreply should be stricken as improper, the court denies the motion as moot. The court does not consider the substance of Buergofol's arguments in its surreply beyond the fact that it raises issues that extend beyond the stay and evidences a lack of agreement between the parties as to what the terms of the stay should be.

required to keep a sample of every dry or wet liner. Docket 374 at 13-17. In response, Buergofol again stated it does not oppose a stay in principle, but spent the majority of its brief arguing it should receive the Subsurface samples and the court should rule on its motion for preservation order and to compel prior to the stay.[2] *See* Docket 378 at 3. Omega then filed a reply on April 23, 2024. Docket 382. Omega asserted that the parties both agree to stay the case—but went on to highlight why Buergofol's infringement contentions should not be exempt from the stay and advocated that the court should "either deny all additional discovery pending the stay or include in any exemption Buergofol's long-overdue, court-ordered discovery." *Id.* at 5 (capitalization omitted).

## Legal Standard

A motion to stay the proceedings is not found in the Federal Rules of Civil Procedure. Instead, this court has "the inherent power to stay the proceedings of an action, so as to control [its] docket, to conserve judicial resources, and to provide for the just determination of cases which pend before [it]." *Intell. Ventures II LLC v. U.S. Bancorp*, 2014 WL 5369386, at *3 (D. Minn. Aug. 7, 2014) (quoting *Kemp v. Tyson Seafood Group, Inc.,* 19 F.Supp.2d 961, 964 (D.Minn.1998)); *see also Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of

---

[2] The court has already stated that it would rule on Buergofol's motion for preservation order and to compel either prior to the imposition of a stay or exempt it from a stay if a stay was granted. *See* Docket 371.

time and effort[.]"); *G.W. Lisk Co., Inc. v. Power Packer N. Am., Inc.*, 591 F. Supp. 3d 391, 395 (S.D. Iowa 2022) ("District courts have the discretionary power to stay proceedings when the [US]PTO is reexamining the validity of the patent in dispute."); *ZeaVision, LLC v. Bausch & Lomb Inc.*, 2022 WL 715013, at *2 (E.D. Mo. Mar. 10, 2022) (stating district courts have the power to stay pending an inter partes review).

      When deciding whether to stay a case pending inter partes review, courts routinely consider three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Oxygenator Water Techs., Inc. v. Tennant Co.*, 2021 WL 4622241, at *2 (D. Minn. Oct. 7, 2021) (quotation omitted). But "[t]he court's inquiry is not limited to these [ ] factors, [ ] for it is the totality of the circumstances that governs." *Immunex Corp. v. Sanofi*, 2018 WL 10911932, at *2 (C.D. Cal. Aug. 30, 2018) (cleaned up and quotation omitted). *See also Murata Mach. USA v. Daifuku Co., Ltd.*, 830 F.3d 1357, 1362 (Fed. Cir. 2016) (noting courts have discretion to consider the burden of litigation on the court and the parties). "The primary purpose of this analysis is to "balance the competing interests of the parties and the interest of the judicial system." *G.W. Lisk*, 591 F. Supp. 3d at 395 (quoting *Markel Am. Ins. Co. v. Dolan*, 787 F. Supp. 2d 776, 779 (N.D. Ill. 2011)).

### A. Prejudice or Clear Tactical Disadvantage

"In evaluating this first factor, courts have taken a practical approach to determining whether the non-movant will suffer undue prejudice from a stay." *Dane Techs., Inc. v. Gatekeeper Sys., Inc.*, 2013 WL 4483355, at *2 (D. Minn. Aug. 20, 2013). Under this prong, "[c]ourts may deny a request for a stay where the movant inexplicably or unjustifiably delayed seeking . . . [inter partes review], or where the stay will do nothing more than delay the proceedings." *Oxygenator*, 2021 WL 4622241, at *3. In other words, "[a] court may consider whether a party has been forthcoming with their intentions to seek review and if their conduct 'evidences an intention to prejudice [p]laintiff[ ].' " *G.W. Lisk*, 591 F. Supp. 3d at 395 (quoting *CDX Diagnostics, Inc. v. U.S. Endoscopy Grp., Inc.*, 2014 WL 2854656, at *4 (S.D.N.Y. June 20, 2014)).

Several courts, including those in the Eighth Circuit, have weighed this factor against granting a stay where the moving party failed to file its petitions for review in a timely manner. *See e.g., G.W. Lisk*, 591 F. Supp. 3d at 395 (noting the eleven month delay before seeking inter partes review was significant enough to weigh this factor in favor of denying the stay); *Dane Techs.*, 2013 WL 4483355, at *2 (weighing this factor against staying because the movant waited seven months after having been served the complaint to file its petitions for review); *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1031–32 (C.D. Cal. 2013) (denying a stay when the defendant waited almost a year after being served the complaint to file its inter partes petitions).

5

Here, Omega filed its petition for inter partes review in regard to the '882 Patent on September 12, 2023, and on September 20, 2023, in regard to the '269 Patent. *See* Docket 247 at 3. Omega then notified the court of its intent to file a motion to stay on September 21, 2023. *See id*; Docket 239. All of this occurred approximately a year after Omega was served with the complaint in this case. *See* Docket 247 at 3; Docket 7 (affidavit of service noting Omega was served on September 21, 2022). Omega offers no explanation as to why it waited so long to seek inter partes review or notify the court of such.

Moreover, both of the parties seem to recognize the prejudice they will face if a stay is granted. Although both Buergofol and Omega seemingly desire a stay, in the same breath each party argues that there are specific issues the court must address irrespective of a stay. Specifically, Buergofol explains that "[p]ostponing the production of liner samples by Omega and Subsurface until after the stay is lifted in about 18 months would place Buergofol at a tactical disadvantage by . . .preventing Buergofol for another 18 months from developing an estimate of the value of this case and the amount of infringement damages." Docket 378 at 9. Omega argues that prior to the stay the court "should mandate that Buergofol produce the long-overdue discovery to Omega in accordance with the Court's orders, thereby enabling Omega to effectively defend itself when the stay is lifted[.]" Docket 382 at 7. In short, the fact both parties feel the need to narrow the scope of a stay demonstrates both parties would be prejudiced, at least in part, by a stay. Thus, for the aforementioned reasons, the court finds this factor weighs in favor of denying the stay.

### B. Simplification of the Issues

"The second factor the [c]ourt considers is whether a stay will simplify the issues in question and trial of the case." *G.W. Lisk*, 591 F. Supp. 3d at 396 (quotation omitted). Ideally, inter partes review could resolve issues in this case if some or all of the claims are invalidated and, in the event the claims survive, Omega will be subject to statutory estoppel precluding it from asserting invalidity in this lawsuit "on any ground that [it] raised or reasonably could have raised during that inter partes review." *Masa LLC v. Apple Inc.*, 2016 WL 2622395, at *3 (E.D. Mo. May 9, 2016) (quoting 35 U.S.C. § 315(e)(2) (alteration in original)). But as of now, the USPTO has only granted review of the '882 Patent, not the '269 Patent, which Buergofol also claims was infringed. *See* Docket 359 at 1; Docket 163 at 16-21 (Buergofol's complaint alleging Omega infringed the '269 Patent). Despite Omega's argument that the two patents are significantly related, the court is wary of allowing a viable infringement claim to be left "languishing and unresolved" for an indefinite period. *See Dane Techs.*, 2013 WL 4483355, at *2 (D. Minn. Aug. 20, 2013) (weighing this factor against a stay where the movant had only petitioned for inter partes review on two of the three patents in suit).

Additionally, the court is all-together unpersuaded that any decision from the USPTO could truly help simplify the issues of this case, because the parties seem dedicated to bickering over every aspect of this litigation—ensuring that absolutely no step is simple. Most telling, even here, where the parties claim they agree a stay should be granted, Buergofol and Omega

continue to squabble in the briefing about what exceptions should be provided and in which order the court should address the pending issues. Thus, the court finds this factor weighs in favor of denying the stay.

### C. Stage of the Proceeding

"In assessing the status of the litigation, the court considers, among other things, whether discovery is complete and whether a trial date has been set." *G.W. Lisk*, 591 F. Supp. 3d at 397 (quoting *LG Elecs., Inc. v. Toshiba Samsung Storage Tech. Korea Corp.*, 2015 WL 8674901, at *4 (D. Del. Dec. 11, 2015). "[I]f protracted and expansive discovery has already occurred, or the court has expended significant resources, then courts have found that this factor weighs against a stay." *CANVS Corp. v. United States*, 118 Fed. Cl. 587, 595–96 (2014).

Although Omega argues that discovery is in its early stages, Docket 374 at 10-12, the court notes that this case has been pending for nearly two years, *see* Docket 1. In that time, the court has exerted considerable effort to rule on numerous motions, hold a day-long motions hearing, and become familiar with the parties, the patents at issue, and the relevant prior art. *See Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1031–32 (C.D. Cal. 2013) (weighing this factor against a stay where, though not much discovery had occurred, the movant waited over a year to file its petitions for review during which the court had spent substantial time becoming familiar with the claims); *APP Pharm., LLC v. Ameridose LLC,* 2011 WL 816622, at *2 (D.N.J. Mar. 8, 2011) ("The Court having invested significant resources in

8

becoming familiar with the patents, relevant art, the parties' drug products, claim construction and the like, it would be a waste of judicial resources to put off litigating the instant matter for the length of time necessary to conclude the reexamination process."). "The Court's expenditure of resources is an important factor in evaluating the stage of the proceedings." *Universal Elecs.,* 943 F. Supp. 2d at 1031.

Moreover, the discovery that has taken place has been contentious, drawn-out, and slow. Even in the supplemental briefing on this motion to stay, the parties highlight the difficulties they have each faced in discovery—Buergofol argues it is entitled to the subpoenaed Subsurface samples, Docket 378 at 6, and Omega claims Buergofol has "stonewalled" Omega's own discovery efforts, Docket 374 at 11. It is clear that although discovery may not have progressed very far in this case, it is not for lack of effort on the parties' or the court's behalf. This case is far from its procedural infancy and thus, the court finds this factor weighs in favor of denying a stay.

### D. Interest of Justice

As noted above, the three-factor analysis is not all-encompassing in a court's determination of whether to stay a case pending inter partes review. *See Universal Elecs.*, 943 F. Supp. 2d at 1035. It is also paramount that a court consider its "ability to control its docket to ensure that cases are managed in the interest of justice." *Id.* "[A]llowing the progress of [the court's] docket to depend on the status of proceedings elsewhere can interfere with its obligation 'to secure the just, speedy, and inexpensive determination of every action.' " *Id.*

9

(quoting Fed. R. Civ. P. 1.). The court finds staying this matter would be a disservice to its obligation to keep cases on its docket moving forward, because the instant case has been pending for nearly two years already.

## Conclusion

Based on the foregoing, the court finds that despite the parties' assurances otherwise, Buergofol and Omega have not agreed on the terms of a stay—both parties continue to argue about what needs to be exempt. As such, upon evaluation of the relevant factors and based on the parties' current disagreements, the court exercises its discretion to deny a stay at this time. Thus, it is

ORDERED that Omega's motion to stay (Docket 246) is denied.

Dated May 31, 2024.

BY THE COURT:

*/s/ Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE