# EXHIBIT A:

*Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action*

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of South Dakota

| | |
|---|---|
| BUERGOFOL GmbH | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 22-cv-04112; 23-mc-00139-kes |
| OMEGA LINER COMPANY, INC., | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     U.S. CUSTOMS AND BORDER PROTECTION

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHMENT A

| Place: DEVEVAN FALON JOYCE LAW<br>100 S. DAKOTA AVE. 2ND FLOOR<br>SIOUX FALLS, SD 57104 | Date and Time:<br>04/26/2024 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 4/1/24

CLERK OF COURT                                         OR    */s/ Meghann Joyce*

_____                              _____
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* OMEGA LINER COMPANY, INC. , who issues or requests this subpoena, are:

Meghann M. Joyce, 100 S. Dakota Ave, 2nd Floor, Sioux Falls, SD 57104; meghann@denevanfalon.com; 605-219-9465

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

## **ATTACHMENT A**

### **DEFINITIONS**

1. "YOU" and/or "YOUR" means the U.S. Customs and Border Protection, and all past or present agents, employees, consultants, accountants, attorneys, representatives, and any other person or entity acting on its behalf.

2. "OMEGA" means Omega Liner Company, Inc.

3. "BUERGOFOL" means Buergofol GmbH, Buergo Fol GmbH, Buergofol GmbH Herstellung U. Konfe, and Buergofol GmbH Herstellung U. Konf., and all related entities, predecessors, successors, subsidiaries, divisions, and/or affiliates thereof, and all past or present officers, directors, agents, employees, consultants, accountants, attorneys, representatives, and any other person or entity acting on behalf of any of the foregoing.

4. "LIGHT STREAM" means Light Stream Inc., LightStream Inc., and LightStream L.P., and all related entities, predecessors, successors, subsidiaries, divisions, and/or affiliates thereof, and all past or present officers, directors, agents, employees, consultants, accountants, attorneys, representatives, and any other person or entity acting on behalf of any of the foregoing.

5. "INTERNATIONAL PIPE LINING" means International Pipe Lining Inc., IPL Intl Pipe Lining Inc., IPL International Pipe Lining Inc., International Pipelining, and International Pipelining Technologies, Inc., and all related entities, predecessors, successors, subsidiaries, divisions, and/or affiliates thereof, and all past or present officers, directors, agents, employees, consultants, accountants, attorneys, representatives, and any other person or entity acting on behalf of any of the foregoing.

6. "SAERTEX" means Saertex GmbH & Co. KG, Saertex GmbH & Co., Saertex GmbH + Co., Saertex GmbH & Co.KG, Saertex GmbH Co., Saertex GmbH, Saertex USA, LLC, Saertex USA, Saertex, Saertex Multicom LP, Saertex Multicom, and Saertex Multicom GmbH, Saertex France SAS, and all related entities, predecessors, successors, subsidiaries, divisions, and/or affiliates thereof, and all past or present officers, directors, agents, employees, consultants, accountants, attorneys, representatives, and any other person or entity acting on behalf of any of the foregoing.

7. "BRANDENBURGER" means Brandenburger Liner GmbH & Co., Brandenburger Liner GmbH & Co. KG, Brandenburger Liner GmbH, and Brandenburger Reline GmbH, and all related entities, predecessors, successors, subsidiaries, divisions, and/or affiliates thereof, and all past or present officers, directors, agents, employees, consultants, accountants, attorneys, representatives, and any other person or entity acting on behalf of any of the foregoing.

8. "RELINE" means Reline America, Inc., Reline America, LLC, Reline America, Relineeurope Liner GmbH & Co., Reline Europe Liner GmbH & Co., Reline Europe Liner GmbH Co., and Reline Europe, and all related entities, predecessors, successors, subsidiaries, divisions, and/or affiliates thereof, and all past or present officers, directors, agents, employees, consultants, accountants, attorneys, representatives, and any other person or entity acting on behalf of any of the foregoing.

9. "IMPREG" means Impreg GmbH, Impreg LLC, Impreg, and Impreg Suzhou Co., Ltd., and all related entities, predecessors, successors, subsidiaries, divisions, and/or affiliates thereof, and all past or present officers, directors, agents, employees, consultants,

accountants, attorneys, representatives, and any other person or entity acting on behalf of any of the foregoing.

10. "MONTE VISTA" means Monte Vista Group LLC, and all related entities, predecessors, successors, subsidiaries, divisions, and/or affiliates thereof, and all past or present officers, directors, agents, employees, consultants, accountants, attorneys, representatives, and any other person or entity acting on behalf of any of the foregoing.

11. "SUDPACK" means Sudpack Verpackungen GmbH & Co. KG, Sudpack Verpackungen GmbH & Co., Sudpack Verpackungen GmbH, Sudpack Verpackungen, Sudpack Group, Sudpack Grootegast B.V., Sudpack USA, Inc., Suedpack Verpackungs GmbH & Co.KG, Suedpack Verpackungs GmbH & Co., Suedpack Verpackungs GmbH, Suedpack USA Inc., Suedpack Verpackungen, Sudpack Oak Creek Corporation, Suedpack Oak Creek Corporation, Suedpack Europe AG, Sudpack, and Suedpack, and all related entities, predecessors, successors, subsidiaries, divisions, and/or affiliates thereof, and all past or present officers, directors, agents, employees, consultants, accountants, attorneys, representatives, and any other person or entity acting on behalf of any of the foregoing.

12. "HUHTAMAKI" means Huhtamaki Films GmbH & Co. KG (a.k.a. Huhtamaki Films Germany), Huhtamaki Films, Inc. (a.k.a. Huhtamaki Films), Infiana Germany GmbH & Co. KG, Infiana USA, Inc., Infiana Germany GmbH and Co. (a.k.a. Infiana Germany GmbH & Co.), and Loparex Germany GmbH & Co. KG, and all related entities, predecessors, successors, subsidiaries, divisions, and/or affiliates thereof, and all past or present officers, directors, agents, employees, consultants, accountants, attorneys, representatives, and any other person or entity acting on behalf of any of the foregoing.

13. "UV CIPP PRODUCTS" means all cured-in-place-pipe liners ("CIPP LINERS"), produces related to CIPP LINERS, and components of CIPP LINERS, including but not limited to films, foils, tubular films, multi-layer films, liners, pipe liners, UV cured-in-place-pipe liners, coatings, polyethylene, polyamide, polymer, polypropylene, polyethylene, polyester, packing material, glass fiber, fabric, resin, or plastic film, imported into or directed to, or received in the United States.

14. "LITIGATION" means *Buergofol GmbH v. Omega Liner Company, Inc.* (4:22-cv-04112-KES) filed in the United States District Court for the District of South Dakota.

15. "PATENTS-IN-SUIT" means United States Patent Nos. 8,794,269 ("the '269 Patent") and 9,657,882 ("the '882 Patent"); and/or each and every additional patent that Buergofol GmbH is asserting in the LITIGATION.

16. "DOCUMENT" shall include all written, graphic or otherwise recorded material, including without limitation, electronically stored information regardless of the form of storage medium, microfilms or other film records or impressions, tape recordings or computer cards, floppy disks or printouts, any and all papers, bill(s) of lading, shipping manifest(s), import and export applications and forms, import and export records, consignor records, consignment records, shipping records, trade records, receipts, invoices, photographs, films, recordings, memoranda, books, records, accounts, communications, letters, telegrams, correspondence, notes of meetings, notes of conversations, notes of telephone calls, interoffice memoranda or written communications of any nature, recordings of conversations either in writings or upon any mechanical or electrical recording devices,

including e-mail, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, timesheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal, informal or otherwise, as well as copies of the foregoing which differ in any way, including by the addition of handwritten notations or other written or printed matter of any nature, from the original. The foregoing specifically includes information stored in a computer database and capable of being generated in documentary form, such as electronic mail, text messages (i.e., SMS messages), other electronic messages including messages sent or received via LinkedIn, Slack, WhatsApp, Google Hangouts, Facebook Messenger, and the like. "DOCUMENT" shall also mean all copies of documents, by whatever means made (including but not limited to scanned, photographed, carbon, handwritten, microfilmed, or telecommunicated, photostatic, or xerographic copies), and include all non-identical copies (whether different from the original because of any alterations, notes, comments, or other material contained thereon or attached thereto, or otherwise). "DOCUMENT" shall also include any and all data compilations from which information can be obtained.

17. "THING" includes every kind of physical specimen or tangible item, other than a document.

18. "COMMUNICATION" shall mean any communication regardless of the manner in which it took place, including but not limited to, personal conversations, correspondence, electronic or computer mail, telephone calls, facsimile communications, voicemail, and other means of electronic, written or verbal communication.

19. "PERSON" means and includes any natural individual acting in any capacity whatsoever and any entity or organization, including, without limitation, a corporation, company, partnership, joint venture, firm, trust, group, association, or governmental agency, and any division, department or other unit thereof.

20. "NON-PARTY" means any PERSON who is not a PARTY.

21. "DATE" means the exact day, month and year, if ascertainable, or if not, the best approximation (including relationship to other events).

22. "REFER," "CONCERN", or "RELATE" shall be construed in the broadest sense to mean information (1) which contains or comprises any communication (including representations, requests, demands, studies, analyses, and the like) referred to in these Requests, or (2) information which discusses, mentions or refers, whether directly or indirectly, to the subject matter of the request, and shall include, but not be limited to, the following meanings: relevant to, containing, recording, discussing, mentioning, noting, supporting, memorializing, summarizing, analyzing, commenting upon, describing, demonstrating, reflecting, regarding, evidencing, concerning, pertaining and/or constituting, in whole or in part, the matters set forth.

23. The terms "AND" and "OR" shall be understood as either conjunctive or disjunctive, whichever is more inclusive in content. The terms "ANY" and "ALL" shall be considered to include "each and every." The terms "INCLUDING" and "INCLUDES" mean including but not limited to.  The terms "ANY" and "EACH" include and encompass "all" and vice versa.

24. The singular form of a noun or pronoun shall be considered to include within

its meaning the plural form of a noun or pronoun so used, and vice versa.

25. The past tense includes the present tense where the meaning is not distorted and the verb form of a noun or pronoun may be used, as appropriate in a particular context. The singular form shall include the plural, and vice versa, wherever such dual construction will serve to bring with the scope of the request any documents that would otherwise not be within its scope. The masculine gender shall include the feminine and the neutral gender.

26. The definitions set forth above apply with equal effect regardless of the capitalization of the term, and the terms and definitions should not be construed as being case sensitive.

27. Notwithstanding any definition above, each word, term, or phrase used in these Requests and Topics are intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure or any other applicable law.

**INSTRUCTIONS**

The following instructions shall apply to each of the Requests and Topics herein:

1. YOU must preserve and retain all DOCUMENTS, including electronic documents, THINGS, and other information potentially responsive to any of the Requests.

2. For each Request and Topic, produce or furnish all available information, including information in the possession, custody or control of any of YOUR agents, employees, representatives, associates, and PERSONS under YOUR control, who have the best knowledge, not merely information known to YOU based on YOUR own personal knowledge.

3. All DOCUMENTS and THINGS that respond, in whole or in part, to any portion of any Request shall be produced in their entirety, including all attachments and enclosures.

4. Electronic records and computerized information must be produced in their native electronic format, together with all available metadata and a description of the system from which they were derived, sufficient to permit rendering the records and information intelligible.

5. If, after exercising due diligence to secure the information sought in the Requests and Topics below, YOU cannot fully respond to any of the following Requests or Topics, YOU must so state and specify the portion of each Request or Topic that cannot be responded to fully and completely; including, stating what efforts were made to obtain the requested information and the facts relied upon that support the contention that the Request or Topic cannot be answered fully and completely; and state what knowledge, information or belief YOU have concerning the unanswered portion of any such Request or Topic.

6. If YOUR response to a particular Request or Topic is a statement that YOU lack the ability to comply with that Request or Topic, YOU must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced or stolen, or has never been, or is no longer in YOUR possession, custody or control, in which case the name and address of any PERSON or entity known or believed by YOU to have possession, custody, or control of that information or category of information must be identified.

7. If YOU withhold any DOCUMENTS, COMMUNICATIONS, or THINGS based on a claim of privileged or immunity from discovery, provide a written explanation in compliance with FEDERAL RULE OF CIVIL PROCEDURE 45(e)(2) describing the nature of the withheld information in a manner that will enable the Court and counsel for OMEGA to assess the applicability of the asserted privilege or immunity. This written explanation should INCLUDE (a) the type of DOCUMENT; (b) a general description of the information contained in the DOCUMENT; (c) the name(s) of the PERSON(S) who authored, sent, received, and/or possess the DOCUMENT; (d) the date the DOCUMENT was created; (e) the name(s) of the PERSON(S) who has custody of the DOCUMENT; and (f) the statute, rule, or other such authority that purportedly gives rise to the asserted privilege or immunity.

**REQUESTS FOR DOCUMENTS AND THINGS**

**REQUEST NO. 1:** All DOCUMENTS and THINGS that relate to the importation of goods into the United States from January 1, 2000 to March 15, 2024 from BUERGOFOL, including those identifying BUERGOFOL as the shipper.

**REQUEST NO. 2:** All DOCUMENTS and THINGS that relate to the importation of goods into the United States from January 1, 2000 to December 31, 2014 from SAERTEX, including those identifying SAERTEX as the shipper.

**REQUEST NO. 2:** All DOCUMENTS and THINGS that relate to the importation of goods into the United States from January 1, 2000 to December 31, 2014 from BRANDEBURGER, including those identifying BRANDENBURGER as the shipper.

**REQUEST NO. 3:** All DOCUMENTS and THINGS that relate to the importation of goods into the United States from January 1, 2000 to December 31, 2014 from SUDPACK, including those identifying SUDPACK as the shipper.

**REQUEST NO. 4:** All DOCUMENTS and THINGS that relate to the importation of goods into the United States from January 1, 2000 to December 31, 2014 from HUHTAMAKI, including those identifying HUHTAMAKI as the shipper.

**REQUEST NO. 5:** All DOCUMENTS and THINGS that relate to the importation of goods into the United States from January 1, 2000 to December 31, 2014 from or to RELINE, including those identifying RELINE as the shipper, consignee, recipient or destination of the goods.

**REQUEST NO. 6:** All DOCUMENTS and THINGS that relate to the importation of goods into the United States from January 1, 2000 to December 31, 2014 from or to IMPREG, including those identifying IMPREG as the shipper, consignee, recipient or destination of the goods.

**REQUEST NO. 7:** All DOCUMENTS and THINGS that relate to the importation of goods into the United States from January 1, 2000 to December 31, 2014 to LIGHT STREAM, including those identifying LIGHT STREAM as the consignee, recipient or destination of the goods.

**REQUEST NO. 8:** All DOCUMENTS and THINGS that relate to the importation of goods into the United States from January 1, 2000 to December 31, 2014 to

- 11 -

INTERNATIONAL PIPE LINING, including those identifying INTERNATIONAL PIPE LINING as the consignee, recipient or destination of the goods.

**REQUEST NO. 9:** All DOCUMENTS and THINGS that relate to the importation of goods into the United States from January 1, 2000 to December 31, 2014 to MONTE VISTA, including those identifying MONTE VISTA as the consignee, recipient or destination of the goods.

**REQUEST NO. 10:** DOCUMENTS sufficient to show YOU maintain the documents produced in response to these requests as public records, i.e., recorded or filed as authorized by law or pursuant to a legal duty to report as set forth in Fed. R. Evid. 901(b)(7); 902(1), (4) and (13) and 803(8) and certification of same as public records.