# EXHIBIT D:

*May 22, 2024, Letter from U.S. Customs & Border Protection*

U.S. DEPARTMENT OF HOMELAND SECURITY
Office of Associate Chief Counsel
610 South Canal Street, Room 767
Chicago, Illinois 60607-4523
Office: (312) 983-9200 Fax: (312) 353-9206



**U.S. Customs and Border Protection**

DATE: May 22, 2024
FILE: CO-2024-00297/LEW

**VIA ELECTRONIC MAIL**

(meghann@denevanfalon.com)
(monte@neustel.com)

Meghann M. Joyce, Esq.
Denevan Falon Joyce LLC.
100 S. Dakota Ave, 2nd Floor
Sioux Falls, South Dakota 57104

Monte M. Bond, Esq.
Neustel Law Offices, LTD
2534 South University Drive, Suite 4
Fargo, North Dakota 58103

    Re:    *Buergofol GmbH v. Omega Liner Company, Inc.*, Civil Action 4:22-cv-04112
              (D.S.D. FILED Aug. 15, 2022)

Dear Ms. Joyce and Mr. Bond,

We are responding on behalf of U.S. Customs and Border Protection ("CBP") to the April 1, 2024 Subpoena issued in the above-captioned Federal civil action by the Defendant, Omega Liner Company, Inc. ("Omega"), which requests importation and entry records for the defendant, Buergofol GmbH ("Buergofol"), as well as the following eight companies: Saertex, Brandeburger, Sudpack, Reline, Impreg, Light Stream, International Pipe Lining, and Monte Vista. Specifically, Omega requests import records, such as "manifests, applications, other forms of merchandise release, commercial invoices, pro forma invoices, and packing lists" for each company, for entries made between January 1, 2000 to December 31, 2014.

Omega states that the import records sought "are only available from Customs and Border Patrol." Buergofol claims it does not have any records prior to 2014 and the other U.S.-based company has gone out of business; nor can Omega compel the production of records from third-party companies located in Germany. Lastly, Omega contends that "eliminating invalid patents based on available evidence is a vital public interest."

Buergofol GmbH v. Omega Liner Company, Inc. – Subpoena Response

We have reviewed Omega's request in accordance with 19 C.F.R. §§ 103.22 and 103.23 and have determined that compliance with the subpoena is not warranted. *See also* 6 C.F.R. § 5.44(b), 5.45, 5.48. Your request involves the Agency's *Touhy* regulations, including 19 C.F.R. §§ 103.22 and 103.23, which have the "full force of law."*L1 Techs., Inc. v. United States Customs & Border Prot.*, No. 19-cv-2338, 2020 U.S. Dist. LEXIS 61910, at *12 (S.D. Ca. Apr. 8, 2020) (citing *Swett v. Schenk*, 792 F.2d 1447, 1451 (9th Cir. 1986); *see also* 6 C.F.R. § 5.41, *et seq.* (Department of Homeland Security *Touhy* regulations); *St. Vincent Med. Grp., Inc. v. United States DOJ*, 71 F.4th 1073, 1074 (7th Cir. 2023) ("[t]hanks to the federal housekeeping statute, 5 U.S.C. § 301, each federal agency has promulgated regulations—called *Touhy* regulations . . . governing when it will disclose information . . . ."); *United States v. Kilgallon,* 572 F. Supp 3d 713, at 727-728 (D.S.D. 2021) (discussing the *Touhy* regulations.)

Omega's request involves records that are specifically protected from disclosure to third parties by statute and regulation. Per the regulations, "among the demands in response to which disclosure will not be authorized by the Chief Counsel are those demands with respect to which any of the following factors exist: (1) Disclosure would violate…the Trade Secrets Act, 19 U.S.C. § 1905… (6) Disclosure would improperly reveal confidential commercial information without the owner's consent (*e.g., entry information*)." (emphasis added). *See* 19 C.F.R. § 103.23(b)(1) and (6).

The Trade Secrets Act (18 U.S.C. § 1905) bars the unauthorized disclosure by government officials of any information received in the course of their employment or official duties when such information or relates to trade secrets, including commercial and financial information provided to the Government in order to shield the owner of the information from competitive disadvantage. *See* 86 Fed. Reg. 35566, 35575 (July 6, 2021). Because you are requesting entry information for other importers: Buergofol, Saertex, Brandeburger, Sudpack, Reline, Impreg, Light Stream, International Pipe Lining, and Monte Vista, the Agency declines to comply with the subpoena request since the requested information constitutes confidential commercial information. *See* 19 C.F.R. § 103.23(b); ("Records are deemed to be 'commercial' as long as the submitter has a "commercial interest" in them." *Pub. Citizen Health Research Group v. FDA*, 704 F.2d 1280, at 1290 (D.C.Cir.1983); *see also Gilda Indus. v. United States Customs & Border Prot. Bureau*, 457 F. Supp. 2d 6 (D.D.C. 2006) (observing in a FOIA case involving the confidential commercial information exemption, "[t]here is no doubt that all information on an Import Declaration, including HTS numbers, is commercial . . . ") (internal citations omitted).

Further, disclosure will not be authorized when disclosure would unduly interfere with the orderly conduct of CBP business, or CBP has no interest regarding the matter in which disclosure is sought. *See* 19 C.F.R. § 103.23(b)(8) and (9). CBP cannot waste public funds by needlessly expending its limited resources to produce evidence in a third-party action that benefits neither CBP nor the taxpayer. CBP simply does not have the wherewithal to be the private litigant's source of first resort for evidence in third-party litigation in which CBP has no interest. *See* 6 C.F.R. §§ 5.48(a)(4) (citing the need to conserve time for the conduct of agency business), 5.48(a)(5) (citing the need to avoid spending the time and money of the United States), 5.48(a)(6) (citing the need to maintain impartiality in cases where there is no substantial federal interest), and 5.48(a)(7) (citing the need to avoid involving the agency in issues not

related to its mission). Moreover, CBP cannot agree to the expenditure of public funds for

Buergofol GmbH v. Omega Liner Company, Inc. – Subpoena Response

private purposes, which would occur if CBP responded to this subpoena. *See* 6 C.F.R. § 5.48. If you have any questions, please contact Lois Wetzel of this office at (313) 400-9638, or at lois.e.wetzel@cbp.dhs.gov

Sincerely,

*[signature: Edward W. Gruenwald]*

FOR: Kathleen Bucholtz
      Associate Chief Counsel