# EXHIBIT E:

*June 3, 2024, Email from Attorneys for Omega Liner Company*

| | |
|---|---|
| From: | Monte Bond |
| To: | WETZEL, LOIS E; meghann@denevanfalon.com; Michael Neustel |
| Cc: | Alisha Hudson |
| Subject: | RE: Agency response to subpoena in Buergofol GmbH v. Omega Liner Company, Inc. |
| Date: | Monday, June 3, 2024 6:26:00 PM |
| Attachments: | Grupo Petrotemex, S.A. de C.V. v. Polymetrix AG.pdf |

Dear Ms. Wetzel:

Thank you for your response. After review however we respectfully disagree with the positions taken and cannot agree to the decision of Customs and Border Patrol (CBP) refusing to produce any information responsive to Omega's discovery requests.

First, the information sought is not a trade secret or "confidential commercial information" exempted from production. *Public Citizen Health Research Grp. v. F.D.A*, 704 F.2d 1280, 1290 (D.C. Cir. 1983) ("The relevant question thus becomes whether the commercial information submitted to the FDA by the IOL manufacturers is 'confidential' within the meaning of Exemption 4. Commercial information is confidential for purposes of the exemption if its disclosure would either '(1) . . . impair the Government's ability to obtain necessary information in the future; or (2) . . . cause substantial harm to the competitive position of the person from whom the information was obtained.'") *See also, Gilda Ind. v. U.S. Customs Border Protection*, 457 F. Supp. 2d 6, 6 (D.D.C. 2006) ("The only dispute is whether the information is 'confidential." Because CBP has not argued that disclosure of the information would impair its 'ability to obtain necessary information in the future," the only issue facing the Court is whether disclosure of the information is likely to cause "substantial harm to the competitive position" of the 212 importers in question.") The response of the CBP does not claim that production would impair the Government's ability to obtain information in the future or provide any support for claiming the information sought is a trade secret or "confidential commercial information." In this regard Buergofol does not claim that the import records are trade secrets or that they contain proprietary or confidential information. Only that they no longer have such records.

Further, it is our understanding that much of the information sought is publicly available. For instance, 19 C.F.R. § 103.31, governs the

import/export information that must be made available to the public. 19 C.F.R. § 103.31(c) (Disclosure to the Public).

> Members of the public shall not be permitted to examine vessel manifests. However, they may request and obtain from CBP, information from vessel manifests, subject to the rules set forth in paragraph (a) of this section.

*Id.* This regulation also itemizes 22 elements of information for disclosure, including the shipper name and address and consignee name and address that "will be provided to the public via CD-ROMS." 19 C.F.R. § 103.31(e)(3). Omega's discovery requests seek this and other basic import record information for the identified entities.

And it is also our understanding that some of this information is aggregated by third party providers such as Import Genius. https://www.importgenius.com/how-it-works/our-datasets/us-imports. Buergofol has already objected to such information as hearsay that cannot be used by Omega. So, Omega is compelled to seek it from CBP—its source and the entity charged with maintaining and publishing this information.

Second and more importantly, even if the information sought is determined to be a trade secret or confidential information that does not preclude its production under the protective order in place in this case. *See e.g., Grupo Petrotemex, S.A. De C.V. v. Polymetrix AG*, No. 16-CV-2401 (SRN/HB), 2018 WL 5307823, at *3 (D. Minn. Oct. 26, 2018). ("Further, Magistrate Judge Bowbeer observed that even if the information were confidential, § 103.23(b)(6) does not preclude its release under a protective order.") A copy of the *Grupo Petrotemex* is attached for your convenience. The CBP response does not address the protective order identified in and provided with our response. (Ex. D to May 8, 2024, Letter from Monte Bond.) Further, the Court recently reiterated the sufficiency of the protective order to address the production of information regarding the composition and structure of Buergofol's products claimed to be trade secrets by Buergofol. Buergofol was sanctioned for its violation of the Court's order to produce the information.

Finally, the response makes several conclusory claims regarding the

*Touhy* regulations none of which are supported by any facts or explanation that would support the decision of the CBP or overcome the duties to provide the information to the public as set forth in, for instance, 19 C.F.R. § 103.31. And the response fails to address or overcome the factors supporting production of the import records sought under 19 C.F.R. 103.23. However, in order to reduce any burden on CBP we remain available to discuss limiting the information sought and avoiding motion practice before the Court.

Therefore, please let me know if CBP will reconsider and change its position. If not, please provide times when you are available to meet and confer on these discovery issues as required by the local rules.

Thank you for your consideration and if you have any questions, please do not hesitate to contact me. We look forward to your prompt response.

Best regards,

Monte Bond

Neustel Law Offices, LTD | 2534 South University Drive, Suite 4 | Fargo, ND 58103
Telephone: 701-281-8822 | Website: www.neustel.com | Email: monte@neustel.com

**CONFIDENTIALITY NOTICE:** This e-mail transmission and any attachments are the property of the sender and may contain confidential, proprietary, trade secret or information covered by the attorney client privilege or work product doctrine belonging to the sender. The e-mail transmission and information herein are intended only for the use of the intended recipient. You are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on contents of this information is strictly prohibited. If you have received this transmission in error, promptly notify the sender by reply e-mail, and then destroy all copies of this transmission.

**From:** WETZEL, LOIS E <LOIS.E.WETZEL@cbp.dhs.gov>
**Sent:** Wednesday, May 22, 2024 9:44 AM
**To:** meghann@denevanfalon.com; Monte Bond <monte@neustel.com>
**Cc:** Alisha Hudson <alisha@denevanfalon.com>
**Subject:** Agency response to subpoena in Buergofol GmbH v. Omega Liner Company, Inc.

Attached please find the Agency's response to the subpoena issued in *Buergofol GmbH v. Omega Liner Company, Inc.*, Civil Action 4:22-cv-04112 (D.S.D. FILED Aug. 15, 2022).

Sincerely,

**Lois E. Wetzel**
Attorney | Office of Associate Chief Counsel | U.S. Customs and Border Protection | Department of Homeland Security
610 South Canal Street | Suite 767 | Chicago, IL 60607
Tel (312) 983-9207 | Cell (313) 400-9638 | Fax (312) 353-9206 | lois.e.wetzel@cbp.dhs.gov
Visit our OCC Sharepoint site

**I am currently teleworking part-time and can be reached via email or cell at (313) 400-9638**

**PRIVILEGED AND CONFIDENTIAL- CIRCULATION RESTRICTED**

This electronic communication, along with any attachment(s), contains confidential U.S. Government information intended for internal government use only. This electronic communication and its attachment(s) also contain information that is privileged as well as exempt from public disclosure under the Freedom of Information Act, 5 U.S.C. §552, including attorney work product, material that is part of the agency's deliberative process, and communications between attorney and client concerning legal matters for which the client has sought professional advice. The contents of this electronic communication and its attachment(s) are solely intended for the use by the addressee(s) designated herein, and must be controlled, stored, handled, transmitted, distributed, and disposed of in a manner that restricts access to only the designated addressee(s) and to those within U.S. Customs and Border Protection (CBP) who have an official "need-to-know."

If you are not a designated addressee of the electronic communication or a CBP official with a "need-to-know," you are prohibited from reviewing, using, copying, releasing, retransmitting, disseminating, disclosing, or otherwise sharing the communication or its attachments within or outside CBP without prior, written approval from the Commissioner of CBP and the Office of the Associate Chief Counsel, Chicago, IL.   Please notify the sender immediately and permanently delete this electronic communication, and any copies or printouts of the communication and its attachments.