UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| BUERGOFOL GMBH,<br><br>            Plaintiff,<br><br>vs.<br><br>OMEGA LINER COMPANY, INC.,<br><br>            Defendant. | 4:22-CV-04112-KES<br><br><br>ORDER DENYING MOTION TO STRIKE AND MOTIONS FOR SANCTIONS |

## BACKGROUND

On July 26, 2023, defendant, Omega Liner Company, Inc., filed a motion to compel plaintiff, Buergofol GmbH, to produce documents and respond to an interrogatory. *See* Docket 175. Buergofol filed a brief in opposition to Omega's motion. *See* Docket 195. Based on the content of Buergofol's opposition, Omega moves to strike Buergofol's response, claiming it makes personal attacks on Omega's counsel and makes accusations that are "wholly unrelated to the legal issues Omega's motion to compel presents." Docket 214 at 9. Omega also moves the court to sanction Buergofol. *Id.* at 9-11. Buergofol opposes Omega's motion to strike and asks the court to strike both parties' filings related to Omega's motion to strike. Docket 222.

## DISCUSSION

### I. Motion to Strike

Omega's motion to strike is primarily premised on its claim that Buergofol's brief is offensive and littered with "personal attacks" on Omega's

counsel, Neustel. Docket 214 at 5-6, 8-9. Omega highlights that in its brief, Buergofol mentions Neustel by name at least forty times and refers to Neustel as "ignorant," "unprofessional" and accuses Neustel of making false statements. *Id.* at 6. Omega also provides a litany of examples in which Buergofol's attorneys have participated in name calling and acted rudely or unprofessionally during the litigation process. *See id.* at 2-5 (noting instances in which Buergofol's attorney has, among other things, threatened Omega with criminal liability, called Neustel "incompetent" and a "fool," referred to Omega's legal documents as "ridiculous," an "embarrassment," or "stupid.").

Buergofol asserts that the alleged false statements were central to the issue as to whether Omega's motion to compel should be granted. Docket 222 at 14-16. Moreover, Buergofol attempts to justify its references to Neustel by noting the instances in which Neustel has "personally attacked" Buergofol's attorneys, *see id.* at 6, and explain why Neustel's alleged false statements are indeed false, *see id.* at 13-19. Essentially, Buergofol argues it is not the bad guy—Omega is.[1] *See id.* at 6.

As a threshold issue, the court must address the legal backdrop for Omega's motion to strike. Omega frames its argument, primarily, around Federal Rule of Civil Procedure 12(f). Docket 214 at 6-9. Rule 12(f) provides that "[u]pon motion made by a party . . . or upon the court's own initiative at

---

[1] Buergofol also claims that Omega's attorneys have threatened Buergofol with Rule 11 sanctions and asks the court to hold a hearing to address such accusations. Docket 222 at 5-6. The court declines to do so at this time. If Omega files a motion for sanctions under Rule 11, Buergofol will have the opportunity to respond to any accusations on the briefs.

2

any time, the court may order stricken from any *pleading* any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). "Because the rule is stated in the permissive . . . it has always been understood that the district court enjoys 'liberal discretion' " under 12(f). *Stanbury L. Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000). But motions to strike are considered an "extreme measure" and are therefore "viewed with disfavor and [ ] infrequently granted." *Id.* (quoting *Lunsford v. United States,* 570 F.2d 221, 229 (8th Cir.1977)).

    In moving to strike Buergofol's brief in opposition to Omega's motion to compel, however, Omega attempts to employ Rule 12(f) for an improper purpose. A Rule 12(f) motion to strike may only be used on pleadings, which are defined in Rule 7(a) as complaints, answers, replies to counterclaims, answers to cross-claims, third-party complaints, and third-party answers. *See* Fed. R. Civ. P. 7(a); Fed. R. Civ. P. 12(f). Thus, Rule 12(f) is not the proper avenue for moving to strike a brief. *See e.g., Tierney v. Halls Ferry Pizza, Inc.*, 2023 WL 2524946, at *1 (E.D. Mo. Mar. 15, 2023) (finding a Rule 12(f) motion to strike documents filed in opposition to a motion for summary judgment improper); *Adams v. City of Cedar Rapids, Iowa*, 2022 WL 16572036, at *16 (N.D. Iowa Oct. 19, 2022) ("the documents in opposition to summary judgment which Defendants seek to strike are not pleadings as contemplated by the Federal Rules of Civil Procedure, and therefore, the Motion to Strike is improper under Rule 12(f)"); *Burns v. City of Apple Valley*, 2007 WL 9834139, at *8 (D. Minn. Mar. 8, 2007) (holding a party could not use Rule 12(f) to strike

3

non-pleading filings). As such, to the extent that Omega moves to strike under Rule 12(f), the motion is denied.

## II. Inherent Authority to Strike

Both Buergofol and Omega request the court utilize its inherent authority to strike their opponent's filing from the docket. *See* Docket 214 at 7-8 (Omega noting the court's inherent authority to strike items on the docket when requesting the court strike Buergofol's response to Omega's motion to compel); Docket 222 at 19 (Buergofol asking the court use its inherent power to strike Omega's motion to strike). Both parties argue the respective filings from their opposition are improperly accusatory, inflammatory, and combative. *See* Docket 214 at 6-9; Docket 222 at 19.

District courts enjoy an inherent authority to control their dockets to "achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *see also Lunsford v. United States*, 570 F.2d 221, 227 n.11 (8th Cir. 1977) (recognizing the court's authority to strike materials on its own initiative). This authority provides courts the power "to strike improper or untimely briefs and otherwise to enforce their local rules." *Libault v. Mamo*, 2023 WL 1474853, at *1 (D. Neb. Feb. 2, 2023); *see also Fleshner v. Tiedt*, 2019 WL 271619, at *2 (N.D. Iowa Jan. 18, 2019) (recognizing the court's inherent authority to strike a surreply); *McClurg v. Mallinckrodt, Inc.*, 2017 WL 2880350, at *3 (E.D. Mo. July 6, 2017) ("The Court also retains inherent authority to strike evidence or pleadings that are not in compliance with its orders."); *WWP, Inc., v. Wounded Warriors, Inc.*, 2008 WL 150234, at *1 (D. Neb.

4

Jan. 14, 2008) (noting the existence of the court's authority to strike briefs, but declining to exercise it).

Nevertheless, the court's "inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44. As such, courts generally disfavor striking materials from the docket. *See Wounded Warriors, Inc.*, 2008 WL 150234, at *1. By and large, courts operate under the understanding that a brief should not be stricken unless its content is scandalous or defamatory or the brief "flagrantly" violates the court's rules. *See Papierfabrik Aug. Koehler SE v. United States*, 997 F. Supp. 2d 1347, 1349–50 (Ct. Int'l Trade 2014) ("[T]here is no occasion for a party to move to strike portions of an opponent's brief (unless they be scandalous or defamatory)"); *LaLoup v. United States*, 92 F. Supp. 3d 340, 354 (E.D. Pa. 2015) (refusing to strike "heated" briefs that verged on character attacks where such briefs did not violate the court's rules); *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota, LLC*, 2011 WL 1486033, at *2 (D. Minn. Apr. 19, 2011) (noting that striking materials is an "improper vehicle" to address impermissible arguments).

Here, the comments Buergofol made in its response to Omega's motion to compel were at least tangentially related to Buergofol's arguments as to why the court should deny the motion. *See generally* Docket 195. Moreover, Omega had the opportunity to respond to Buergofol's comments in its own reply brief. *See generally* Docket 206; *see also Papierfabrik*, 997 F. Supp. 2d at 1350 (noting the proper method of raising the issue that a brief contains incorrect or inappropriate material is "by so arguing, either in [a responsive] brief or in a

5

supplemental memorandum, but not by filing a motion to strike." (quotation omitted)). Similarly, Omega's statements about Buergofol's behaviors and actions were directly related to Omega's present motion, and Buergofol was able to and in fact did respond to such accusations in its response. *See* Dockets 214, 222, 240.

Although the court acknowledges that neither party shied away from filing their briefs with cutting comments, such language is not blatantly defamatory, scandalous, or a "flagrant" disregard for the court's rules. *LaLoup*, 92 F. Supp. 3d at 354 (declining to strike a brief that was "heated" and "verged on *argumenta ad hominem*" because it responded to the posed arguments and did not violate the court's rules).[2] Thus, the court declines to exercise its inherent power to strike either Buergofol's response at Docket 195 or the filings related to this pending motion.

### III. Omega's Motion for Sanctions

Omega also requests the court utilize its inherent power to levy sanctions against Buergofol. Docker 214 at 9. District courts wield the inherent power to "fashion an appropriate sanction for conduct which abuses the judicial process." *Gallagher v. Magner*, 619 F.3d 823, 844 (8th Cir. 2010) (quoting *Chambers*, 501 U.S. at 44–45). This inherent power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."

---

[2] Additionally, it bears mentioning that Magistrate Judge Duffy has already ruled on Omega's motion to compel, so the content of Buergofol's response no longer has any bearing on this court's decisions. *See* Docket 233.

*Anderson v. BNSF Ry. Co.*, 681 F. Supp. 3d 899, 908 (S.D. Iowa 2023) (quoting *Chambers*, 501 U.S. at 43). While the "court ordinarily should rely on the Federal Rules rather than its inherent power" when conduct could be addressed under rules, the "court may safely rely on its inherent power" if in its "informed discretion . . . the [r]ules are not up to the task." *Schlafly v. Eagle F.*, 970 F.3d 924, 936 (8th Cir. 2020) (quoting *Chambers*, 501 U.S. at 50) (cleaned up and internal quotation marks omitted).

Omega specifically requests (1) the court strike Buergofol's response to Omega's motion to compel; (2) the court impose the attorneys' fees Omega incurred in drafting its Motion to Strike and for Sanctions on Buergofol; and (3) the court either allow further meet-and-confer conferences to occur in writing or require Buergofol be responsible for Omega's costs in meeting to confer. Docket 214 at 13-14. For the reasons stated above in discussing the motions to strike, the court denies Omega's first request.

As to Omega's second request, the court recognizes attorney's fees are generally a permissible sanction. *See Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017). But such sanctions must compensate a party only "for losses sustained" as a result of the sanctioned party's misbehavior. *Id.* at 108. As noted above, the court does not find Buergofol's opposition to be an example of "misbehavior," although it may not have been executed in the best taste. Additionally, as to the comments Buergofol has allegedly made during the litigation process, *see* Docket 214 at 2-6, it seems that Omega is not entirely innocent either, *see* Docket 222 at 4-12. The court declines to pick

7

apart the parties' various accusations that all essentially shake out to attempts to shift blame and finger-point.

In regard to Omega's third request, the court highlights that the meet and confer rule requires parties "to have had an actual meeting or conference." *Jim Hawk Truck-Trailers of Sioux Falls, Inc. v. Crossroads Trailer Sales & Serv., Inc.*, 2023 WL 356121, at *23 (D.S.D. Jan. 23, 2023) (quotation omitted). It is neither within the letter or the spirit of the meet and confer rule to carry out such meetings through letters or emails. *See Marks v. Bauer*, 2021 WL 6050309, at *3 (D. Minn. Dec. 21, 2021) (noting, in evaluating the Minnesota local rule, that "the meet-and-confer requirement is just that: a requirement that counsel meet and confer in an effort to resolve, or at least minimize, their differences. Exchanges of insulting emails all but ensure. . . further acrimonious disagreement."). Thus, the court also denies Omega's request to reduce all further meet and confers to writing.

At this time, the court also denies Omega's request for the court to order Buergofol to pay the expenses that Omega incurs during further meet and confers. The court is not, however, entirely adverse to exploring that option or something similar if the parties continue to engage in contemptuous, unprofessional conduct.

## CONCLUSION

The court is well aware that this action is highly contentious, but that is no excuse for the name-calling, threats, or the general unwillingness to be cooperative that has permeated this proceeding. Although the conduct in this

8

instance did not rise to a level warranting striking filings or imposing sanctions, the court implores the parties to remain professional. Thus, based on the foregoing, it is

    ORDERED that Omega's Motion to Strike and Motion for Sanctions (Docket 213) is DENIED.

    DATED July 24, 2024.

                                  BY THE COURT:

                                  */s/ Karen E. Schreier*

                                  KAREN E. SCHREIER
                                  UNITED STATES DISTRICT JUDGE