# EXHIBIT P

**From:** lester imperiumpw.com
**Sent:** Friday, July 19, 2024 6:48 PM
**To:** Michael Neustel <michael@neustel.com>
**Cc:** Monte Bond <monte@neustel.com>; Michelle Breit <michelle@neustel.com>; meghann@denevanfalon.com; Shannon Falon (shannon@denevanfalon.com) <shannon@denevanfalon.com>; ehertz@dehs.com; darien imperiumpw.com <darien@imperiumpw.com>
**Subject:** Renewed Meet-and-Confer Request re Buergofol's ROG 12

Dear Michael,

Let it be clear that we have repeatedly tried to meet and confer with you in a proper "conferment." You have repeatedly refused to have a two-way telephone conversation with Buergofol's counsel. We ask one last time for a day and time for counsel for the parties to have a two-way teleconference pursuant to L.R. 37.1 to discuss the issues pertaining to Buergofol's proposed motion to compel re Buergofol's ROG 12. We will not continue to propose days and times to have a teleconference because Omega's counsel has never responded as to whether Omega's counsel is available at any of the proposed times. Accordingly, we will now give up trying to propose times to have a teleconference. If we are incorrect, however, and if Omega's counsel is available to meet and confer in a proper teleconference, then please respond to this email setting forth a day and time so that Buergofol's counsel can make ourselves available at that time.

I take it from your email below that Omega refuses to answer Buergofol's ROG 12 by stating "the name of the manufacturer of the inner film" of each of the liners listed in the interrogatory. Your email below in my view adds nothing new to the discussion. Buergofol maintains that Buergofol is entitled to a full and complete verified answer to the actual interrogatory as posed, and that Omega is not permitted to "invoke" Rule 33(d) to answer the interrogatory for numerous reasons, including 1) that the answers to the interrogatory are not actually found in the materials pointed to by Omega, and 2) that essential materials pointed to by Omega are not business records. We understand your repeated statements about Omega not having sufficient business records, but that just means that under the law Omega is not entitled to invoke Rule 33(d). Accordingly, Omega must provide a standard narrative textual answer to ROG 12, which is verified under oath by the person making the answers. Buergofol maintains that if Omega cannot answer the interrogatory as to a particular liner, then Omega must so state in its interrogatory answer, and this must be done on a liner-by-liner basis. If Omega claims not to be able to answer as to a particular liner, then Omega should so state under oath and set forth in detail the efforts made to obtain the information.

Buergofol's ROG 12 is an interrogatory, not a request for production of business records. It does not matter whether Omega lacks "business records" as you say "to fully respond to Interrogatory No. 12." Much corporate knowledge and information known to any company, including to Omega, happens not to be written down in any "business record." Buergofol's counsel believes that individuals at Omega know quite well that all early Omega liners had inner film made by one and only one inner film supplier, i.e.,

Buergofol.  Buergofol has reason to believe this is true.  But regardless of whether it is true or not, Rule 33 requires Omega to answer as to all corporate knowledge of Omega, including information known to individuals that is not written down.  Buergofol will be explaining this, and making this argument, to the Court in Buergofol's proposed motion to compel.

As an evidentiary sanction and finding, Buergofol intends to move the Court for an order that Omega be precluded from disputing Buergofol's contention that all Omega liners listed in the interrogatory, for which the name of the inner film manufacturer cannot be obtained from the information pointed to by Omega, had inner film made by Buergofol.  Pursuant to Rule 37(c), if a party fails to provide information required by Rule 26(e), then the party is not allowed to use that information to supply information on a motion, at a hearing, or at trial.  Omega should be precluded from disputing Buergofol's contention using any information available to Omega that was not provided in Omega's verified answer to ROG 12.

ROG 12 also requires Omega to state, for each listed liner, "the name of the entity that purchased the liner from Omega."  There is no provision either in the Federal Rules of Civil Procedure or in this Court's general protective order (Dkt. 131) that permits Omega unilaterally to withhold and conceal this information when it is clearly requested by an interrogatory.  The email exchanges we have had on this point have done nothing to resolve the dispute between us, and restating the parties' respective positions in yet another email here would be pointless.

If you change your mind and are willing to meet and confer, please advise.  Otherwise, Buergofol counsel concludes that the parties are at an impasse.

Respectfully,

Lester

T. Lester Wallace
**Imperium Patent Works LLP**
315 Ray Street
Pleasanton, CA 94566
(925) 862-9972