UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BUERGOFOL GMBH,<br><br>Plaintiff,<br><br>vs.<br><br>OMEGA LINER COMPANY, INC.,<br><br>Defendant. | 4:22-CV-04112-KES<br><br>ORDER DENYING MOTION TO MODIFY SCHEDULING ORDER AND STOP BUERGOFOL FROM FILING DISPOSITIVE MOTIONS UNTIL THE CLOSE OF DISCOVERY |

Defendant, Omega, moves the court to amend its scheduling order to incorporate additional discovery protocols and bar plaintiff, Buergofol, from filing dispositive motions until after the close of discovery. Docket 393. Buergofol opposes the motions. Docket 408.

## I.    Proposed Discovery Procedures

Omega's proposed discovery procedures would require a party seeking relief to file a three-page letter with the court outlining the issues in dispute and a separate meet-and-confer certification pursuant to Local Rule 37.1. Docket 394 at 5. The other party would then have three days to file their own three-page letter summarizing their position and, if the issue concerns ESI, an expert affidavit describing the information, the systems to be searched, the burden to produce the information, and the estimated associated expenses. *Id.* at 5-6. The court would then review the submissions and either schedule a

teleconference to hear argument or order additional briefing. *Id.* at 6. Any additional briefing would be confined to a page limit set by the court on an issue-by-issue basis. Docket 413 at 9.[1] The timing of the briefing would also be expedited—the first brief would be filed within seven days of the court's order, the response seven days after that, and the reply within five days of the response. Docket 394 at 6.

Omega proposes this process in the hope that it will help to promptly address and simplify the parties' discovery disputes. *Id.* Omega notes that this litigation has been littered with numerous discovery motions and lengthy briefing. *Id.* at 7 (showing that as of the date of this motion, the Omega and Buergofol had each filed ten discovery motions with 690 and 591 total pages of briefing by the respective parties). And Omega anticipates that more discovery disputes and motions are on the horizon. *Id.* at 11-16 (discussing each discovery motion that has already been filed and the motions Omega plans to make in the coming months).

Buergofol opposes the imposition of Omega's proposed process, arguing that the additional discovery steps would only serve to open the door to arguments between the parties about whether the new rules are being adhered to. Docket 408 at 3. Additionally, Buergofol contends that that it is unlikely that any issue will be resolved short of additional briefing. *Id.* at 8.

---

[1] In its initial brief, Omega proposed that the briefing be capped at 15 pages for the opening brief, 15 pages for a responsive brief, and five pages for a reply brief. Docket 394 at 6. Buergofol argued that the 15-page-limit was arbitrary. Docket 408 at 8. In its reply, Omega opined that the court should adjust the page limit as needed for each issue. Docket 413 at 9.

The court agrees with Buergofol on both counts. Given the ceaseless arguing between the parties regarding compliance with the standard discovery rules and practices, the court can assume that adding additional procedures will only provide more fodder for dispute. Moreover, the court is not convinced that any issues will be resolved without additional briefing, or that such briefing will actually be brief. This court has, on multiple occasions, issued orders granting leave to file overlength briefs, sur-replies, and sur-sur replies. *See e.g.*, Dockets 209, 389 (overlength briefs); Dockets 274, 509, 430 (sur-reply); Docket 281 (sur-sur-reply). Additionally, the parties regularly file hundreds of pages of attachments with their motions. For example, Buergofol filed 105 pages of exhibits in support of its motion at Docket 361 and Omega filed 102 pages of exhibits in opposition to the motion (in addition to its 41-page brief). *See* Dockets 364, 390. Thus, adding a letter-writing stage and a court review stage would likely only delay the inevitable slew of lengthy briefing.

The court recognizes that discovery issues in this case have been heavily briefed, as highlighted by Omega's recounting of the hundreds of pages worth of briefing that have been filed. *See* Docket 394 at 7. Thus, if Omega believes it can shorten and "streamline" its own briefs, the court welcomes it to do so. *See* Docket 413 at 9 (Omega stating that a 15-page limit on discovery issues "will likely be too much" in many cases). But at this time, the court will not impose a limit. Omega's motion to implement additional discovery procedures is denied.

## II.    Barring Dispositive Motions Until the Close of Discovery

Omega also requests the court prohibit Buergofol from filing dispositive motions until after discovery is completed. Docket 394 at 20. Omega argues that Buergofol has been consistently blocking Omega's discovery efforts in order to gain a tactical advantage. *Id.* Omega claims that because "Buergofol has not produced fundamental information that Omega needs . . . to prepare its defenses . . . Omega cannot possibly respond to a motion for summary judgment of infringement" or file its own motion. *Id.* Buergofol asserts that it would be unfair to place a limit on only Buergofol's filings. Docket 408 at 11.

"As a general rule, summary judgment is proper 'only after the nonmovant has had adequate time for discovery.' " *Iverson v. Johnson Gas Appliance Co.*, 172 F.3d 524, 530 (8th Cir. 1999) (quoting *In re TMJ Litig.,* 113 F.3d 1484, 1490 (8th Cir. 1997)). "[S]ummary judgment is premature where parties do not have access to relevant information entirely under another party's control." *Nat'l Sur. Corp. v. Dustex Corp.*, 291 F.R.D. 321, 327 (N.D. Iowa 2013). So "to prevent a party from being unfairly thrown out of court by a premature motion for summary judgment[,]" Rule 56(d) allows non-movants to "request a continuance . . . until adequate discovery has been completed if they otherwise cannot present facts sufficient to justify their opposition." *Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, L.L.P.*, 687 F.3d 1045, 1050 (8th Cir. 2012) (citation omitted); *see also* Fed. R. Civ. P. 56(d).

The court finds that Rule 56(d) creates a sufficient safeguard to shield Omega from its concerns of premature summary judgment motions founded on

lopsided discovery. If and when Buergofol files such a motion, the court will review Omega's filings and arguments related to the sufficiency of discovery. Thus, the court denies Omega's motion to bar Buergofol from making dispositive motions until the completion of discovery.

## CONCLUSION

Based on the foregoing, it is

ORDERED that Omega's motion to amend the scheduling order to provide for additional discovery procedures and to preclude Buergofol from filing dispositive motions until after the close of discovery (Docket 393) is DENIED.

Dated November 25, 2024.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE