UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| BUERGOFOL GMBH,<br><br>Plaintiff,<br><br>vs.<br><br>OMEGA LINER COMPANY, INC.,<br><br>Defendant. | 4:22-CV-04112-KES<br><br>ORDER DENYING MOTION TO RECONSIDER |

Plaintiff, Buergofol, moves the court to set aside the Magistrate Judge's order granting defendant, Omega's, motion for sanctions. Docket 410. Omega opposes the motion. Docket 414. The court issues the following order.

**BACKGROUND**

In April of 2023, Omega moved to compel Buergofol's response to Requests for Production (RFPs) 23 and 24. Docket 92. RFP 23 calls for "[d]ocuments related to each product (including each version thereof) sold by Buergofol to Omega . . . sufficient to show the structure and composition of each component part of each product." Docket 94 at 9. Similarly, RFP 24 requests "[m]anufactuing specifications for each product (including each version thereof) sold by Buergofol to Omega." *Id.* Originally, Buergofol argued against its duty to respond because the RFPs sought "discovery of detailed trade secret information that [wa]s not needed in this case." Docket 105 at 9. And Buergofol asked the court for a protective order to protect against the requests. *Id.*

Omega's motion was referred to Magistrate Judge Duffy under Federal Rule of Civil Procedure 37. Docket 183. Magistrate Judge Duffy held a day-long motions hearing on September 18, 2023, where she orally granted the motion to compel. *See* Docket 238 at 166-68. During the hearing, Magistrate Judge Duffy stated that the disclosures required by RFPs 23 and 24 "will be provided to Omega pursuant to the [c]ourt's protective order" and "be designated 'attorneys' eyes only.' " *Id.* at 166; *see also* Docket 131 (the court's protective order addressing how trade secrets and confidential information should be handled). Further, the parties were advised that if, after receiving the documents, Omega believed that more disclosure was required, Omega could petition the court for a different characterization of the documents. *Id.* at 166-68. After the motions hearing, Magistrate Judge Duffy issued a written order, cementing her oral ruling. *See* Docket 234. The written order required Buergofol to "produce documents responsive to [RFPs 23 and 24] within 30 days. The documents produced by Buergofol . . . shall be subject to the district court's protective order and shall be classified as highly confidential attorney's eyes only." *Id.*

In response to the order, Buergofol produced a declaration from Dr. Boutrid and 21-pages of manufacturing specifications. *See* Docket 351 at 9. The documents were labeled: "Confidential and Highly Confidential – Attorney's Eyes Only." *Id.* Thereafter, Omega moved to sanction Buergofol for failing to comply with Magistrate Judge Duffy's order. Docket 323. Omega argued that the Dr. Boutrid declaration was self-serving, lacked reference to the "migrating

compound," and the disclosures failed to "provide the specificity of information regarding the structure, composition, and manufacturing specifications for Buergofol's products" necessary to address Buergofol's infringement claims. *See* Docket 324 at 3, 8-11.[1] Buergofol argued against sanctions, stating that additional disclosures were not proper because they would either (1) be irrelevant or (2) constitute trade secrets. Docket 351.

In addressing the motion, the magistrate judge first evaluated the relevancy of the information sought in light of the parties' claims and determined it was relevant. Docket 402 at 10-12. As to the trade secret information, the Magistrate Judge explained that, at Buergofol's behest, the court had imposed a protective order to address how trade secrets would be disclosed and protected. *Id.* at 12-14. The magistrate judge declined to "relitigate" the issue of whether the trade secrets should be disclosed—because the court unequivocally ordered their disclosure during the September hearing and in its written order. *Id.* at 15. Magistrate Judge Duffy again ordered Buergofol to respond to RFPs 23 and 24 and granted Omega's motion for sanctions on this issue. *See id.* at 21-22. Now, Buergofol objects to the Magistrate Judge's order granting sanctions. *See* Docket 410.

**LEGAL STANDARD**

"A district court may reconsider a magistrate judge's ruling on non-dispositive pretrial matters where it has been shown that the ruling is clearly

[1] Omega specifically requested Buergofol's extrusion sheets, which Omega believes would be responsive to the RFPs. *See* Docket 323.

erroneous or contrary to law." *Ferguson v. United States,* 484 F.3d 1068, 1076 (8th Cir. 2007) (citing § 636(b)(1)(A)); *see also* Fed. R. Civ. P. 72(a) (stating that in addressing objections to a magistrate judge's decision on non-dispositive motions, the district court can "modify or set aside. . . the order [if it] is clearly erroneous or is contrary to law").[2] "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Gateway, Inc. v. Companion Prods., Inc.,* 384 F.3d 503, 507-08 (8th Cir. 2004) (citation omitted). "A decision is contrary to law when a court fails to apply or misapplies relevant statutes, case law or rules of procedure." *Smith v. Bradley Pizza, Inc.*, 314 F. Supp. 3d 1017, 1026 (D. Minn. 2018), *aff'd,* 821 F. App'x 656 (8th Cir. 2020) (internal quotation marks omitted).

## I. Timeliness of Objections

Omega argues that some of Buergofol's objections—particularly those related to the disclosure of trade secrets—are untimely because they go to Magistrate Judge Duffy's September 2023 ruling, rather than the order

[2] Here, Magistrate Judge Duffy was ruling on a motion for sanctions that stemmed from the question of whether Buergofol had complied with the court's discovery order. *See* Docket 402; Docket 234. Courts have routinely found magistrate judges' rulings on discovery issues and motions for sanctions to be "non-dispositive" so long as the sanction imposed was not dispositive. *See Interpreter Servs., Inc. v. BTB Techs., Inc.*, 2012 WL 984279, at *1 (D.S.D. Mar. 22, 2012); *Benedict v. Zimmer, Inc.*, 232 F.R.D. 305, 313 (N.D. Iowa 2005) (collecting cases); *see also Phinney v. Wentworth Douglas Hosp.,* 199 F.3d 1, 6 (1st Cir. 1999) (noting that motions for discovery sanctions are non-dispositive).

imposing sanctions. *See* Docket 414 at 4-5. Buergofol asserts that its objections were timely made because they address issues that only arose from the order on Omega's motion for sanctions. Docket 419 at 16-17.

Under Federal Rule of Civil Procedure 72(a), a party may object to a non-dispositive matter decided by a magistrate judge "within 14 days after being served with a copy" of the written order. Fed. R. Civ. P. 72(a). "A party may not assign as error a defect in the order not timely objected to." *Id.* As such, district courts are mandated to consider only *timely* objections. *See id.*; *United States v. Becerra*, 73 F.4th 966, 972-73 (8th Cir. 2023) (stating that the district court was not required to consider the objection to the magistrate judge's decision on a non-dispositive matter when the party's objections were not timely filed); *McDonald v. City of Saint Paul*, 679 F.3d 698, 709 (8th Cir. 2012) (stating that because the plaintiff did not file timely objections before the district court, the plaintiff could not challenge the magistrate's order on a non-dispositive matter on appeal). "The policy behind the short and tight 14-day window is obvious. Appeals of non-dispositive rulings should not be allowed to bog down litigation, a serious concern in a case like this one." *Stratford Ins. Co. v. Shorewood Forest Utils., Inc.*, 2024 WL 773612, at *3 (N.D. Ind. Feb. 23, 2024).

Any objection that Buergofol had to Magistrate Judge Duffy's order dictating that Buergofol must respond to RFPs 23 and 24, should have been raised by at least November 2, 2023. *See* Fed. R. Civ. P. 72(a). As such, the court finds that Buergofol's objection to the legal analysis Magistrate Judge

Duffy completed in ordering the disclosure of trade secrets is now untimely. *See* Docket 410 at 9.

But Buergofol attempts to use the order for sanctions as a work-around for the untimely objections, claiming that the September 2023 orders did not "order Buergofol to disclose trade secrets." Docket 419 at 17. Buergofol asserts that it was not until the order on sanctions that Magistrate Judge Duffy made an "erroneous legal conclusion" that Buergofol can be ordered to disclose trade secrets without offering Buergofol the opportunity to show trade secrets exist and determining whether the disclosure is necessary for Omega to prepare its defense. Docket 410 at 9 (citing Docket 402 at 15, 21).

Magistrate Judge Duffy dismissed this argument, stating that Buergofol was simply attempting to relitigate the issue. Docket 402 at 15. The court agrees. When Magistrate Judge Duffy took up Omega's motion to compel discovery, she necessarily incorporated the briefing on the matter—which centered around Buergofol's argument that it could not respond to RFPs 23 and 24 because the responses would implicate trade secrets—and heard oral argument focused nearly entirely on the disclosure of trade secret information. *See* Docket 238 at 116-26, 148-49, 154-55, 162, 166-67. Buergofol's interpretation that somehow Magistrate Judge Duffy did not originally order the disclosure of the very trade secrets Buergofol was refusing to disclose (that led to the motion to compel and the discussion at the hearing) is indeed simply an attempt to relitigate the issue of disclosure. Thus, to the extent that

Buergofol asserts that Magistrate Judge Duffy should have executed an *In re Remmington* analysis, the court overrules Buergofol's objections as untimely.[3]

## II. Buergofol's Remaining Objections

### A. Magistrate Judge Duffy's Factual Finding that Buergofol's Claims that Omega's Liners Made with Buergofol Film Infringe the '882 Patent "Remain Alive and Well"

Buergofol objects to Magistrate Judge Duffy's finding of fact that "Buergofol's claims that Omega's liners made with Buergofol film infringe the '882 Patent remain alive and well." Docket 410 at 21 (quoting 402 at 11). Buergofol argues that Magistrate Judge Duffy "ignore[d] the binding nature of the infringement contentions that Buergofol served." *Id.* According to Buergofol, its infringement contentions "explicitly state" that Buergofol does not allege any Omega Liner made with Buergofol film infringes the '882 Patent. *Id.*; Docket 419 at 15-16.

[3] For purposes of clarity, the court is not convinced that Magistrate Judge Duffy did not engage in the analysis set forth in *In re Remmington*. The case merely requires that the opposing party be given the opportunity to show there are trade secrets in play and that there was a need for the discovery. *In re Remmington*, 952 F.2d 1029, 1032 (8th Cir. 1991). Magistrate Judge Duffy seems to have taken Buergofol as its word and assumed the presence of trade secrets—without placing the burden on Buergofol to prove them. And notably, Buergofol never affirmatively requested to prove the existence of the trade secrets. Docket 238 at 148 (Buergofol's attorney saying he would be "willing" to explain the trade secrets in camera). Buergofol did take the opportunity to vaguely describe the secrets and why they should remain secret at the motions hearing. *Id.* at 148-51. Magistrate Judge Duffy then heard argument from Omega about why the discovery was relevant and needed. *Id.* at 116-26. Ultimately, Magistrate Judge Duffy determined that the protective order would properly serve and protect both interests, and ordered the trade secret information be disclosed pursuant to the terms of the protective order. *Id.* at 166-67; *see also In re Remmington*, 952 F.2d at 1031 n.1. (distinguishing *Remmington* from other cases where the court had allowed the presence of trade secrets to be established and issued a protective order to manage the disclosure of trade secret information).

Admittedly, Magistrate Judge Duffy was at a disadvantage at the time she drafted the order on the motion for sanctions. At that time, Omega's motion to strike Buergofol's infringement contentions was pending before the court. *See* Docket 395. In its brief in support of the motion to strike, Omega stated that it was unclear whether Buergofol still claimed that the Omega liner made with Buergofol film infringed. *See* Docket 436 at 27 (Omega's reply brief stating that "Buergofol's infringement contentions appear to disavow any infringement of the '882 Patent by Omega Liners that use Buergofol's inner and outer film, but Buergofol's statement is highly ambiguous and appears to be contradicted by other assertions in the Infringement Contentions.") (emphasis omitted). Only in responding to the motion to strike did Buergofol make its position undeniably clear. *See* Docket 416 at 27. The court recently ordered Buergofol to amend its infringement contentions to include its theories of infringement and specifically address the versions of Omega Liner it alleges infringe. *See* Docket 614.

Thus, because Buergofol's infringement contentions do not yet make it undeniably clear that it does not contend that the liners with Buergofol film infringe and Buergofol's operative complaint still bears those claims—the issue is in limbo. *See* Docket 163 (Buergofol's amended complaint). As such, the court determines that Magistrate Judge Duffy's finding that the claims are alive is not clearly erroneous, because the court is not left with the "definite and firm conviction" that the claims have been abandoned. *Gateway,* 384 F.3d at 508.

### B. Magistrate Judge Duffy's Finding of Fact that Buergofol's Motion for a Protective Order "Was Fully Argued"

Buergofol objects to Magistrate Judge Duffy's finding that Buergofol's motion for a protective order "was fully argued" and that Buergofol is merely attempting the relitigate the issue. Docket 410 at 22-23 (quoting Docket 402 at 13). Buergofol asserts that its motion for protective order to protect trade secrets was "not fully argued because it was denied before it could be argued" when the court "declined to consider the merits of [the] motion." *Id.* at 23.

As discussed in Magistrate Judge Duffy's order, the current protective order in this case (Docket 130; Docket 131) was issued after substantial briefing and argument from the parties. *See* Docket 402 at 13. Later, Buergofol moved for a protective order specifically tailored to address trade secret disclosures in response to RFPs 23 and 24. *See* Docket 72. The issue was completely briefed by the parties, but the court ultimately denied the motion after finding that Buergofol had failed to properly meet and confer on the issue. *See* Docket 180 at 1, 9-16.[4]

Buergofol states that because only Omega's motion to compel—and not Buergofol's motion for protective order—was argued at the September hearing, it is improper to consider Buergofol's motion for protective order "fully argued." Docket 410 at 23-24. But Magistrate Judge Duffy did not say that the issue

[4] Buergofol takes the opportunity to argue that Omega's underlying motion to compel was also defective because Omega too failed to meet and confer in good faith. Docket 410 at 23. The court declines to address this argument because any complaints about Magistrate Judge Duffy's decision to hear argument on the motion to compel should have been raised within 14-days of the original order and are now untimely.

had been "fully resolved" or that the court had issued an order on the merits. *See* Docket 402 at 13. Magistrate Judge Duffy merely observed that the motion had been fully argued on the briefs, *id.*, and she was correct.

Buergofol also takes issue with Magistrate Judge Duffy's statement that "Buergofol was allowed to present its facts and argument at the September 18 hearing" and that was the time Buergofol should have put forth facts about the adequacy of the operative protective order. Docket 410 at 24 (quoting Docket 402 at 15). Buergofol asserts that the Magistrate Judge's claim is clearly erroneous because "Buergofol was not allowed to present facts and argument at the . . . hearing regarding specific trade secrets and why Omega had no need to learn of any specific Buergofol trade secret." *Id.*

The court rejects Buergofol's objections for two reasons. First, Buergofol's complaints that it did not get to discuss specific trade secrets or Omega's need for the trade secrets at the motions hearing is untimely, as discussed above. Second, the court finds that Magistrate Judge Duffy was correct—Buergofol's concerns about the protective order's ability to protect trade secrets disclosed in response to RFPs 23 and 24 should have been addressed at the motions hearing. Buergofol complains that it did not get the chance to go in camera to explain the trade secrets to the Magistrate Judge, *see id.* at 23-24, but *Buergofol* knew what the trade secrets were. If *Buergofol* believed that additional protections were necessary, it could and should have raised those arguments along with the other arguments it made regarding discoverability. Buergofol was given the floor and permitted to supply the court with all of its

arguments. There is no basis for the assertion that Buergofol "was not allowed" to address necessary protections tailored to its trade secrets. And after Magistrate Judge Duffy issued her oral order—which specifically stated she was under the impression that the operating protective order was sufficient to protect both parties' interests—Buergofol could have objected at that time or filed a proper objection within 14-days.

The court also agrees with Magistrate Judge Duffy's statement that Buergofol was attempting to relitigate the protective order and the disclosure of trade secrets. Docket 402 at 15-16. After all, even now, this appears to be Buergofol's attempt at a fourth bite of the apple. This issue was initially briefed in the motion for protective order (Docket 72) and implicated in Omega's motion to compel (Docket 92). Then, Buergofol had the opportunity to orally argue its position at the motion hearing. *See generally* Docket 238. After that, Buergofol enjoyed a 14-day period in which it could object to the Magistrate Judge's decision ordering the disclosure of the trade secrets under the operative protective order. Later, Buergofol again submitted its arguments on this issue in regard to Omega's motion for sanctions. *See* Docket 323 (Omega's motion for sanctions); Docket 351 (Buergofol's response). And finally, Buergofol again makes the same arguments in its objection to Magistrate Judge Duffy's order on sanctions.

### C. Magistrate Judge Duffy's Legal Conclusion that Buergofol's Infringement Contentions Do Not Limit the Rules of Discovery

Buergofol objects to Magistrate Judge Duffy's finding that "[t]he civil rules of discovery are not limited by Buergofol's would be infringement

contentions." Docket 410 at 25 (quoting Docket 402 at 12). Buergofol asserts that the scope of discovery is necessarily limited by and dependent upon the infringement contentions. *Id.*[5]

The court rejects Buergofol's argument and finds that Magistrate Judge Duffy's finding was not clearly erroneous. In making her finding, Magistrate Judge Duffy noted that Omega had moved to strike Buergofol's infringement contentions under the theory that they were inadequate. Docket 402 at 10-11. Thus, it was reasonable for Magistrate Judge Duffy to find that the potentially lacking infringement contentions should not govern the scope of discovery. But even so, other "court[s have] stated that, 'the scope of discovery is not limited to the . . . infringement contentions or . . . invalidity contentions but is governed by the Federal Rules of Civil Procedure.' " *Prism Techs., LLC v. Adobe Sys., Inc.*, 2011 WL 6210292, at *5 (D. Neb. Dec. 14, 2011) (quoting *Epicrealm Licensing, LLC v. Autoflex Leasing, Inc.,* 2007 WL 2580969 (E.D. Tex. Aug. 27, 2007)). Thus, Buergofol's objection is overruled.

**D. Magistrate Judge Duffy's Legal Conclusion that Documents Concerning Buergofol Film in Omega Liner "May Address" Invalidity**

Buergofol claims that Magistrate Judge Duffy's conclusion that Buergofol's documents containing trade secrets about Buergofol film sold to Omega "may address" invalidity is erroneous. Docket 410 at 25-26. Because invalidity contentions address what happened before the patent was filed,

---

[5] Buergofol offers no citation to legal authority supporting any argument regarding its objection on this issue. *See* Docket 410 at 25.

Buergofol asserts that "trade secret [information] about film sold *after* the critical date of [the] patent are not relevant to invalidity and are . . . not needed to prepare an invalidity defense." *Id.* at 26 (emphasis added). Omega argues that such documents may be vital to proving invalidity because Omega alleges Buergofol sold film prior to the critical date, and Buergofol has stated it has no documents showing the structure and composition of its film prior to 2012. *See* Docket 414 at 10. Thus, Omega claims that it "may rely on the structure and composition of the film Buergofol sold to Omega in 2017 to show that Buergofol sold film with the same structure and composition before the . . . critical dates." *Id.* The court agrees with Omega and finds that Magistrate Judge Duffy's conclusion was not erroneous or contrary to law.

## CONCLUSION

Based on the foregoing, it is

ORDERED that Buergofol's objections (Docket 410) to the Order Granting in Part and Denying in Part Omega's Motion for Sanctions (Docket 402) are OVERRULED and the Motion for Reconsideration is DENIED.

Dated February 13, 2025.

BY THE COURT:

/s/ Karen E. Schreier
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE