UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BUERGOFOL GMBH,<br><br>    Plaintiff,<br><br> vs.<br><br>OMEGA LINER COMPANY, INC.,<br><br>    Defendant. | 4:22-CV-04112-KES<br><br><br>ORDER DENYING MOTION FOR ATTORNEYS' FEES |

  Defendant, Omega, moves for attorneys' fees incurred in responding to plaintiff, Buergofol's, Motion to Compel Response to Interrogatory No. 12 (Docket 444). Docket 479. Buergofol opposes the motion, arguing that its motion was substantially justified. *See* Docket 498 at 7. Buergofol also argues that it is entitled to fees because Omega failed to serve a timely response to No. 12 and the responses it did serve were inadequate. *Id.* at 7, 28-29.

  On March 28, 2025, the court denied Buergofol's motion to compel. Docket 684. While Buergofol argued that Omega's document disclosures were not in compliance with Federal Rule of Civil Procedure 33(d), *see* Docket 449, the court found the responses were sufficient pursuant to Rule 26, *see* Docket 684 at 19-21.

  Federal Rule of Civil Procedure 37(a)(5)(B) provides that when a discovery motion is denied, the court may "require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees[,]" unless

the court finds "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). A position is "substantially justified" if it "was justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person. To warrant such a characterization, the position must have reasonable basis both in law and fact." *In re Nat'l Hockey League Players' Concussion Inj. Litig.*, 2017 WL 3276873, at *1 (D. Minn. July 31, 2017) (citation omitted). At its core, "substantial justification means that 'reasonable minds could differ as to whether the party was justified in resisting the discovery sought.' " *Jim Hawk Truck-Trailers of Sioux Falls, Inc. v. Crossroads Trailer Sales & Serv., Inc.*, 2022 WL 3010143, at *8 (D.S.D. July 29, 2022) (quoting *Kirschenman v. Auto-Owners Ins.*, 2012 WL 1493833, at *2 (D.S.D. Apr. 27, 2012)).

The court finds that Omega is not entitled to attorneys' fees because Buergofol's motion to compel was substantially justified. As noted in Omega's own briefing, Omega's documents did not fall within the plain text of Rule 33(d). *See* Docket 477 at 18 and Docket 510 at 6-7 (Omega admitting that Attachments 1 and 2 are not "business records" as called for in Rule 33(d)); Docket 684 at 19-21 (the court declining to decide whether the records are "business records" and determining the disclosure was proper under the court's discretion in resolving discovery disputes pursuant to Rule 26). Thus, Buergofol's motion to compel Omega to serve a narrative answer based on the premise that the documents were not business records was substantially justified.

The court also finds that Buergofol is not entitled to attorneys' fees because the documents produced were sufficient to answer Interrogatory No. 12. *See* Docket 684. And the court finds Buergofol's complaints about the timing of Omega's responses uncompelling in light of Buergofol's five-month silence regarding the sufficiency of Omega's document production. *See id.* at 10, 18; *R. L. Mlazgar Assocs., Inc. v. Focal Point L.L.C.*, 2024 WL 4751269, at *3 (D. Minn. Nov. 12, 2024) ("[A] party seeking to compel discovery should file a motion with due regard to the relative importance of the information[ and] the time required to resolve the dispute.").

Thus, it is

ORDERED that Omega's motion for attorneys' fees (Docket 479) is DENIED and no attorneys' fees shall be awarded to either party in relation to Buergofol's Motion to Compel (Docket 444).

Dated April 9, 2025.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE