UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| BUERGOFOL GMBH,<br><br>Plaintiff,<br><br>vs.<br><br>OMEGA LINER COMPANY, INC.,<br><br>Defendant. | 4:22-CV-04112-KES<br><br><br>ORDER DENYING CLARIFICATION |

After a status conference on April 28, 2025, the court issued an order staying motions (Docket 723), an order granting in part and denying in part Buergofol's motion for a protective order (Docket 724), and an ESI discovery order (Docket 725). After the court issued the orders, Buergofol moved for clarification on a number of perceived deficiencies in the court's orders and submitted 18 bulleted questions, asking the court to answer "yes or no." Docket 728. Omega opposes the request—stating that the court's orders are clear and Buergofol's 18 questions merely seek new rulings, not clarifications. Docket 740.

**LEGAL STANDARD**

A motion for clarification is not expressly authorized by the Federal Rules of Civil Procedure. *See Kraft v. Off. of Comptroller of Currency*, 2021 WL 3186153, at *2 n.2 (D.S.D. July 28, 2021). But it "can be appropriately used to resolve a state of confusion" caused by a court's order. *See Knox v. Lichtenstein*,

1

654 F.2d 19, 21 (8th Cir. 1981). Yet where a motion for clarification "simply attempt[s] to relitigate already decided issues, [the Eighth Circuit has] conclud[ed] that [the motion] may warrant sanctions for unreasonably and vexatiously multiplying the proceedings and 'wast[ing] . . . everyone's time.' " *G2 Database Mktg., Inc. v. Stein*, 2020 WL 6484788, at *3 (S.D. Iowa Oct. 15, 2020) (quoting *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 749 (8th Cir. 2018)).

The Eighth Circuit "construes motions for reconsideration of non-final orders as motions under Rule 60(b)." *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018). Rule 60(b)(6) provides that a court may relieve a party from an order for "any reason that justifies relief," Fed. R. Civ. P. 60(b)(6), and is justified only in "exceptional circumstances," *Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc.*, 413 F.3d 897, 903 (8th Cir. 2005). Rule 60(b) motions do not allow movants to simply relitigate issues a district court has already ruled upon. *See In re SDDS, Inc.*, 225 F.3d 970, 972 (8th Cir. 2000); *Broadway v. Norris*, 193 F.3d 987, 989-90 (8th Cir. 1999) ("[T]he purpose of Rule 60(b)(6) . . . is not a vehicle for simple reargument on the merits."). Rather, "a motion for reconsideration 'serve[s] the limited function of correcting manifest errors of law or fact or . . . present[ing] newly discovered evidence.' " *United States v. Luger*, 837 F.3d 870, 875 (8th Cir. 2016) (quoting *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 407 (8th Cir. 2013)) (alterations in original).

### DISCUSSION

Buergofol contends that "the current status of this case concerning what discovery and what motions each party is permitted to pursue is not well

defined." Docket 749 at 1. But Omega believes the courts orders are "clear" on the items that Buergofol perceives as ambiguous, *see* Docket 740 at 8-18, and states that Buergofol's request for clarification is merely Buergofol's attempt to relitigate a result it dislikes, *id.* at 4 (noting that Buergofol's motion for clarification is Buergofol's eighth attempt to rehash a discovery order that Buergofol refuses to accept).

    The court agrees with Omega. First, several of Buergofol's "clarifying questions" attempt to re-argue Buergofol's position on a number of topics. *See* Docket 728 at 13-14, 19 (Buergofol arguing that it should not have to disclose "non-relevant" documents, such as those related to food packaging, under the ESI order); Docket 748 at 8 (the court denying Buergofol's motion for reconsideration and noting that it has previously ordered that Buergofol "must turn over responsive analogous prior art to the patents-in-suit" which "include films beyond UV CIPP films") (citing Docket 164 at 11-12; Docket 181 at 3-4; Docket 464).

    Second, the court issued clear rulings. It is not the duty of the court to anticipate future disagreements between the parties about how the rulings will apply to the case. Addressing many of Buergofol's concerns would amount to the court issuing advisory opinions. If issues arise, the parties may bring them to the court's attention at that time. But Buergofol's laundry list of speculative or anticipatory future disputes serves only to burden the docket and divert judicial resources from motions properly before the court. If a legitimate dispute eventually arises, and judicial intervention is required, the parties may

3

file an appropriate motion. Until then, the parties are expected to proceed in good faith under the plain language of the court's existing orders. Thus, Buergofol's request for clarification is denied.

Dated June 9, 2025.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE