UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BUERGOFOL GMBH,<br><br>    Plaintiff,<br><br>vs.<br><br>OMEGA LINER COMPANY, INC.,<br><br>    Defendant. | 4:22-CV-04112-KES<br><br>ORDER DENYING BUERGOFOL'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO COMPEL |

Plaintiff, Buergofol, requests reconsideration of the court's order denying Buergofol's motion to compel (Docket 684) pursuant to Rule 54(b). Docket 708. Defendant, Omega, opposes the motion. Docket 727. Omega also moves the court to award Omega its attorney's fees and costs for having to respond to Buergofol's motion. *Id.* at 29-30. The court issues the following order.

## BACKGROUND[1]

On October 19, 2023, Buergofol served Interrogatory No. 12 on Omega, which included a table of wet-out serial numbers for roughly 2,000 liners Omega had made up to the date that the interrogatory was served. Docket 445-1. For each listed liner, Buergofol requested that Omega supply the liner's corresponding (1) inner film manufacturer, (2) sales revenue, (3) length, and (4)

---

[1] The court provides a short recitation of the facts as relevant to resolve Buergofol's motion to reconsider. But the court provides a fuller background surrounding the parties' discovery dispute concerning Interrogatory No. 12 in its previous order denying Buergofol's motion to compel, which the court incorporates by reference. *See* Docket 684 at 1-4.

purchaser information. *Id.* at 3-46. In its first supplemental response to Interrogatory No. 12, Omega provided numerous documents under Rule 33(d). *See* Docket 445-4. Buergofol objected to Omega's response as insufficient under Rule 33(d). Docket 445-6.

Following the parties' meet-and-confer, Omega explained to Buergofol the process for finding the inner film manufacturer, indicated that the purchaser information was not relevant, and notified Buergofol that it would provide further information to help Buergofol cross-reference the wet-out serial numbers. Docket 445-9 at 4. On January 12, 2024, Omega supplied Attachments 1 and 2 to help Buergofol cross-reference the listed liners and further expressed that it did not have records to fully comply with Interrogatory No. 12 because prior to July 2019, Omega did not maintain records indicating the specific inner film manufacturer for its manufactured liners. Docket 445-10 at 6.

On January 24, 2024, Buergofol again informed Omega that its responses to Interrogatory No. 12 were insufficient under Rule 33(d) because it could not determine the inner film manufacturer for each listed liner. Docket 445-11 at 2-3. In response, Omega supplied a four-step process to help Buergofol obtain the sales revenue data and to determine the inner film manufacturer information. Docket 445-13. On July 9, 2024, Buergofol reiterated that Omega's responses were inadequate because Buergofol could not obtain all the requested information and cited several other issues with Omega's responses. Docket 445-14 at 2-6. After some back-and-forth between

2

the parties, Buergofol filed a motion to compel on August 6, 2024. Docket 444. Two days later, Omega filed a supplemental response to Interrogatory No. 12. Docket 478-1. This supplemental response included "exclusivity tables," which indicated for certain time periods when Omega only had one supplier of certain sizes of inner films. *Id.* at 49-51.

The court denied Buergofol's motion to compel, reasoning that Omega's responses were sufficient under Rule 33(d). Docket 684 at 14-21. The court reasoned that while Attachments 1 and 2 and the exclusivity tables were not business records, Omega's disclosures under Rule 33(d) were still proper because "the records either disclose the requested information or allow Buergofol to find the requested information in Omega's supplied business records." *Id.* at 18-21. The court also found Omega's responses sufficient under the court's broad discretion to limit discovery, because Buergofol was requesting "an undeniably large amount of information that no one contends is easily collected or distilled." *Id.* at 17-18. The court denied Buergofol's request to require Omega to turn over its purchaser information on the basis that the "danger to Omega outweighs Buergofol's need for the customer information." *Id.* at 21-23 (holding, in part, that denying Buergofol's request was warranted "particularly in light of the harm it may cause Omega's customer relationships if the court orders Omega to comply").

Buergofol now moves for reconsideration of the court's order denying its motion to compel Omega's response to Interrogatory No. 12, mainly arguing that the court "read Rule 33 out of the Federal Rules such that an accused

3

patent infringer is allowed, with the assistance of the court, to evade a basic, properly-posed Rule 33 interrogatory." *See* Docket 708 at 6. Omega opposes the motion, arguing that Buergofol is attempting to relitigate issues previously decided by the court. Docket 727 at 5-7.

## LEGAL STANDARD

"The Federal Rules of Civil Procedure generally do not recognize uniform standards for a court to analyze a motion to reconsider." *Planned Parenthood Minn., N.D. v. Daugaard*, 946 F. Supp. 2d 913, 925 (D.S.D. 2013). Buergofol brings its motion for reconsideration under Federal Rule of Civil Procedure 54(b). Docket 708 at 4. Under Rule 54(b), interlocutory orders that "adjudicate[] fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Because the order denying Buergofol's motion to compel is not a final order, the court finds that Buergofol's reconsideration motion properly falls under Rule 54(b). *See Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 923 n.3 (8th Cir. 2015); *Am. Zurich Ins. Co. v. Palmer*, 2023 WL 8111791, at *1-2 (D.S.D. 2023).

"A court may reconsider an interlocutory order to 'correct any clearly or manifestly erroneous findings of fact or conclusions of law.'" *Roemen v. United States*, 343 F.R.D. 619, 623 (D.S.D. 2023) (quoting *Jones v. Casey's Gen. Stores*, 551 F. Supp. 2d 848, 854 (S.D. Iowa 2008). "Reconsideration may be granted if the earlier decision misunderstood a party, made a decision outside

4

of the adversarial issues, or because of a 'controlling or significant change in law' since the issues were submitted to the court." *Westinghouse Elec. Co. v. United States*, 2009 WL 881605, at *4 (E.D. Mo. 2009) (quoting *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005)). A motion to reconsider, however, cannot serve as "a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." *Julianello*, 791 F.3d at 923; *see also SPV-LS, LLC v. Transamerica Life Ins. Co.*, 912 F.3d 1106, 1111 (8th Cir. 2019) (noting that a motion to reconsider cannot "introduce evidence that the movant could have produced before the district court decided the prior motion"). A reconsideration motion also cannot be used "to simply rehash an argument previously made." *Am. Zurich Ins. Co.*, 2023 WL 8111791, at *2. It is not an abuse of the district court's discretion to deny a motion for reconsideration for such an "impermissible purpose." *SPV-LS, LLC*, 912 F.3d at 1111 (quoting *Julianello*, 791 F.3d at 923).

## DISCUSSION

### I. Motion for Reconsideration

Buergofol argues that this court should grant its motion for reconsideration under Rule 54(b) because the order (1) incorrectly applied Rule 33(d); (2) failed to conduct a proper balancing test; and (3) will prevent Buergofol from proving infringement damages. Docket 708 at 10-20; Docket 742 at 5-17. The court addresses Buergofol's arguments in turn.

5

Buergofol first argues that the court abused its discretion in deciding that Omega's responses to Interrogatory No. 12 were sufficient under Rule 33(d). Specifically, Buergofol attacks the court's legal conclusion that Rule 33(d) applied, despite the court's finding that Attachments 1 and 2 and the "exclusivity tables" are not business records. *See* Docket 708 at 10-11; Docket 742 at 5; *see also* Docket 684 at 19-21. Buergofol also makes a factual objection to the court's statement that "the records either disclose the requested information or allow Buergofol to find the requested information in Omega's supplied business records." Docket 742 at 5-6 (quoting Docket 684 at 20-21); *see also* Docket 708 at 11.

Buergofol's arguments were all previously raised in its motion to compel. *See* Docket 449 at 26-33 (Buergofol's opening brief providing numerous reasons why Omega cannot rely on Rule 33(d) in its response to Interrogatory No. 12); Docket 498 at 7 (Buergofol's reply brief indicating that it has identified "at least four reasons" why Omega cannot rely on Rule 33(d)). In its order denying Buergofol's motion to compel, the court rejected all of Buergofol's arguments. *See* Docket 684 at 12-21. And Buergofol has not shown that the court misunderstood its arguments or that there is a "controlling or significant change in law" since its motion to compel was filed. *See Westinghouse Elec. Co.*, 2009 WL 881605, at *4 (quoting *Singh*, 383 F. Supp. 2d at 101). Instead, Buergofol appears to be using its motion to reconsider to relitigate its previous arguments without demonstrating that the court needs to correct a clearly

6

erroneous finding of fact or conclusion of law. This is an improper use of a motion to reconsider. *See SPV-LS, LLC*, 912 F.3d at 1111.

The only new fact that Buergofol raises in its reconsideration motion is its assertion that Omega is withholding information because Attachment 1 does not contain certain inner rolls of film. Docket 708 at 12-13. Buergofol argues that it cannot identify the manufacturer of film rolls 85142039, 85141780, 85142398, and 85142794 because the roll numbers do not appear on Attachment 1. *Id.* at 12. Buergofol asserts Omega concealed the fact that Buergofol manufactured these four films of roll for order no. 11801841/4 because in its response to Buergofol's motion for summary adjudication of infringement, Omega asserts that Buergofol manufactured film roll 85142039. *Id.*; *see also* Docket 682 ¶¶ 6-14.

Omega first argues that Buergofol is improperly using its motion to reconsider to raise arguments Buergofol previously raised in its motion to compel, although now Buergofol is citing four different film rolls.[2] Docket 727 at 14. Omega argues that regarding film roll 85142039, Buergofol has been aware of this roll since August 31, 2023, when Omega produced four samples of film from that roll to Buergofol. *Id.* at 15; *see also* Docket 683 ¶¶ 14-15; Docket 683-13. Omega asserts that because only the four sample films were removed from the roll, the absence of film roll 85142039 on Attachment A is

---

[2] In its initial motion to compel, Buergofol cited 21 different liners for which it could not identify the manufacturer of inner film from Attachment A. Docket 449 at 5-6, 27-28. The court deemed Omega's disclosures were sufficient based on its "submitted records, exclusivity tables, and its narrative answers." Docket 684 at 14.

7

"due to the fact that Omega did not make any pipe liners using film from that roll of inner film." Docket 727 at 16. Omega also asserts that the absence of the other film rolls on Attachment A is because, as Omega has already explained, it did not keep records detailing the manufacture of its pipe liners prior to July 2019. *Id.*

The court agrees with Omega that Buergofol cannot "simply rehash an argument previously made." *Am. Zurich Ins. Co.*, 2023 WL 8111791, at *2. Despite citing four different film rolls in its motion for reconsideration, Buergofol has failed to demonstrate to the court that the court made a "clearly or manifestly erroneous finding[] of fact or conclusion[] of law" in its order denying Buergofol's motion to compel. *Jones*, 551 F. Supp. 2d at 854. As Omega has explained, Buergofol has been aware of film roll 85142039 since August of 2023 when Omega disclosed four samples of the film roll to Buergofol—a fact which Buergofol does not dispute in its reply brief.[3] *See generally* Docket 742. The absence of the other three film rolls on Attachment A is explained by Omega's previous verification that "Omega does not have knowledge or business records from which it can further respond to Interrogatory No. 12." *See* Docket 478-1 at 53. As such, the court is not

---

[3] Instead, Buergofol argues that the film roll 85142039 that Omega represents to be manufactured by Buergofol "was most likely used to make liners. The roll that Omega is representing to be roll number 85142039, as best Buergofol can tell, is actually a roll of 4-layer Viaflex film. The film is definitely not Buergofol film." Docket 742 at 14. Buergofol asserts that it did not raise this matter in its motion for reconsideration "because it is irrelevant to the issue of the motion." *Id.*

8

convinced by Buergofol's identification of four film rolls that Omega is "concealing" information requested by Interrogatory No. 12.

Buergofol next argues that the court's determination that there was a large burden on Omega "is poorly reasoned and without factual basis." Docket 708 at 15-16. Buergofol thus asserts that the court should reconsider its determination because the order failed to include a Rule 26 balancing analysis. *Id.* Buergofol, however, has failed to show that the court abused its broad "discretion to resolve discovery disputes" in denying Buergofol's motion to compel. *Hendrickson v. Rapid City, Pierre & E. R.R., Inc.*, 2023 WL 5486239, at *8 (D.S.D. Aug. 24, 2023); *see also R.L. Mlazgar Assocs. Inc. v. Focal Point L.L.C.*, 2024 WL 4751269, at *3 (D. Minn. Nov. 12, 2024) ("[T]rial court[s] generally ha[ve] broad discretion in adjudicating motions to compel."). Under its broad discretion under Rule 26, the court allowed Omega's imperfect Rule 33(d) disclosure because Omega's responses were proportional to the needs of this case. *See* Docket 684 at 17-21 (finding that Omega's responses were sufficient "because the records either disclose the requested information or allow Buergofol to find the requested information in Omega's supplied business records, and the burden of using the documents to find the answer to [Interrogatory] No. 12 is the same for both parties"). Buergofol attempts to distinguish *United States v. Supervalu, Inc.*, 2018 WL 3219448 (C.D. Ill. July 2, 2018), which the court relied upon in its order justifying the use of an improper Rule 33(d) disclosure, on the grounds that the non-business records in that case "actually contained the answers." Docket 742 at 5 n.2. But as the court

9

has already decided, Omega's response to Interrogatory No. 12 discloses "all of the information [Omega] possesses." Docket 684 at 14. Thus, the court determines that this is an insufficient ground upon which the court need reconsider its previous order.

    Buergofol's final argument is that the court abused its discretion in determining that Omega did not have to disclose its purchaser identity information in response to Interrogatory No. 12. Docket 708 at 17. Buergofol argues that such a finding prevents "Buergofol from discovering needed evidence of damages." *Id.* Buergofol simply argues that the "four arguments [the court used] as justification" are "false and irrelevant" statements made by the court in its order. *Id.* at 18-20. This is not enough to demonstrate that the court made a "clearly or manifestly erroneous finding[] of fact or conclusion[] of law." *Roemen*, 343 F.R.D. at 623. Even worse, Buergofol accuses the court's "erroneous decision" as being "influenced by a desire of the [c]ourt to assist Omega in preventing Buergofol from contacting Omega's customers because such contact might, according to the [c]ourt, 'harm' customer relationships." Docket 708 at 19. The court determined that Omega did not need to disclose its purchaser information to Buergofol because the harm to Omega outweighed Buergofol's need for the information. Docket 684 at 23. The court reached this decision, in part, because "in the past Buergofol has created awkward situations with Omega's customers by hounding them for details and threatening legal fees." *Id.*; *see also* Docket 477 at 21-22. The court also found that Buergofol's past actions in "tak[ing] samples at the sites where Omega's

10

customers have installed liners" would "undoubtedly strain Omega's customer relations." *Id.* at 22. Beyond stating such findings were "made with no basis in fact or evidence" and "irrelevant," Docket 708 at 18-19, Buergofol does not raise any new argument in its motion to reconsider that the court did not previously address, and as such, the court need not consider its arguments. *See Am. Zurich Ins. Co.*, 2023 WL 8111791, at *1-2.

Buergofol has not shown that the court misunderstood its arguments or that there is a "controlling or significant change in law" since its motion to compel was filed. *See Westinghouse Elec. Co.*, 2009 WL 881605, at *4 (quoting *Singh*, 383 F. Supp. 2d at 101). As such, the court finds that Buergofol is attempting to use its motion for reconsideration for the impermissible purpose of rehashing arguments the court has already addressed. Based on the above, the court denies Buergofol's motion to reconsider.

## II. Attorney's Fees

Omega requests that it be awarded attorney's fees and costs for having to respond to Buergofol's motion to clarify pursuant to Rule 37(a)(5). Docket 727 at 29-30. Rule 37(a)(5) provides that "[i]f the motion is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees . . . [unless] the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B).

Omega argues that Buergofol's motion "does not come close to meeting the standards necessary for reconsideration," and that because "[t]he motion was unnecessary . . . Omega should not have been required to bear the expense of opposing it." Docket 727 at 29. In essence, Omega argues that Buergofol's motion is not one for reconsideration, but rather, was an opportunity for Buergofol to "air[] its disagreements with the [c]ourt's rulings." *Id.* at 30. The court agrees with Omega. As detailed above, Buergofol has failed to meet the basic standards to warrant the court's reconsideration of its prior order denying Buergofol's motion to compel. Based on these facts and the discussion above, the court finds that Buergofol's motion for reconsideration was not substantially justified. Thus, the court finds that awarding fees and expenses incurred by Omega due to Buergofol's unjustified motions is appropriate.

## CONCLUSION

Based on the foregoing, it is

ORDERED that Buergofol's motion for reconsideration (Docket 708) is denied. It is

FURTHER ORDERED that Omega's motion for attorney's fees is granted. Omega shall file an affidavit including a detailed accounting of the time spent preparing and litigating the instant motion. The affidavit also shall set forth a reasonable rate for attorney's fees to which Omega believes it is entitled. Buergofol shall have twenty-one (21) days to respond in opposition thereto.

Omega may file a reply within fourteen (14) days after service of Buergofol's response.

Dated August 14, 2025.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE