UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BUERGOFOL GMBH,<br><br>Plaintiff,<br><br>vs.<br><br>OMEGA LINER COMPANY, INC.,<br><br>Defendant. | 4:22-CV-04112-KES<br><br>ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INEQUITABLE CONDUCT OF WILLIAM GERSTENZANG WITHOUT PREJUDICE |

Plaintiff, Buergofol, moves this court for an order granting it partial summary judgment on Omega's sixth affirmative defense and sixth counterclaim. Docket 597 at 1-2. Both the affirmative defense and counterclaim allege that the '269 Patent is invalid due to inequitable conduct because William C. Gerstenzang, the patent prosecution counsel who was responsible for the '269 Patent application before the United States Patent and Trademark Office (PTO), failed to properly disclose Russian Patent No. RU2182999C1 (the Russian Patent) to the PTO. *See id.*; Docket 251-1 at 21-22. Omega opposes the motion and, in the alternative, seeks relief under Federal Rule of Civil Procedure 56(d). Docket 617. The court issues the following order.

## BACKGROUND

In its sixth affirmative defense and sixth counterclaim, Omega argues that the '269 Patent is invalid due to inequitable conduct because Gerstenzang

failed to properly disclose the Russian Patent to the PTO.[1] *See* Docket 251-1 at 21-22. Omega argues that Gerstenzang committed inequitable conduct when he filed an IDS on July 14, 2014, because he filed the IDS knowing the PTO would not consider the disclosure of the Russian Patent due to the fact that Gerstenzang has already paid the issue fee. Docket 617 at 23-24; *see also* Docket 619-1 at 371-72 (The July 14, 2014, IDS disclosing the Russian Patent and admitting that "[a]pplicants understand that the references cited in the accompanying [IDS] will not be considered, but placed in the file wrapper").

Buergofol argues that it is entitled to summary judgment because Omega has failed to demonstrate that Gerstenzang knew that either the April 11, 2014, Chinese Office Action or the Russian Patent were "but-for material." Docket 598 at 14. As such, Buergofol concludes that Omega has failed to show that Gerstenzang had the requisite intent to deceive the PTO. *Id.* Omega opposes Buergofol's motion for partial summary judgment, asserting that there are genuine disputes of material fact as to both elements of an inequitable conduct claim.[2] *See* Docket 617 at 9-28.

In the alternative, Omega requests that Buergofol's motion be denied or deferred under Rule 56(d) because discovery is ongoing and because Buergofol

---

[1] Omega asserts that the "Russian Patent is material to the patentability of claim 1 of the '269 Patent because it discloses the layer sequence claimed in independent claim 1 of the '269 Patent and that identified by the [PTO] examiner." Docket 251-1 at 24.

[2] Inequitable conduct has two substantive elements: materiality and intentionality. *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1287 (Fed. Cir. 2011) (en banc).

has engaged in obstructive conduct to prevent Omega from obtaining discovery on its sixth counterclaim and affirmative defense. *Id.* at 4. Omega also notes that it is currently attempting to enforce a subpoena to obtain the foreign file histories of the '269 Patent, which include communications between Gerstenzang and Loparex's[3] German attorney, from Gerstenzang's law firm, Norris McLaughlin, P.A. *Id.* at 28.

Omega first served its subpoena on Norris McLaughlin for Loparex's foreign file histories as it related to the '269 Patent in May of 2023. *See* Docket 617 at 29; Docket 652 at 20; Docket 619-12 at 2-3. In response, Norris McLaughlin identified the patent files but indicated that because "[t]here are some emails regarding the filing of prior art . . . [Norris McLaughlin] would consider these to be protected by attorney-client privilege," and requested that Omega obtain "a waiver from the patent owner before producing" the file. Docket 619-12 at 2.

On July 26, 2023, Omega filed a motion to compel Buergofol to turn over certain documents. *See* Docket 175. In that motion, Omega sought a court order requiring Buergofol request Loparex to provide the foreign file histories as part of the two companies' patent assignment agreement. *See* Docket 178 at 14-15. On September 18, 2023, Magistrate Judge Duffy granted Omega's motion to compel in part. Docket 233. Magistrate Judge Duffy required Buergofol to

---

[3] Buergofol acquired the '269 Patent from Loparex prior to filing this action. Docket 251-1 at 38.

3

> send a request in writing to Loparex for its foreign file histories for the '269 Patent; if Loparex provides the documents to Buergofol, Buergofol shall supply those to Omega subject to withholding pursuant to valid claims of privilege. If Loparex refuses to produce any documents, Buergofol must give Omega a copy of Loparex's written refusal and Omega will then have to subpoena the documents from Loparex.

*Id.* In response, on September 22, 2023, Buergofol's counsel sent Loparex a letter stating "[Magistrate Judge Duffy] has ordered me [Buergofol's counsel] . . . to request that you [Loparex] provide me with the foreign file histories, which I would then forward to the infringer." Docket 619-10 at 3. In an email sent to Loparex, Buergofol's counsel explained that "[i]f you [Loparex] are unwilling to provide the 'foreign file histories', just write that in an email back to me, and I will have fulfilled my obligation." *Id.* at 2. In response, Loparex stated "[a]s there is no obligation from Loparex side to provide the requested documentation I kindly have to denounce your request." Docket 619-11 at 2.

    To seek compliance with the subpoena, on February 14, 2025, Omega filed a motion to compel in the United States District Court District of New Jersey against Norris McLaughlin. Docket 617 at 28; *see also Omega Liner Co., Inc. v. Norris McLaughlin, P.A.,* 3:25-cv-01256-GC-RLS (D.N.J. Feb. 14, 2025). In its motion to compel, Omega seeks to obtain all communications between Gerstenzang and Loparex's attorney regarding prior art, such as the Russian Patent and the Chinese Office Action. Docket 617 at 28. Omega asserts that these communications "are expected to raise a genuine issue of material fact regarding Mr. Gerstenzang's knowledge and his specific intent to deceive the [PTO]." *Id.*

4

## LEGAL STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party can meet this burden by presenting evidence that there is no genuine dispute of material fact or that the nonmoving party has not presented evidence to support an element of its case on which it bears the ultimate burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party must inform the court of the basis for its motion and identify the portions of the record that show there is no genuine issue in dispute. *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citation omitted).

To avoid summary judgment, "[t]he nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.'" *Mosley v. City of Northwoods*, 415 F.3d 908, 910 (8th Cir. 2005) (quoting *Krenik v. Cnty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995)). Summary judgment "must be denied if on the record then before it the court determines that there will be sufficient evidence for a jury to return a verdict in favor of the nonmoving party." *Krenik* 47 F.3d at 957. It is precluded if there is a genuine dispute of fact that could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Further, when ruling on a summary judgment motion, "a court must not weigh evidence or make credibility determinations." *Kenney v. Swift Transp., Inc.*, 437 F.3d 1041, 1044 (8th Cir. 2003).

"Although discovery does not have to be completed before a district court can grant summary judgment," *Ray v. Am. Airlines, Inc.*, 609 F.3d 917, 923 (8th Cir. 2010), summary judgment is only proper "after the nonmovant has had adequate time for discovery," *Iverson v. Johnson Gas Appliance Co.*, 172 F.3d 524, 530 (8th Cir. 1999). Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). A Rule 56(d) "affidavit must set forth specific facts further discovery might uncover, or what information further discovery might reveal." *Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, L.L.P.*, 687 F.3d 1045, 1050 (8th Cir. 2012) (quoting *Anuforo v. Comm'r of Internal Rev.*, 614 F.3d 799, 808 (8th Cir. 2010) (cleaned up).

Rule 56(d) "exists to prevent a party from being unfairly thrown out of court by a premature motion for summary judgment," *id.*, and "should be applied with a spirit of liberality," *United States es rel. Bernard v. Casino Magic Corp.*, 293 F.3d 419, 426 (8th Cir. 2002). But Rule 56(d) "is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious." *Hamilton*, 687 F.3d at 1050 (citation omitted).

6

## DISCUSSION

The court finds that the declaration of Michael Neustel sufficiently demonstrates specific facts and information that Omega hopes to elicit from further discovery. *See* Docket 619. Omega is currently seeking compliance of its subpoena against Gerstenzang's law firm. *See* Docket 617 at 28. Omega has demonstrated that Gerstenzang previously communicated with Loparex's attorney, and that the parties' correspondence concerns "some emails regarding the filing of prior art." Docket 619-12 at 2-3. Omega has demonstrated that these emails will go directly to Buergofol's claim that Omega lacks evidence demonstrating Gerstenzang received a copy or read the Russian Patent. *See* Docket 598 at 24 (Buergofol arguing that it is entitled to summary judgment because "there is no evidence" that Gerstenzang ever received or read a copy of the Russian Patent); Docket 652 at 15 (Buergofol arguing that "the only thing that matters" in resolving its current motion for partial summary judgment is whether there is evidence that Gerstenzang ever read the Russian Patent). As such, the court concludes that the information Omega seeks to compel from Norris McLaughlin is relevant to Omega's ability to raise a genuine issue of material fact as to whether Gerstenzang had the requisite intent to deceive the PTO.

Further, despite Buergofol's assertions that Omega has not been diligent in seeking compliance with its subpoena, *see* Docket 652 at 20-21, discovery in this case is not over until January 30, 2026, Docket 776 at 1. Moreover, in the interim, Omega has engaged in other discovery. This has included numerous

7

discovery disputes with Buergofol that this court has had to address. *See, e.g.*, Docket 499 (order denying motion to have deposition taken by remote means); Docket 500 (order denying motion for protective order); Docket 555 (order granting in part and denying in part motion for perseveration, motion to compel, and motion for adverse inference). Also, the parties' briefing is completed in Omega's pending motion to compel before the United States District Court for the District of New Jersey. *See* Docket 617 at 28. The court sees no reason why a further delay to allow for the resolution of Omega's pending motion to compel will negatively impact the present proceedings. *See also Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.*, 323 F.3d 767, 775 (9th Cir. 2003) (noting that "summary denial of [leave under Rule 56(d)] is especially inappropriate where . . . the material sought is also the subject of outstanding discovery requests").

  Because the issues presented in Buergofol's motion will be resolved more properly once a decision is reached regarding Omega's motion to compel—such that the court will be presented with a fuller evidentiary record for review—the court determines that a ruling on the merits of Buergofol's motion is procedurally inappropriate at this time. *See, e.g.*, *Prudente v. Hamilton*, 2023 WL 8653188, at *2 (D.N.D. Dec. 14, 2023) (granting Rule 56(d) request to allow discovery to continue so that the court "will be in a better position to understand what happened in this case and make a determination as to whether summary judgment is appropriate or not"); *Stratasys, Inc. v. Microboards Tech., LLC*, 2014 WL 5438396, at *2 (D. Minn. Oct. 22, 2014)

(granting Rule 56(d) request where "issues presented in [d]efendant's motion [for summary judgment] will be resolved more properly once discovery has concluded and the court is presented with a full record for review"). Thus, the court grants Omega's Rule 56(d) motion and denies Buergofol's motion for partial summary judgment without prejudice. *See* Wright and Miller, 10B Fed. Prac. & Proc. Civ. § 2740 (4th ed.) (noting that when granting a Rule 56(d) request, "the usual practice is to deny summary judgment without prejudice to the right to reapply at a later date").

## CONCLUSION

Based on the foregoing, it is

ORDERED that Buergofol's motion for partial summary judgment of no inequitable conduct of William Gerstenzang (Docket 597) is denied without prejudice.

DATED August 27, 2025.

> BY THE COURT:
>
> /s/ *Karen E. Schreier*
> KAREN E. SCHREIER
> UNITED STATES DISTRICT JUDGE