UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BUERGOFOL GMBH,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>OMEGA LINER COMPANY, INC.,<br><br>　　　　　　　　Defendant. | 4:22-CV-04112-KES<br><br><br>ORDER DENYING MOTION FOR PARTIAL SUMMARY ADJUDICATION OF INFRINGEMENT OF U.S. PATENT NO. 8,794,269 WITHOUT PREJUDICE |

Plaintiff, Buergofol, moves for an order granting it partial summary adjudication on 40 liners made by defendant, Omega, as infringing upon claim 1 of its '269 Patent. Docket 621. Omega opposes the motion, and in the alternative, seeks relief under Federal Rule of Civil Procedure 56(d). *See generally* Docket 688. Omega also objects to the declarations and evidence Buergofol submitted in support of its motion, *see* Dockets 687 and 746, and objects to Buergofol's request that the court take judicial notice of certain documents, Docket 689. Buergofol also objects to the declarations and evidence submitted by Omega. Docket 737. The court issues the following order.

## BACKGROUND

On February 21, 2025, Buergofol filed its motion for partial summary adjudication, requesting the court find that Omega, by making 40 liners, infringed claim 1 of the '269 Patent. Docket 621 at 1. In support, Buergofol

filed a supporting brief (Docket 636), several declarations (Dockets 628, 629, 635), and requested the court take judicial notice of certain documents (Docket 623). Buergofol also filed a statement of material facts with pinpoint references to exhibits and declarations in the record. *See* Docket 622. On March 28, 2025, Omega filed objections to Buergofol's motion for partial summary adjudication (Docket 688), Buergofol's submitted declarations and attached exhibits (Docket 687), and Buergofol's request for judicial notice of certain documents. (Docket 689). Omega also submitted declarations with attachments in opposition to Buergofol's motion. *See* Dockets 682 and 690. Further, in response to Buergofol's statement of material facts, Omega frequently asserted that it was unable to respond to Buergofol's statement of facts because it argued that adequate discovery had not yet been completed. *See* Docket 686 at 6-29 (Omega's response to Buergofol's statement of material facts identifying areas where Omega had not yet "had adequate discovery" on a particular issue.).

On May 12, 2025, Buergofol filed its reply brief (Docket 731) and two other declarations (Dockets 732, 733). In one of the declarations, Buergofol attempted to correct a few "error[s]" and an "inaccuracy" in one of its previously submitted declarations. Docket 732 ¶¶ 19-21. In response, Omega objected to the two declarations, arguing that they suffer from similar issues as the previous declarations Buergofol filed and should be stricken from the record. Docket 746 at 17-24. Omega also sought to strike Buergofol exhibit BF2793, asserting that the exhibit constitutes fabricated evidence and demonstrates a long-standing "false narrative" created by Buergofol. *Id.* at 3. In reply, Buergofol

2

argued that Omega's objections are meritless but indicated that it would not object to the court disregarding BF2793. *See generally* Docket 767.

In addition to the parties' factual objections to the submitted declarations and exhibits, the parties also disagree over the construction of three phrases in claim 1 of the '269 Patent. *See* Docket 636 at 24-28; Docket 688 at 8, 22, 29; Docket 731 at 24-27; *see also* Docket 553-1 at 2-4. These three phrases include: (1) "wherein the VICAT softening point of the thermoplastic olefin homo- or copolymer of the layer (a) is at least 100ºC"; (2) "a layer sequence made of"; and (3) "film . . . which reflects and/or absorbs UV radiation and/or shortwave, visible light." *Id.* at 1-3.

## LEGAL STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party can meet this burden by presenting evidence that there is no genuine dispute of material fact or that the nonmoving party has not presented evidence to support an element of its case on which it bears the ultimate burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party must inform the court of the basis for its motion and identify the portions of the record that show there is no genuine issue in dispute. *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citation omitted).

To avoid summary judgment, "[t]he nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence

of specific facts which create a genuine issue for trial.' " *Mosley v. City of Northwoods*, 415 F.3d 908, 910 (8th Cir. 2005) (quoting *Krenik v. Cnty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995)). Summary judgment "must be denied if on the record then before it the court determines that there will be sufficient evidence for a jury to return a verdict in favor of the nonmoving party." *Krenik* 47 F.3d at 957. It is precluded if there is a genuine dispute of fact that could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Further, when ruling on a summary judgment motion, "a court must not weigh evidence or make credibility determinations." *Kenney v. Swift Transp., Inc.*, 347 F.3d 1041, 1044 (8th Cir. 2003).

"Although discovery does not have to be completed before a district court can grant summary judgment," *Ray v. Am. Airlines, Inc.*, 609 F.3d 917, 923 (8th Cir. 2010), summary judgment is only proper "after the nonmovant has had adequate time for discovery," *Iverson v. Johnson Gas Appliance Co.*, 172 F.3d 524, 530 (8th Cir. 1999). Under Rule 56(d), "[i]f the nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). A Rule 56(d) "affidavit must set forth specific facts further discovery might uncover, or what information further discovery might reveal." *Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, L.L.P.*, 687 F.3d 1045, 1050 (8th Cir.

2012) (quoting *Anuforo v. Comm'r of Internal Rev.*, 614 F.3d 799, 808 (8th Cir. 2010) (cleaned up).

Rule 56(d) "exists to prevent a party from being unfairly thrown out of court by a premature motion for summary judgment," *id.*, and "should be applied with a spirit of liberality," *United States ex rel. Bernard v. Casino Magic Corp.*, 293 F.3d 419, 426 (8th Cir. 2002). But Rule 56(d) "is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious." *Hamilton*, 687 F.3d at 1050 (citation omitted).

## DISCUSSION

In support of its argument under Rule 56(d), Omega asserts that Buergofol's present motion for summary adjudication is "premature" because Buergofol has obstructed production of discovery relating to the structure and composition of the inner film Buergofol sold to Omega and has refused to search key sources of ESI. Docket 686 at 2-4; Docket 688 at 4-7. Because Buergofol refused to produce this information, Omega argues that it has been unable to depose Buergofol's head of research and development, Dr. Abdel-Kader Boutrid,[1] and Buergofol's head of sales, Tobias Goth. Docket 688 at 6-7; Docket 686 at 3-4. Omega also asserts that significant discovery will be produced once the court resolves the parties' competing ESI proposals, and

---

[1] Buergofol relies heavily on Dr. Boutrid's testimony in support of its motion for partial summary adjudication. *See* Dockets 67, 628, 625, and 732 (declarations from Dr. Boutrid with attached exhibits in support of Buergofol's motion for partial summary adjudication).

5

after Buergofol is required to turn over information as to the structure and composition of the inner film Buergofol supplied to Omega.[2] *Id.*; *see also* Docket 683 ¶ 16 (Omega's counsel's declaration indicating that "a significant amount of discovery that will be obtained once the [c]ourt issues an ESI plan that addresses Buergofol's refusal to search its Microsoft Navision database or its owner's email account . . . [and] significant discovery relating to the composition and structure of inner film will be produced by Buergofol once their motion to stay . . . has been decided").

Since the time Buergofol filed its motion for partial summary adjudication on February 21, 2025, *see* Docket 621, the court has resolved several of the parties' discovery disputes. For example, the court issued an ESI discovery order on April 28, 2025. Docket 725. The court also denied Buergofol's motion to hold a remote deposition of Tobias Goth on July 17, 2025. Docket 777 at 17. Further, following the Federal Circuit's decision to deny Buergofol's petition for a writ of mandamus, *see* Docket 778-1, on July 23, 2025, Buergofol served Omega with information relating to the structure and composition of products it supplied to Omega, *see* Docket 780.

---

[2] This court has previously ordered Buergofol to turn over information responsive to Omega's Requests for Production Nos. 23 and 24 (RFPs 23 and 24), which sought information relating to the structure and composition of products Buergofol sold to Omega. *See* Dockets 234, 402, and 616. On February 28, 2025, Buergofol moved for an emergency stay of the court's orders as it planned to file a petition for a writ of mandamus with the Court of Appeals for the Federal Circuit. Docket 644 at 1. On May 20, 2025, this court denied Buergofol's motion for a stay and ordered Buergofol to fully respond to RFPs 23 and 24. Docket 743 at 12. On July 22, 2025, the Federal Circuit denied Buergofol's petition for a writ of mandamus. *See* Docket 778-1.

6

The court finds that Omega is entitled to a postponement of the ruling on Buergofol's motion for summary adjudication so that Omega may proceed with discovery. Discovery in this case is not over until January 30, 2026, and the deadline for filing dispositive motions is March 11, 2026. Docket 776 at 1. And despite the resolution of some of the discovery disputes between the parties, several discovery disputes remain. *See, e.g.*, Docket 660 (Omega's motion to compel Buergofol to produce a prepared Rule 30(b)(6) witness and reconvene Rule 30(b)(6) deposition); Docket 784 (Buergofol's motion to amend or correct the ESI discovery order). Also, the resolution of some discovery disputes has resulted in further disagreements between the parties, some of which deal directly with the Buergofol's motion for partial summary adjudication. *See, e.g.*, Docket 746 at 17-19 (Omega objecting to Buergofol's exhibit BF2793 based on additional information Omega obtained from the ESI discovery order); Docket 780 (Buergofol's pending motion to seal trade secret documents it seeks to have the court consider in resolving its motion for partial summary adjudication).

And as the court has already stated, Omega recently received discovery as to the structure and composition of Buergofol products supplied to Omega and has only recently begun to receive discovery from Buergofol pursuant to the court's ESI discovery order. This newly received discovery will allow Omega to conduct the deposition of Dr. Boutrid, who Buergofol relies on as a key witness in support of its motion for partial summary adjudication. *See* Dockets 67, 628, 635, and 732 (declarations from Dr. Boutrid submitted in support of

7

Buergofol's motion for partial summary adjudication); *see also* Docket 686 at 10-13, 17-29 (Omega, in responding to Buergofol's statement of material facts, indicating that before Omega can conduct the deposition of Dr. Boutrid, it needs Buergofol to turn over discovery this court has already ordered Buergofol to turn over, such as the structure and composition information of film Buergofol sold to Omega). As such, the court finds that Omega has sufficiently identified facts further discovery might uncover that warrant denying Buergofol's motion without prejudice. *Hamilton*, 687 F.3d at 1050; *see also* Docket 683 ¶ 16.

The court also finds that it is appropriate to deny Buergofol's motion for partial summary adjudication because after reviewing the parties' briefing, the court finds it necessary to conduct a claim construction hearing over the three terms the parties dispute in claim 1 of the '269 Patent. *See* Docket 776 at 2 (court's scheduling order providing that "[i]f, after reviewing the parties' briefing on dispositive motions, the court believes a claim construction hearing is necessary, the court will reach out to the parties to schedule a hearing"). In a patent case, there are two steps in an infringement analysis. The first step requires the court to construe the scope of a patent's claims. *See Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995); *see also O2 Micro Int'l, Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008) ("When the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it."). At the second step, the fact finder must "compar[e] the properly construed claims to the device accused of

8

infringing" to determine if the patent was violated. *Markman*, 52 F.3d at 976; *see also Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 702 F.3d 1351, 1358 (Fed. Cir. 2012).

Thus, before the court may address Buergofol's arguments in its motion for partial summary judgment, it must first construe disputed terms in claim 1 of the '269 Patent. *See Eon Corp. IP Holdings v. Silver Spring Networks*, 815 F.3d 1314, 1321 (Fed. Cir. 2016) ("[A] sound claim construction need not always purge every shred of ambiguity.") (quoting *Acumed LLC v. Stryker Corp.*, 483 F.3d 800, 806 (Fed. Cir. 2007)); *see also Vivid Techs., Inc. v. Am. Science & Eng'g, Inc.*, 200 F.3d 795, 803 (Fed. Cir. 1999) ("[O]nly those terms need be construed that are in controversy, and only to the extent necessary to resolve the controversy."). The court finds a claim construction hearing is necessary to resolve the parties' dispute over the following three terms: (1) "wherein the VICAT softening point of the thermoplastic olefin homo- or copolymer of the layer (a) is at least 100º C"; (2) "a layer sequence made of"; and (3) "film . . . which reflects and/or absorbs UV radiation and/or shortwave, visible light." *See* Docket 553-1 at 1-3; *see also* Docket 688 at 8, 22, 29;  Docket 636 at 24-28; Docket 731 at 24-27. Claim construction of these three terms in claim 1 of the '269 Patent will also at least partially resolve some of the parties' disputes as to the material facts regarding infringement in this case. *See* Docket 686 at 29-30 (Omega's response to Buergofol's statement of material facts arguing that some of Buergofol's statements apply "an incorrect claim construction"); *see also* Docket 553-1 at 3 (Buergofol stating that "a different construction" of

9

VICAT softening "could result in a finding of non-infringement for some accused products"); *id.* at 1-3 (Omega arguing that construction of all three terms will affect Buergofol's claims of infringement).

Thus, because the issues presented in Buergofol's motion will be resolved more properly after several of the parties' discovery disputes are resolved and when a decision is reached following claim construction, the court determines that a ruling on the merits of Buergofol's motion is procedurally inappropriate at this time. *See, e.g.*, *Prism Techs., LLC v. Adobe Sys., Inc.*, 2011 WL 5911230, at *2-4 (D. Neb. Nov. 28, 2011) (granting plaintiff's Rule 56(d) request where "there is considerable dispute as to the material facts regarding infringement . . . [that] may be at least partially resolved by a second *Markman* claim construction hearing," and where "[t]he parties disagree as to whether discovery requests are being adequately and promptly met"); *Prudente v. Hamilton*, 2023 WL 8653188, at *2 (D.N.D. Dec. 14, 2023) (granting Rule 56(d) request to allow discovery to continue so that the court "will be in a better position to understand what happened in this case and make a determination as to whether summary judgment is appropriate or not"); *Stratasys, Inc. v. Microboards Tech., LLC*, 2014 WL 5438396, at *2 (D. Minn. Oct. 22, 2014) (granting Rule 56(d) request where "issues presented in [d]efendant's motion [for summary judgment] will be resolved more properly once discovery has concluded and the court is presented with a full record for review"). Thus, the court grants Omega's Rule 56(d) motion and denies Buergofol's motion for partial summary adjudication without prejudice. *See* Wright and Miller, 10B

10

Fed. Prac. & Proc. Civ. § 2740 (4th ed.) (noting that when granting a Rule 56(d) request, "the usual practice is to deny summary judgment without prejudice to the right to reapply at a later date").

## CONCLUSION

Based on the foregoing, it is

ORDERED that Buergofol's motion for partial summary adjudication of infringement of U.S. Patent No. 8,794,269 (Docket 621) is denied without prejudice with leave to re-file following the issuance of the court's order as to claim construction. It is

FURTHER ORDERED that the parties have until September 5, 2025, to submit briefing as to their proposed claim construction of the three terms identified to be in dispute in their joint construction chart for claim 1 of the '269 Patent (Docket 553-1). If desired, the parties may submit responsive briefs by September 19, 2025. The court will reach out to both parties to find a mutually agreeable date and time to hold the claim construction hearing. The parties should also be prepared to provide the court during this hearing with a visual tutorial about the patented product.

DATED August 27, 2025.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE