UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| BUERGOFOL GMBH,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>OMEGA LINER COMPANY, INC.,<br><br>　　　　Defendant. | 4:22-CV-04112-KES<br><br><br>ORDER GRANTING MOTION FOR SANCTIONS |

Defendant, Omega, moves this court, pursuant to Federal Rule of Civil Procedure 37(b), for sanctions against plaintiff, Buergofol, for its failure to comply with the court's order (Docket 752) denying Buergofol's motions to retain the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (AEO) Designation over certain documents. Docket 761. Buergofol opposes Omega's motion and asserts that it has de-designated the documents in accordance with the court's order. Docket 775 at 4. The court issues the following order.

## BACKGROUND

On September 3, 2024, Buergofol moved to retain the confidentiality of various documents "that relate to complaints about Buergofol's film made in 2010-2012 by Buergofol's German customer Saertex" under the AEO Designation pursuant to the court's protective order. Docket 457 at 4.[1] In its

---

[1] Buergofol filed Docket 457 as "Memorandum in Support of Buergofol's Motion to Retain Confidentiality," and then later filed its accompanying motion at Docket 463. On November 12, 2024, Buergofol filed another motion entitled "Plaintiff Buergofol's Motion to Retain Confidentiality." Docket 539. Based on the parties' agreement, the court addressed the motions at the same time in its order denying Buergofol's motion to retain confidentiality. Docket 752 at 1 n.2.

first motion, Buergofol identified the documents as "BF7114-BF7115, BF7171-BF7200, BF7215-BF7242, BF7292-BF7326, BF7331- BF7343, BF7352-BF7376, BF7379-BF7390, BF7395-BF7411, BF7416-BF7425, BF7428-BF7451, BF7454-BF7462, BF7470-BF7482, BF7499-BF7503," Docket 457 at 10 n.3, and identified the documents in its second motion as BF15070-BF15153, Docket 539. Buergofol filed the motions after Omega challenged the AEO designations pursuant to the court's protective order. Docket 457 at 4.

On June 2, 2025, the court denied Buergofol's motions to retain the AEO designation and for a protective order. Docket 752 at 13. In its order, the court found Buergofol failed to meet the Rule 26(c)(1) standard for a protective order. *Id.* at 7-12. The court also rejected Buergofol's arguments that making the "Saertex complaints" publicly available would damage Buergofol's reputation for making high quality film or its reputation for customer relations. *Id.*

Following the court's order, on June 3, 2025, Omega emailed Buergofol requesting that Buergofol de-designate all of the documents Buergofol identified in its motions to retain confidentiality. *See* Docket 762-1 at 4. In response, Buergofol asserted that because the court's order was "directed to pre-critical date documents," Buergofol would only de-designate documents that arose before March 11, 2012—the critical date. *Id.* at 3-4. On June 9, 2025, Omega again emailed Buergofol and requested that Buergofol remove the AEO designation for "all documents—not just documents dated before March 11, 2012." Docket 762-2 at 2. Buergofol did not respond to Omega's June 9, 2025, email. Docket 762 at 6.

2

On June 23, 2025, Omega filed its motion for sanctions. Docket 761. In its motion, Omega asserts that Buergofol "only de-designated 170 pages of the 306 total pages of the documents, unilaterally deeming that 136 pages 'remain[] AEO.'" Docket 762 at 5. Omega further asserts that the court should sanction Buergofol for its "willful disobedience" because "[t]he [c]ourt order unambiguously encompasses all the documents Buergofol identified in its motions, with no carve out based on the dates of the documents." *Id.* at 6. Buergofol argues that it properly complied with the court's order because it has removed the AEO designation from all documents that arose before March 11, 2012. Docket 775 at 12-13. Buergofol relies upon the statement in the background section of the court order that "[t]he documents at issue here are third-party complaints about problems and defects with Buergofol's inner tubular film that Saertex, a German customer of Buergofol, made to Buergofol before March 2012," *id.* at 11 (quoting Docket 752 at 2). Based on this statement, Buergofol argues that it need not remove the AEO designation from documents after March 11, 2012, because those documents are not included in "[t]he documents at issue here." *Id.* at 6.

## LEGAL STANDARD

Federal Rule of Civil Procedure 37(b) provides courts with broad discretion to impose sanctions upon parties who fail to comply with a court's discovery order. Fed. R. Civ. P. 37(b)(2). Rule 37(b) allows courts "to treat such failure as contempt of court, to require the payment of reasonable attorney fees, to stay proceedings until the order is obeyed, to require admissions, to

3

allow designated evidence without further dispute, to strike pleadings and to enter a dismissal or judgment by default." *Gleghorn v. Melton*, 195 Fed. Appx. 535, 537 (8th Cir. 2006) (quoting *Edgar v. Slaugher*, 548 F.2d 770, 772 (8th Cir. 1977)). But any sanction imposed under Rule 37(b) must be "just and . . . specifically related to the claim at issue in the discovery order." *Id.*

Dismissing the case as a sanction is only proper where there is "(1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party." *Keefer v. Provident Life and Acc. Ins. Co.*, 238 F.3d 937, 940 (8th Cir. 2000). Because dismissal is "an extreme result," however, such a sanction is permissible only in narrow circumstances. *Schubert v. Pfizer, Inc.*, 459 Fed. Appx. 568, 572 (8th Cir. 2012). As such, before dismissing a case, the court must investigate "whether a sanction less extreme than dismissal would suffice, unless the party's failure was deliberate or in bad faith." *Avoinic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992); *see also Bergstrom v. Frascone*, 744 F.3d 571, 576 (8th Cir. 2014).

## DISCUSSION

### I. Omega's Motion for Sanctions

In its motion, Omega requests that the court (1) order Buergofol to remove the AEO designations from all documents covered in the court's previous order, (2) award Omega its attorneys' fees and costs, and (3) "[w]arn Buergofol that any future violations of the [c]ourt's orders will result in more severe sanctions, including dismissal of its claims or entry of default judgment in Omega's favor." Docket 761. Buergofol does not dispute that it retained the

AEO designation over documents covered under its initial motion to retain confidentiality. *See* Docket 775 at 12-13. Instead, Buergofol argues that the court's order only required it to remove the AEO designation from complaints that were made before March 11, 2012, because "the [c]ourt based its order on its finding that Omega has a 'need' for the pre-critical date customer complaints." *Id.* at 5. Buergofol argues that because the court did not find that Omega had a need for the customer complaints after March 11, 2012, the order did not require Buergofol to remove the AEO designation from those documents. *Id.*

Buergofol's arguments rely upon statements from the background section in the court's order. *See* Docket 775 at 5. But solely focusing on these statements ignores the bulk of the court's order. In the order, the court completely denied Buergofol's motion to retain confidentiality. Docket 752 at 13 (ordering "that Buergofol's motions (Docket 457, Docket 463, Docket 539) to retain the AEO designation and for protective order are DENIED"). Buergofol's motions dealt with all the Saertex complaints, including those that came after March 1, 2012. *See* Docket 457 at 10 n.3; Docket 539. Further, the court's analysis addresses Saertex complaints arising after March 11, 2012. *See* Docket 752 at 8. For example, in concluding that disclosure of the Saertex complaints to the public would not harm Buergofol's reputation of making high quality film, *see id.* at 10-11, the court referred to Buergofol's argument that most of the complaints dealt with spots and creases in the film, *id.* at 8. But the complaints Buergofol identified as dealing mainly with spots and creases

5

included complaints made after March 11, 2012. *See* Docket 457 at 16 (identifying complaints at BF7292-7293, BF7296-7305, BF7307, BF7312-7313, BF7316-7325, BF7334-7340, BF7342-7343, BF7353-7368, BF7375-7376, BF7381-7387, BF7389-7390, BF7395-7406, BF7454, and BF7472-7475); *see* Docket 775 at 13 (identifying the same complaints as having a post-March 11, 2012, date). Buergofol cannot cherry-pick certain statements to limit the scope of the court's order. Buergofol's current position—that it need only de-designate complaints before March 11, 2012—appears to be an attempt to re-litigate the court's determination that "Omega has articulated a need for the complaints in preparing its invalidity defense." Docket 752 at 3 n.3. This is not a proper reason to retain the AEO designation over complaints it deems as falling outside the scope of the court's order.

As such, the court grants Omega's first request because the court's previous order denied Buergofol's request to maintain the AEO designation for all documents for which Buergofol sought a protective order. To be clear, the court's order denying Buergofol's motion to retain confidentiality applied to all the Saertex complaints that were identified in Buergofol's motions at Dockets 457, 463, and 539. Thus, Buergofol is ordered to remove the AEO designations from the documents identified in its opposition to Omega's motion for sanctions, i.e. the documents retaining the AEO designation with a date post-March 11, 2012.[2] *See* Docket 775 at 13. Buergofol must also ensure that the

---

[2] Based on the parties briefing, the following are the documents that retain the AEO designation: BF7292-BF7326, BF7331- BF7343, BF7352- BF7376, BF7379-BF7390, BF7395-BF7411, BF7454-BF7462, BF7470-BF7482,

6

Saertex complaints for which the AEO designation has already been removed remain de-designated.

The court also grants Omega's request for attorneys' fees. *See* Docket 762 at 6. Buergofol argues that Omega's motion is not substantially justified. Docket 775 at 7. But as the court explained above, Omega is not seeking to expand the scope of the court's previous order, because that order encompassed all the customer complaints that Buergofol sought to keep under the AEO designation. Instead, Buergofol's actions have unnecessarily hindered the discovery process and have placed an additional burden on Omega to seek another order to enforce the court's order. Buergofol's position is not substantially justified. *See Kirschenman v. Auto-Owners Ins.*, 2012 WL 1493833, at *2 (D.S.D. Apr. 27, 2012) ("Substantial justification means that 'reasonable minds could differ as to whether the party was justified in resisting the discovery sought.'") (quotation omitted). Thus, the court finds that Omega is entitled to the attorneys' fees it incurred for bringing its motion for sanctions.

The court also grants Omega's third request. Throughout this litigation, Buergofol has engaged in dilatory and obstructive discovery practices. *See, e.g.*, Docket 303 at 4 (granting Omega's motion for sanctions against Buergofol because Buergofol "has waffled on providing" responses to discovery requests); Docket 464 at 15-17 (order granting Omega's motion for sanctions because

---

BF7499-BF7503, BF7506-BF7513, and BF15147-BF15153. *See* Docket 775 at 13; Docket 762 at 5-6.

Buergofol submitted over 65,000 patents that the court deemed non-responsive to Omega's discovery requests). This pattern and practice of misconduct has unnecessarily delayed the proceedings in this case and has needlessly increased the costs of litigation, which Buergofol itself has noted. *See* Docket 609 at 5 (Buergofol arguing that because "the parties have already spent about $4 million during the fact discovery phase . . . it would not be proportional to the needs of the case to spend more litigating it" when the case is valued at $4 million). The court has already sanctioned Buergofol seven times, *see* Dockets 303, 335, 342, 360, 402, 464, 466, and has awarded Omega its attorneys' fees in several orders, *see* Dockets 164, 402, 464, 466, 748, 752, 756, 777, and 809. But these orders appear to have proven ineffective in curbing Buergofol's obstructive discovery practices. Sanctions are meant to deter future sanctionable conduct, and "to control litigation and preserve the integrity of the judicial process." *See Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 594 (8th Cir. 2001). Thus, if less severe sanctions are unable to deter future sanctionable conduct by Buergofol, the court will consider imposing more serve sanctions, including potential dismissal of Buergofol's claims.

## CONCLUSION

Based on the foregoing, it is

ORDERED that Omega's Motion for Sanctions (Docket 761) is granted. Buergofol must remove the AEO designation from the documents identified in Dockets 457, 463, and 539 with a date post-March 11, 2012. Buergofol must

8

also ensure that the Saertex complaints from which it has already removed the AEO designation remain de-designated. It is

FURTHER ORDERED that Omega's motion for attorney's fees is granted. Omega shall file an affidavit, and a detailed accounting of the time spent preparing and litigating the instant motion. The affidavit shall also set forth a reasonable rate for attorney's fees to which Omega believes it is entitled. Buergofol shall have twenty-one (21) days to respond in opposition thereto. Omega may file a reply within fourteen (14) days after service of Buergofol's response.

DATED August 28, 2025.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE