UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BUERGOFOL GMBH,<br><br>        Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>OMEGA LINER COMPANY, INC.,<br><br>        Defendant and Counterclaim Plaintiff. | 4:22-CV-04112-KES<br><br>ORDER GRANTING ATTORNEYS' FEES |

      The court awarded attorneys' fees to defendant, Omega, in three separate instances. *See* Docket 777 (order granting attorneys' fees for Omega's response to Buergofol's motion seeking remote deposition); Docket 799 (order granting attorneys' fees for Omega's motion to compel); Docket 809 (order granting attorneys' fees for Omega's response to Buergofol's motion seeking reconsideration). As ordered, Omega filed declarations listing the hourly billing rates, number of billed hours, descriptions of service, and total attorneys' fees requested to be paid by plaintiff, Buergofol. *See* Dockets 782 and 782-1 (declaration of Michael Neustel); Dockets 811, 811-1, 811-2, and 811-3 (declarations of Michael Neustel, Michelle Breit, and Monte Bond); Dockets 817, 817-1, and 817-2 (declarations of Michael Neustel and Michelle Breit). The

court must now decide the fees Omega's attorneys are entitled to and how much Omega should be compensated.

I.     **Attorneys' Fees**

There are two methods for determining attorneys' fees: the lodestar method and the percentage of the benefit method. *Galloway v. Kan. City Landsmen, LLC*, 833 F.3d 969, 972 (8th Cir. 2016). Here, Omega uses the lodestar method, which involves multiplying a reasonable hourly rate by the number of hours worked. *See, e.g.*, Docket 782; Docket 811; Docket 817. In determining a "reasonable hourly rate," the court has significant discretion, as it "is in the best position to assess the relative performance of the lawyers in the cases litigated before it." *H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991). Thus, the court is free to "rely on [its] own experience and knowledge of prevailing market rates." *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005).

The reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of comparable skills, experience and reputation. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "The burden is on the moving party to prove that the request for attorneys' fees is reasonable." *Jim Hawk Truck-Trailers of Sioux Falls, Inc. v. Crossroads Trailer Sales & Serv., Inc.*, 2023 WL 1825078, at *1 (D.S.D. Feb. 8, 2023) (quoting *Atmosphere Hosp. Mgmt., LLC. v. Curtullo,* 2015 WL 1097324, at *1 (D.S.D. Mar. 11, 2015)).

### A. Rates
#### 1. Fee Rates for Michael Neustel

Pursuant to the court's orders awarding Omega attorneys' fees, Omega has requested attorneys' fees for work performed by Michael Neustel. *See* Docket 782-1 (requesting rate of $650 for Neustel); Docket 811-1 (requesting rate of $650 for Neustel but recognizing court's rate of $500); Docket 817-1 (requesting rate of $650 for Neustel but recognizing court's rate of $500). Previously in this case, the court decided reasonable fee rates for Neustel. *See* Docket 335 at 7-11 (setting reasonable rates for Neustel at $500 per hour); *see also* Docket 342 at 5-9 (applying reasonable rates for Neustel at $500 per hour).

Omega requests attorneys' fees for Neustel's work on Omega's Opposition to Buergofol's Motion to Relocate Tobias Goth's Deposition, *see* Docket 782-1; his work on Omega's Motion to Compel Buergofol to Produce Anton Hoffmann for Deposition, *see* Docket 811-1; and his work on Omega's Opposition to Buergofol's Motion for Reconsideration, *see* Docket 817-1. Omega requests an hourly rate of $650 for Neustel[1]. Omega's requested rate for Neustel is higher than the rate the court previously granted. Buergofol argues that the court has already determined that a reasonable hourly rate for Neustel is $500 and not

---

[1] Neustel notes that his current billing rate is $725 per hour to clients other than Omega, but that his rate to Omega is $650. *See, e.g.,* Docket 782-1 at 1. But in his later declarations for requested attorney's fees, Omega recognizes the court's allocated rate of $500 for Neustel. *See* Docket 811-1; Docket 817-1.

3

the requested $650. *See* Docket 805 at 4-5. The court will address whether the rates previously set for Neustel will remain the rate the court relies on now.

To do so, the court will briefly discuss Neustel's background. Neustel has an undergraduate degree in electrical and electronics engineering and he acquired his J.D. from the University of South Dakota. *See* Docket 202-1 at 2. Neustel has practiced patent law for over 25 years. *See id.* And, as the court has previously recognized, Neustel is highly specialized in patent law, has participated in dozens of patent cases, and is admitted to practice in the U.S. Patent and Trademark Office. *See id.*; *see also* Docket 335 at 8-9.

There has been no substantial change in Neustel's legal expertise or experience since the court previously decided his rate. *See* Docket 335 at 8-11. Thus, the court finds it appropriate to keep Neustel's rate as it previously had been set—$500 per hour. *See* Docket 335 at 9; Docket 798 at 7. For all the reasons stated above, the court will apply Neustel's previously set rate here.

### 2. Fee Rate for Michelle Breit

Pursuant to the court's orders, Omega requests attorney's fees for Michelle Breit's work on Omega's original and reply briefs in support of its Motion to Compel Buergofol to Produce Anton Hoffmann for Deposition, *see* Dockets 811 and 811-2, and for her work on Omega's Opposition to Buergofol's Motion for Reconsideration, *see* Dockets 817 and 817-2. Omega requests an hourly rate of $600 per hour for Breit but recognizes the court's previously set

rate of $453.[2] *See* Docket 811-2 (requesting rate of $600 but recognizing court's rate of $453); Docket 817-2 (requesting rate of $600 but recognizing court's rate of $453). Buergofol argues that the court has already set Breit's reasonable hourly rate at $453 per hour and should again apply this rate. *See* Docket 842 at 3; Docket 847 at 7.

The court will determine whether the rates previously set for Breit will remain the rate the court relies on now. In the past, when addressing Omega's requests for attorney fees, Breit's rate was placed at $453 per hour because she, unlike Neustel, lacked specialization in patent law and an electrical engineering education.[3] *See* Docket 335 at 10. Further, a rate of $453 matches Omega's other attorney's rates with similar experience to Breit's. *See, e.g.,* Docket 798 at 8-9 (setting Bond's rate at $453 per hour). Thus, the court will apply that same rate for Breit here.

### 3. Fee Rate for Monte Bond

Pursuant to the court's orders, Omega requests attorney's fees for Monte Bond's work on Omega's original and reply briefs in support of its Motion to Compel Buergofol to Produce Anton Hoffmann for Deposition. *See* Dockets 811 and 811-3. Omega requests an hourly rate of $600 for Bond but recognizes that this court has previously set his rate at $453 per hour. *See* Docket 811-3

---

[2] Omega requests Breit's current billing rate of $600 but recognizes the court's allocated rate of $453.

[3] The $453 figure originally comes from the AIPLA survey on billing practices published in 2021. *See* Docket 335 at 8-10. The $453 per hour rate is the average billing rate for an intellectual property lawyer in the central region of the United States. *See* Docket 202-2 at 3.

(requesting rate of $600 but recognizing court's rate of $453). Buergofol argues that Monte's time on this motion is not reasonable because it is duplicative of Neustel's time, and thus his fee rate would be irrelevant. *See* Docket 842 at 6.

The court will determine whether the rates previously set for Bond will remain the rate the court relies on now. Previously, this court held that because Bond, like Breit, has practiced law for over 30 years, *see* Docket 203-1 at 1-4 and Docket 490 at 5-9, and lacks specialization in patent law, *see* Docket 335 at 10, this court ruled that his rate should be lower than Neustel's rate,[4] Docket 798 at 8-9. It is reasonable to continue matching Bond's rate to Omega's other attorney's rates because they share similar legal experience. Thus, his rate will remain at $453 per hour.

### B.  Hours

Courts are charged with excluding from awards of attorneys' fees hours that were not "reasonably expended." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The court is tasked with reviewing the requests for attorneys' fees and deciding whether the hours spent on the various motions were "reasonably expended" by Omega's attorneys. *See* Docket 782-1 (declaration from Neustel listing hours spent working on Omega's Opposition to Buergofol's Motion to Relocate Tobias Goth's Deposition); Dockets 811-1, 811-2, and 811-3 (declarations from Neustel, Breit, and Bond listing hours spent working on the

---

[4] Bond is not admitted to practice in the U.S. Patent and Trademark Office. *See* Docket 490 at 1. This stands in contrast to Neustel who is considered a specialized patent lawyer in part because he is admitted to practice in the U.S. Patent and Trademark Office. *See* Docket 335 at 8; *see also* Docket 202-1 at 2.

original brief and reply brief in support of Omega's Motion to Compel Buergofol to Produce Anton Hoffmann for Deposition); Dockets 817-1 and 817-2 (declarations from Neustel and Breit listing hours spent responding to Buergofol's Motion for Reconsideration).

Omega claims the requested hours spent on its briefing are wholly appropriate given the complexity and novelty of the matters with which it dealt. *See* Docket 824 at 1-2; Docket 857 at 1-3; Docket 856 at 1-2. Buergofol objects to the requested hours in all three requests, arguing Omega spent an unreasonable amount of time on the motion practice and brief writing. *See* Docket 805 at 2-4; Docket 842 at 2-9; Docket 847 at 2-5. The court will decide whether the requested hours are reasonable.

### 1.     Reasonableness of Hours from Docket 615

Neustel prepared Omega's response to Buergofol's Motion to Relocate Tobias Goth's Deposition. Docket 782-1 at 1; *see also* Docket 615 (Omega's opposition brief). He spent 17.10 hours preparing this 21-page responsive brief. *See* Docket 782-1 at 2; Docket 615 at 1-21 (showing the substantive portion of the memorandum is 21 pages).

Omega argues that these hours were reasonable because Buergofol's motion to relocate to a foreign country was not a "run-of-the-mill" motion as evidenced by Buergofol's failure to cite a single South Dakota case on point. *See* Docket 824 at 1. Further, Omega argues that Buergofol mischaracterized Omega's counsel's time entries. *See id.* at 2. Thus, Omega argues that Buergofol's opposition to its fee request provides no legitimate basis to reduce

7

Omega's 17.1 hours to 12 hours. *See id.* at 3. On the other hand, Buergofol, argues the 17.1 hours spent drafting the brief should be reduced because Omega only needed to respond to a "run-of-the-mill" motion to compel. Docket 805 at 3. Buergofol also argues that the "excessive time" claimed by Omega should be reduced because Omega engaged in duplicative review of the motion. *See id.* at 2-4. Buergofol asserts that "the upper limit for a reasonable amount of time to prepare the opposition should be 12 hours" and suggests the court only award fees for 12 hours at $500 per hour. *See id.* at 5-6.

Omega's opposition to Buergofol's Motion to Relocate Tobias Goth's Deposition was a highly complex and work-intensive task for Neustel. *See* Docket 615. In the motion, Neustel extensively described the prejudice a remote deposition would create, and the lack of legitimate reasons for a remote deposition. *See id.* at 3-6, 10-14. Thus, contrary to Buergofol's characterizations, Omega was not dealing with a "run-of-the-mill" motion in drafting its opposition. Additionally, after reviewing the description of services provided by Neustel, the court is not convinced that Neustel engaged in a duplicative review as Buergofol alleges. Thus, the court rejects Buergofol's argument that the 17.1 hours spent by Neustel working on the motion should be reduced to 12 hours.

Recognizing the complexity of the original discovery request and the need for in-depth record review, no reduction in the hours spent in preparation for this response is warranted. *See Rohm & Haas Co. v. Brotech Corp.*, 127 F.3d 1089, 1092 (Fed. Cir. 1997) ("Patent litigation frequently is complex, long, and

8

difficult."). The court finds the 17.1 hours billed by Omega to be a reasonable expenditure of hours for Omega's response to Buergofol's Motion to Relocate Tobias Goth's Deposition. Thus, Neustel will be credited with 17.1 hours for his work on this response.

### 2. Reasonableness of Hours from Docket 657

Neustel, Breit, and Bond worked together to prepare Omega's initial and reply briefs in support of its Motion to Compel Buergofol to Produce Anton Hoffman for Deposition. *See* Docket 811 at 1; Docket 811-1 at 1; Docket 811-2 at 1; Docket 811-3 at 1. Neustel expended 10.9 hours preparing Omega's initial brief and 4.2 hours on the reply brief. *See* Docket 811-1 at 2. In total, Neustel spent 15.1 hours on the motion. *Id.* at 3. Breit billed a total of 34.7 hours on the brief and reply. *See* Docket 811-2 at 3 (showing Breit billed 12.3 hours on the initial brief and 22.4 hours on the reply). Bond spent 5.4 hours in preparation of Omega's reply brief. *See* Docket 811-3 at 2.

In total, Omega's attorneys billed 55.2 hours for their work related to the 39 pages of total briefing. *See* Docket 657 at 1-12 (showing the substantive portion of the memorandum is 12 pages long); Docket 709 at 1-27 (showing the substantive portion of the memorandum is 27 pages). Broken down, Omega spent 23.2 hours on the first brief and 32 hours on the reply brief.

Omega argues that the time spent preparing its briefing in support of its Motion to Compel Anton Hoffman for Deposition was reasonable given the motion's unique and complex issue "where a plaintiff in a patent infringement case refuses to produce its IT manager (Anton Hoffmann) while simultaneously

9

withholding any information regarding its ESI sources." *See* Docket 857 at 4. Further, Omega argues the hours were reasonable because it had to carefully review the record to address misstatements made by Buergofol. *See id.* Buergofol, however, argues the requested fees on this motion are unreasonable because Omega's counsel misrepresented facts. *See* Docket 842 at 9-10. Further, Buergofol argues that the attorney's fees are unreasonable because multiple attorneys worked on the opening and reply briefs, thereby performing "the same work in an attempt to increase the attorney fees awarded by this [c]ourt." *See id.* at 2. Thus, Buergofol argues this time was excessive and duplicative and should be reduced to a total of 30.8 hours. *See id.* at 11 (Buergofol's proposed hours reduces Neustel's and Breit's hours and eliminates Bond's hours to achieve this number).

Omega's motion to compel was a highly complex and work-intensive task for Neustel, Breit, and Bond. To prepare these briefs, Neustel, Breit, and Bond engaged in extensive review of the detailed factual record to address Buergofol's "numerous misstatements of the facts and the law." *See* Docket 857 at 4 (emphasis omitted). This also included extensive legal research and the "focused attention of Omega's experienced counsel to ensure the motion was presented correctly to the [c]ourt," because Omega's defenses and counterclaims rely on the testimony of Anton Hoffmann. *See id.* at 4-5. Thus, contrary to Buergofol's characterizations, Omega was not dealing with a simple "run-of-the-mill" motion to compel but rather it was an essential motion so Omega could obtain discovery necessary for its defenses and counterclaims.

Additionally, Omega's briefing had to address misleading statements made by Buergofol. Thus, the court rejects Buergofol's argument that the 55.2 hours spent by Omega's attorneys working on their motion should be reduced to 30.8 hours.

The court finds the 55.2 hours billed by Omega were a reasonable expenditure of hours for a motion to compel. Recognizing the complexity of the original discovery request and the need for in-depth record review, no reduction in the hours spent in preparation for the briefs is warranted. *See Rohm & Haas Co.*, 127 F.3d at 1092 (Fed. Cir. 1997) ("Patent litigation frequently is complex, long, and difficult."). For the work on the initial and reply briefs, Neustel will be credited with 15.1 hours, Breit with 34.7 hours, and Bond with 5.4 hours. In total, the court credits Omega's attorneys with 55.2 hours of work associated with this motion to compel.

### 3. Reasonableness of Hours from Docket 727

Neustel and Breit worked together to prepare Omega's response to Buergofol's Motion for Reconsideration. *See* Docket 817. Breit was primarily involved with the preparation of this response, spending 26.1 hours to do so. *See* Docket 817-2 at 2. Neustel reviewed and communicated with Breit about the response, expending 3.0 hours on it. *See* Docket 817-1 at 2. This equates to a total of 29.1 hours spent on this response.

Omega justifies the expended hours based on the sheer complexity and scope of Buergofol's motion. *See* Docket 856 at 1. Omega argues that it was forced to not only rebut Buergofol's flawed arguments for reconsideration, but

it also had to correct Buergofol's repeated mischaracterization of the court's order, which required time-intensive engagement with the procedural record. *See id.* Buergofol considers the 29.1 hours excessive because of Omega's prior work with responses to reconsiderations in this case, the uncomplicated nature of the issues, and because the requested attorney fees did not have detailed accounting. *See* Docket 847 at 4-6. Thus, Buergofol asserts that Omega should only receive fees for 16.5 hours. *See id.* at 7.

As the 29 pages of Omega's response indicate, Omega faced a highly complex and work-intensive task to respond to the motion for reconsideration. *See* Docket 727 at 1-29 (showing 29 pages of substantive argument). To prepare the brief, Neustel and Breit had to review the detailed factual record and address several of Buergofol's concerns related to discovery procedures. *See id.* at 5-24. Thus, contrary to Buergofol's characterizations, Omega was not dealing with an uncomplicated response that it "could simply repeat the winning arguments it had presented in its initial opposition . . . and surreply . . . without the need for additional extensive research," *see* Docket 847 at 4-5, but rather, required a highly time-intensive engagement with the facts and procedure of this case. Thus, the court rejects Buergofol's argument that the 29.1 hours spent by Omega's attorneys working on its opposition brief should be reduced to 16.5 hours. For the work on this response, Neustel will be credited with 3 hours and Breit will be credited with 26.1 hours. In total, the court credits Omega's attorneys with 29.1 hours of work associated with this response.

## CONCLUSION

Based on the foregoing, it is

ORDERED that pursuant to the court's award of attorneys' fees (Docket 777), Neustel's rate is set at $500 for 17.1 hours. Multiplying this rate by the hours worked amounts to an award of $8,550.00 for Neustel. The requested sales tax at a rate of 6.2% amounts to $530.10. Thus, Omega is awarded a judgment in its favor in the total amount of $9,080.10 for attorneys' fees connected with work on Omega's Response in Opposition to Buergofol's Motion to Relocate Tobias Goth's Deposition (Docket 615). It is

FURTHER ORDERD that pursuant to the court's award of attorneys' fees (Docket 799), Neustel's rate is set at $500 for 15.1 hours, Breit's rate is set at $453 for 34.7 hours, and Bond's rate is set at $453 for 5.4 hours. Multiplying the rate by the hours amounts to an award of $7,550.00 for Neustel, $15,719.10 for Breit, and $2,446.20 for Bond. The requested sales tax at a rate of 6.2% amounts to $468.10 for Neustel, $974.58 for Breit, and $151.66 for Bond. Thus, Omega is awarded a judgment in its favor in the total amount of $27,309.64 for attorneys' fees connected with work on Omega's Motion to Compel (Dockets 656, 657) and its reply brief (Docket 709). It is

FURTHER ORDERD that pursuant to the court's award of attorneys' fees (Docket 809), Neustel's rate is set at $500 for 3.0 hours and Breit's rate is set at $453 for 26.1 hours. Multiplying the rate by the hours amounts to $1,500 for Neustel and $11,823.30 for Breit. The requested sales tax at a rate of 6.2% amounts to an award of $93.00 for Neustel and $733.04 for Breit. Thus,

Omega is awarded a judgment in its favor in the total amount of $14,149.34 for attorneys' fees connected with work on Omega's Response in Opposition to Buergofol's Motion for Reconsideration (Docket 727).

Dated January 5, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE
