UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BUERGOFOL GMBH,<br><br>                Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>OMEGA LINER COMPANY, INC.,<br><br>                Defendant and Counterclaim Plaintiff. | 4:22-CV-04112-KES<br><br><br>ORDER GRANTING ATTORNEYS' FEES |

      The court awarded attorneys' fees to defendant, Omega. *See* Docket 828 (order granting attorneys' fees for Omega's motion and briefs in support of sanctions against Buergofol for failure to comply with the court's order denying Buergofol's motion to retain confidentiality). As ordered, Omega filed declarations listing the hourly billing rates, number of billed hours, descriptions of service, and total attorneys' fees requested to be paid by plaintiff, Buergofol. *See* Dockets 861, 861-1, 861-2, and 861-3 (declarations of Michael Neustel, Michelle Breit, and Lisa M. Prostrollo). The court must now decide the fees Omega's attorneys are entitled to and how much Omega should be compensated.

I.  **Attorneys' Fees**

There are two methods for determining attorneys' fees: the lodestar method and the percentage of the benefit method. *Galloway v. Kan. City Landsmen, LLC*, 833 F.3d 969, 972 (8th Cir. 2016). Here, Omega uses the lodestar method, which involves multiplying a reasonable hourly rate by the number of hours worked. *See, e.g.*, Docket 861. In determining a "reasonable hourly rate," the court has significant discretion, as it "is in the best position to assess the relative performance of the lawyers in the cases litigated before it." *H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991). Thus, the court is free to "rely on [its] own experience and knowledge of prevailing market rates." *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005).

The reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of comparable skills, experience and reputation. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "The burden is on the moving party to prove that the request for attorneys' fees is reasonable." *Jim Hawk Truck-Trailers of Sioux Falls, Inc. v. Crossroads Trailer Sales & Serv., Inc.*, 2023 WL 1825078, at *1 (D.S.D. Feb. 8, 2023) (quoting *Atmosphere Hosp. Mgmt., LLC. v. Curtullo*, 2015 WL 1097324, at *1 (D.S.D. Mar. 11, 2015)).

A.  **Rates**
1.  **Fee Rates for Michael Neustel**

Pursuant to the court's orders awarding Omega attorneys' fees, Omega has requested attorneys' fees for work performed by Michael Neustel. *See* Docket 861-1. Omega requests attorneys' fees for Neustel's work on the motion

and briefs in support of sanctions against Buergofol for failure to comply with this court's order denying Buergofol's motion to retain confidentiality. *Id.* at 1. Omega notes that Neustel's actual hourly rate to Omega is $650 but recognizes the court's previously set rate of $500. *Id.*

As previously outlined in the court's orders, Neustel is highly specialized in patent law, has participated in dozens of patent cases, and is admitted to practice in the U.S. Patent and Trademark Office. *See* Docket 202-1 at 2; Docket 335 at 8-9. Because there has been no substantial change in Neustel's legal expertise or experience since the court previously decided his rate, the court finds it appropriate to keep Neustel's rate as it previously had been set—$500 per hour. *See* Docket 335 at 9; Docket 798 at 6-7. For all the reasons stated above, the court will apply Neustel's previously set rate here.

        **2.**    **Fee Rate for Michelle Breit**

Pursuant to the court's orders awarding Omega attorneys' fees, Omega has requested attorneys' fees for work performed by Michelle Breit. *See* Docket 861-2. Omega requests attorneys' fees for Breit's work on the motion and briefs in support of sanctions against Buergofol's failure to comply with this court's order denying Buergofol's motion to retain confidentiality. *Id.* at 1. Omega notes Breit's actual hourly rate of $600 but recognizes the court's previously set rate of $453. *Id.*

The court set Breit's rate at $453 because she lacked specialization in patent law and in an electrical engineering education, and because this rate matches Omega's other attorney's rates with similar experience to Breit's. *See,*

3

*e.g.,* Docket 798 at 8-9 (setting Monte Bond's rate at $453 per hour). There have been no substantial changes in Breit's legal experience or expertise, thus the court finds it appropriate to apply Breit's previously set rate here.

### 3. Fee Rate for Lisa Prostrollo

Pursuant to the court's orders awarding Omega attorneys' fees, Omega has requested attorneys' fees for work performed by Lisa Prostrollo. *See* Docket 861-3. Omega requests attorneys' fees for Prostrollo's work on the motion and briefs in support of sanctions against Buergofol's for failure to comply with this court's order denying Buergofol's motion to retain confidentiality. *Id.* at 2. Omega requests a rate of $350 an hour for Prostrollo's work, *id.* at 2-3, and supports that rate with two sworn declarations of reasonableness from licensed attorneys who also practice in commercial litigation, Docket 861-4 at 2; Docket 861-5 at 2. Buergofol argues that Prostrollo's rate on this motion is not reasonable because she lacks experience in handling any type of intellectual property disputes. Docket 884 at 6-7. Buergofol argues that Prostrollo's rate should be set at $250, the same rate as Meghann Joyce—another one of Omega's attorneys—due to similar experience and similar lack of expertise in intellectual property disputes. *Id.* at 7.

The court will determine the rate set for Prostrollo. Previously, this court set Omega attorney Meghann Joyce's rate at $250 because she justified her rate by "offer[ing] only what [she] herself customarily charges" instead of providing evidence that her rate was comparable to other similarly experienced lawyers in the area. Docket 335 at 10. Contrary to Ms. Joyce, Prostrollo has

4

provided sworn declarations from Pamela Reiter and Brendan Johnson who attest that her requested rate is reasonable and in accordance with the prevailing rates for someone with Prostrollo's experience in litigating complex federal cases. *See* Docket 906 at 6-7; Docket 861-4 at 2; Docket 861-5 at 2. Additionally, as Omega noted in its reply brief, Prostrollo has litigated multiple intellectual property disputes. Docket 906 at 9-10. Therefore, Buergofol's argument that Prostrollo has not handled any type of intellectual property disputes is not true. Because Prostrollo has experience in litigating complex intellectual property disputes, and she has provided evidence that her rate is reasonable in the area, the court will set Prostrollo's rate at $350 per hour.

### B. Hours

Courts are charged with excluding from awards of attorneys' fees hours that were not "reasonably expended." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The court is tasked with reviewing the requests for attorneys' fees and deciding whether the hours spent on the various motions were "reasonably expended" by Omega's attorneys.

Neustel, Breit, and Prostrollo worked together to prepare Omega's initial motion and briefs in support of its motion for sanctions against Buergofol for failure to comply with this court's order denying Buergofol's motion to retain confidentiality. *See generally* Docket 762; Docket 783; Docket 861-1; Docket 861-2; Docket 861-3. Neustel expended 4.0 hours, Docket 861-1 at 2, Breit billed a total of 5.6 hours, Docket, 861-2 at 2, and Prostrollo billed 1.3 hours,

Docket 461-3 at 2, on the motion and briefs, bringing the total hours spent to 10.9 hours.[1]

Omega argues the time spent preparing its briefs was reasonable in order to both correct Buergofol's mischaracterization of this court's ruling and ensure Buergofol's noncompliance was properly presented. Docket 906 at 4. Omega's attorneys argue the complexity of this litigation and their professional obligations required legal research for this motion and necessitated coordination efforts among counsel to ensure consistency in filings. *Id.* at 4-5. Omega argues the time spent on these briefs indicates efficiency and is proportionate to the work done. *Id.*

Buergofol, however, argues the requested fees on this motion are unreasonable, arguing Omega has already handled similar motions, so the time spent on the briefs is excessive. Docket 884 at 2. Buergofol argues .57 hours per page is reasonable for a motion to compel, citing Eighth Circuit precedent where the court found that 12 hours spent on a 21-page motion to compel was reasonable. *Id.* at 3. Thus, Buergofol argues that to determine a reasonable fee, the court should multiply the pages of the brief by .57 and then pro rata those total hours to each attorney based on their declaration. *Id.* at 4. Therefore, Buergofol argues that this court should only order fees for 4.0 hours in the initial motion (roughly .9 hours for Neustel, 2.9 hours for Breit, and .2 hours

---

[1] Omega indicates Neustel spent 3.0 hours on the motion and reply brief, which would change the total number of hours to 9.9; however, in the chart for Neustel's hours, there appears to be a miscalculation, and his total hours should have been 4 not 3.

for Prostrollo), and award 1.2 hours for the reply brief (roughly 1.0 hour for Neustel and .2 hours for Prostrollo). *Id.* Omega counters that Buergofol's "arithmetic approach to evaluating fee requests . . . reduces the reasonableness inquiry under Rule 37(b) to a formulaic page-count ratio." Docket 906 at 3. Omega's attorneys argue this type of approach incentivizes length over quality, and maintain the time expended on their briefs was appropriate given the dense procedural history in this case, the overlapping orders, and their need to correct Buergofol's mischaracterization of this court's ruling. *Id.* at 3-4.

Omega faced a highly complex and work-intensive task to prepare the initial motion and briefs. To prepare the briefs, the attorneys had to "assess a distinct instance of noncompliance, analyze a new factual record, and ensure that the relief sought was tailored to the specific misconduct at issue." *Id.* at 4. Omega also had to address and correct Buergofol's mischaracterizations of the court's rulings. *Id.* To do this required efficient review and coordination on Omega's attorney's behalf. Thus, contrary to Buergofol's characterizations, Omega was not dealing with an uncomplicated response where it could use prior templates without new research, *see* Docket 884 at 5, but rather, required a highly time-intensive engagement with the facts, procedure, and other attorneys on this case. Thus, the court rejects Buergofol's argument that the 10.9 hours spent by Omega's attorneys should be reduced to 5.2 hours. For the work on these briefs, Neustel will be credited with 4.0 hours, Breit will be credited with 5.6 hours, and Prostrollo will be credited with 1.3 hours. In

total, the court credits Omega with 10.9 hours of work associated with these briefs.

## CONCLUSION

Based on the foregoing, it is

ORDERED that pursuant to the court's award of attorneys' fees (Docket 828), Neustel's rate is set at $500 for 4.0 hours. Multiplying this rate by the hours worked amounts to an award of $2,000.00 for Neustel. The requested sales tax at a rate of 6.2% amounts to $124.00. Breit's rate is set at $453 for 5.6 hours. Multiplying this rate by the hours worked amounts to an award of $2,536.80. The requested sales tax at a rate of 6.2% amounts to $157.28. Prostrollo's rate is set at $350 for 1.3 hours. Multiplying this rate by the hours worked amounts to an award of $455.00. The requested sales tax at a rate of 6.2% amounts to $28.21. Thus, Omega is awarded a judgment in its favor in the total amount of $5,301.29 for attorneys' fees connected with work on their briefs in support of their motion for sanctions against Buergofol for failure to comply with this court's order denying Buergofol's motion to retain confidentiality (Docket 762 and Docket 783).

Dated March 3, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE