UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BUERGOFOL GMBH,<br><br>Plaintiff,<br><br>vs.<br><br>OMEGA LINER COMPANY, INC.,<br><br>Defendant. | 4:22-CV-04112-KES<br><br>ORDER GRANTING MOTION TO STAY |

**BACKGROUND**

On July 29, 2026, this court entered its order granting defendant, Omega Liner Company, Inc.'s, motion to dismiss, granting in part and denying in part plaintiff, Buergofol GmbH's, motion to amend/correct ESI order, and denying Buergofol's motion to stop Omega from obstructing implementation of the ESI order (July 29 Order). Docket 1029. On August 12, 2026, Omega moved to stay all further discovery, motion practice, deadlines, and other proceedings concerning its counterclaims pending resolution of its forthcoming motion to dismiss those counterclaims. Docket 1031. Buergofol opposes the motion to stay. Docket 1060. Omega thereafter moved to dismiss its counterclaims on August 17, 2026. Docket 1038.

Since that time, Buergofol has filed four motions to vacate parts of the court's July 29 Order (Docket 1040; Docket 1043; Docket 1045; Docket 1050) and three motions for reconsideration on parts of that order (Docket 1047;

Docket 1052; Docket 1057). Thirteen prior motions also remain pending. *See* Docket 660; Docket 787; Docket 790; Docket 792; Docket 800; Docket 812; Docket 838; Docket 843; Docket 961; Docket 965; Docket 997; Docket 1034; Docket 1055.

**DISCUSSION**

This court has "the inherent power to stay the proceedings of an action, so as to control [its] docket, to conserve judicial resources, and to provide for the just determination of cases which pend before [it]." *Intell. Ventures II LLC v. U.S. Bancorp*, 2014 WL 5369386, at *3 (D. Minn. Aug. 7, 2014) (quoting *Kemp v. Tyson Seafood Group, Inc.*, 19 F. Supp. 2d 961, 964 (D. Minn. 1998)); *see also Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006) ("A district court has broad discretion to stay proceedings when appropriate to control its docket[.]"); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

The court also "has inherent authority to stay discovery." *Ngam v. Kludt*, 24-CV-01025, 2026 WL 1985389, at *1 (D.S.D. July 9, 2026). "[A] stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.' " *Boyd v. Deadwood Tobacco Co.*, 24-CV-05017, 2024 WL 5167746, at *1 (D.S.D. Dec. 19, 2024) (citation omitted).

The United States Supreme Court has stated that the decision whether to grant a stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. In determining whether to issue a stay, district courts generally weigh the following factors: "(1) the interests of judicial economy; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1053 (E.D. Wis. 2001); *see also Rahman v. Boateng*, 2026 WL 1234843, at *2 (D. Md. May 6, 2026); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

Omega argues that the motion to stay should be granted so that neither the parties nor the court will be required to expend resources on Omega's counterclaims, all of which it has now moved to dismiss. Docket 1032 at 4. Omega contends that, absent a stay, the parties and the court "will continue expending resources on discovery disputes that may become entirely unnecessary if Omega's . . . motion to dismiss is granted." *Id.* at 10. Additionally, Omega argues that Buergofol would not be prejudiced by a stay because such a stay would be brief. *Id.* at 16.

Buergofol argues that Omega's motion to stay should be denied because such a stay would be prejudicial. Docket 1060 at 13. Specifically, Buergofol contends a stay would prevent it from developing evidence to prove facts and defenses related to issues remaining in the case, evidence that the July 29 Order is erroneous, evidence of Omega's litigation misconduct, and evidence of the court's disparate treatment of the parties. *Id.* at 4-7.

Regarding judicial economy, the court finds that a stay of all proceedings and discovery is necessary to control the docket, conserve judicial resources, and provide for the just determination of this matter. Because the court's determination as to Buergofol's four motions to vacate (Docket 1040; Docket 1043; Docket 1045; Docket 1050), Buergofol's three motions for reconsideration (Docket 1047; Docket 1052; Docket 1057), and Omega's motion to dismiss its counterclaims (Docket 1038) is potentially dispositive to this matter, any further proceedings related to Buergofol's claims or Omega's counterclaims could potentially be unnecessary.

The court also finds that Omega would likely experience hardship and inequity absent a stay. Throughout this litigation, as the court stated in its July 29 Order, Buergofol has "disobey[ed] court orders, failed to comply with discovery obligations, and delayed production of relevant information." Docket 1029 at 187. Thus, Omega will likely experience the same kind of hardship and inequity if a stay is not granted.

Additionally, the court finds that a brief stay pending its decision on Buergofol's motions to vacate and motions for reconsideration will not prejudice Buergofol. Because the court has already dismissed Buergofol's claims, Buergofol need not continue to litigate or conduct discovery on those claims and defenses tied to those claims. Similarly, Buergofol need not continue to litigate or conduct discovery on Omega's counterclaims because Omega has moved to dismiss those counterclaims. And although Buergofol claims discovery is necessary for it to develop evidence related to the case, Docket 1060 at 4-7, a

brief stay will not preclude Buergofol from conducting such discovery at a later date, if necessary.

The court in its discretion finds that a stay of all proceedings and discovery is appropriate until the court has had an opportunity to rule on Buergofol's motions to vacate (Docket 1040; Docket 1043; Docket 1045; Docket 1050) and motions for reconsideration (Docket 1047; Docket 1052; Docket 1057).

Thus, it is

ORDERED that Omega's motion to stay further proceedings (Docket 1031) is granted. All discovery, motion practice, deadlines, and other proceedings are stayed in this matter until the court rules on Buergofol's motions to vacate (Docket 1040; Docket 1043; Docket 1045; Docket 1050) and motions for reconsideration (Docket 1047; Docket 1052; Docket 1057). This order does not apply to Omega's responses to Buergofol's motions to vacate (Docket 1040; Docket 1043; Docket 1045; Docket 1050) or Omega's responses to Buergofol's motions for reconsideration (Docket 1047; Docket 1052; Docket 1057).

Dated September 8, 2026

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE