UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BUERGOFOL GMBH,<br><br>Plaintiff,<br><br>vs.<br><br>OMEGA LINER COMPANY, INC.,<br><br>Defendant. | 4:22-CV-04112-KES<br><br>ORDER DENYING MOTION TO RESCIND |

On November 2, 2026, this court entered its order to show cause. Docket 1101. Buergofol now moves the court to rescind the order, claiming it is "legally insufficient under Rule 11(c)(3) and *In re Sanford Law Firm*." Docket 1106.

Buergofol first claims that the order to show cause does not put it or its counsel, Darien Wallace, on notice of "any specific signed and filed 'pleading, written motion, or other paper' identified, where the attorney signature is stated by the district court to be a violation by attorney Wallace of a signature certification under Rule 11." Docket 1107 at 4. But the court is not required to point to a specific signature. Rule 11(b) applies to "a pleading, written motion, or other paper" that is presented to the court "*whether by signing, filing, submitting, or later advocating it*." Fed. R. Civ. P. 11(b) (emphasis added).

Buergofol also argues the order to show cause is insufficient because it does not provide clear notice of the form or severity of the sanction to be

imposed on Wallace. Docket 1107 at 6. But a court is only required to provide notice of the form or severity of a sanction "[b]efore imposing the 'most severe sanctions[.]' " *Sec. Nat'l Bank of Sioux City v. Jones Day*, 800 F.3d 936, 944 (8th Cir. 2015); *see also In re Sanford Law Firm*, 106 F.4th 706, 717-19 (8th Cir. 2024) (collecting cases involving the most severe sanctions). The court is not required to provide that notice in this case.

Due process in this case merely requires the court to "enter an order describing the *specific conduct* that appears to violate Rule 11(b)[] and direct the attorney to show cause why he has not violated the rule." *In re Sanford Law Firm*, 106 F.4th at 716 (citation omitted). And the order to show cause, which incorporates the court's order granting Omega's motion to dismiss, granting in part and denying in part Buergofol's motion to amend/correct ESI order, and denying Buergofol's motion to stop Omega from obstructing implementation of the ESI order (Docket 1029), properly identifies the papers and conduct that appear to violate Rule 11. Docket 1101. Thus, it is

ORDERED that the motion (Docket 1106) is denied.

DATED November 12, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE